_____ FILED        _____ ENTERED
_____ LODGED       _____ RECEIVED

MAR 27 2007    DB

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

07-CV-00453-CMP

UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STACEY HELLER, TOINETTE ROBINSON,
DAVID RAPP, and CECILY AND
TERRENCE MITCHELL, individually and on
behalf of all others similarly situated,

                    Plaintiff,

     v.

MENU FOODS, a foreign corporation,

                   Defendant.

No. **CV 07 - 0453** JCC

CLASS ACTION COMPLAINT

Plaintiffs Stacey Heller, Toinette Robinson, David Rapp, and Cecily and Terrence
Mitchell ("Plaintiffs"), by and through their undersigned attorneys, bring this civil action for
damages on behalf of themselves and all others similarly situated against the above-named
Defendant and complain and allege as follows:

## I.    NATURE OF ACTION

1.    Plaintiffs bring this action as a Class Action under Rule 23 of the Federal Rules of
Civil Procedure on behalf of all persons who purchased any dog or cat food that was produced
by defendant Menu Foods and/or has had a dog or cat become ill or die as a result of eating the
food.

2.    The Defendant is a producer of, *inter alia*, dog and cat food. Menu Foods
produces dog and cat food sold under familiar brand names such as Iams, Eukanuba and Science

CLASS ACTION COMPLAINT - 1
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 161195 V1

Dockets.Justia.com

1 | Diet. Menu Foods distributes its dog and cat food throughout the United States to retailers such

2 | as Wal-Mart, Kroger and Safeway.

3 |     3.    Dog and cat food that the Defendant produced caused an unknown number of

4 | dogs and cats to become ill, and many of them to die.

5 |     4.    To date, Menu Foods has recalled 50 brands of dog food and 40 brands of cat

6 | food that have sickened and killed dogs and cats. All recalled food to date is of the "cuts and

7 | gravy wet" style.

8 |     5.    As a result of the Defendant's actions, Plaintiffs and other Class members have

9 | suffered economic damage.

10 | **II.    PARTIES**

11 |     6.    Plaintiff Stacey Heller has at all material times been a resident of Pulaski,

12 | Virginia. Ms. Heller had a pet that became sick and died after eating Defendant's pet food.

13 |     7.    Plaintiff Toinette Robinson has at all material times been a resident of Truckee,

14 | California. Ms. Robinson had a pet that became sick and died after eating Defendant's pet food.

15 |     8.    Plaintiff David Rapp has at all material times been a resident of Hannover

16 | Township, Pennsylvania. Mr. Rapp had a pet that became sick and died after eating Defendant's

17 | pet food.

18 |     9.    Plaintiffs Cecily and Terrence Mitchell have at all material times been a resident

19 | of Seattle, Washington. The Mitchells had a pet that became sick and died after eating

20 | Defendant's pet food.

21 |     10.    Defendant Menu Foods is, upon information and belief, a corporation organized

22 | under the laws of Canada that transacts business in Washington State.

23 | **III.    JURISDICTION AND VENUE**

24 |     11.    Subject-matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because the

25 | Plaintiffs and Defendant are citizens of different states and the amount in controversy exceeds

26 |

CLASS ACTION COMPLAINT - 2
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958 11 161395 V1

1    $75,000.00. This Court has supplemental jurisdiction over the state-law claims under 28 U.S.C.
2    § 1367.

3        12.    Venue is proper in this judicial district under 28 U.S.C. § 1391(a) because the
4    Defendant systematically and continuously sold its product within this district and Defendant
5    transacts business within this district.

6                    **IV.    CLASS ACTION ALLEGATION**

7        13.    Plaintiffs bring this suit as a class action under Rules 23(a), (b)(1), (b)(2) and
8    (b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and a Plaintiff Class (the
9    "Class") composed of all persons who purchased any dog or cat food that was produced by the
10   Defendant and/or has had a dog or cat become ill or die as a result of eating the food. Plaintiffs
11   reserve the right to modify this class definition before moving for class certification.

12       14.    The Class is ascertainable and there is a well-defined community of interest
13   among the members of the Class.

14       15.    Membership in the Class is so numerous as to make it impractical to bring all
15   Class members before the Court. The identity and exact number of Class members is unknown
16   but is estimated to be at least in the hundreds, if not thousands considering the fact that Menu
17   Foods has identified 50 dog foods and 40 cat foods that may be causing harm to pets.

18       16.    Plaintiffs' claims are typical of those of other Class members, all of whom have
19   suffered harm due to Defendant's uniform course of conduct.

20       17.    Plaintiffs are members of the Class.

21       18.    There are numerous and substantial questions of law and fact common to all of
22   the members of the Class that control this litigation and predominate over any questions affecting
23   only individual members of the Class. The common issues include, but are not limited to, the
24   following:

25           (a)    Was the Defendant's dog and cat food materially defective, and unfit for
26   use as dog or cat food?

CLASS ACTION COMPLAINT - 3
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

(001958-11  161395 V1

1    (b)    Whether Defendant breached any contract, implied contract or warranties

2  related to the sale of the dog and cat food?

3    (c)    Did the Defendant's dog and cat food cause Plaintiffs' and other Class

4  members' pets to become ill?

5    (d)    Were Plaintiffs and other Class members damaged, and, if so, what is the

6  proper measure thereof?

7    (e)    The appropriate form of injunctive, declaratory and other relief.

8    19.    The prosecution of separate actions by members of the Class would create a risk

9  of establishing incompatible standards of conduct for the Defendant – for example, one court

10  might decide that the Defendant is obligated under the law to pay damages to Class members,

11  and another might decide that the Defendant is not so obligated. Individual actions may, as a

12  practical matter, be dispositive of the interests of the Class.

13    20.    Plaintiffs will fairly and adequately protect the interests of the Class in that they

14  have no interests that are antagonistic to other members of the Class and have retained counsel

15  competent in the prosecution of class actions to represent themselves and the Class.

16    21.    A class action is superior to other available methods for the fair and efficient

17  adjudication of this controversy. Given (i) the substantive complexity of this litigation; (ii) the

18  size of individual Class members' claims; and (iii) the limited resources of the Class members,

19  few, if any, Class members could afford to seek legal redress individually for the wrongs

20  Defendant has committed against them.

21    22.    Without a class action, the Class will continue to suffer damage, Defendant's

22  violations of the law or laws will continue without remedy, and Defendant will continue to enjoy

23  the fruits and proceeds of its unlawful misconduct.

24    23.    This action will foster an orderly and expeditious administration of Class claims,

25  economies of time, effort and expense, and uniformity of decision.

26

CLASS ACTION COMPLAINT - 4
Case No.



001958-11 161395 V1

1    24.    Inferences and presumptions of materiality and reliance are available to obtain

2    class-wide determinations of those elements within the Class claims, as are accepted

3    methodologies for class-wide proof of damages; alternatively, upon adjudication of Defendant's

4    common liability, the Court can efficiently determine the claims of the individual Class

5    members.

6    25.    This action presents no difficulty that would impede the Court's management of it

7    as a class action, and a class action is the best (if not the only) available means by which

8    members of the Class can seek legal redress for the harm caused them by Defendant.

9    26.    In the absence of a class action, Defendant would be unjustly enriched because it

10    would be able to retain the benefits and fruits of its wrongful conduct.

11    27.    The Claims in this case are also properly certifiable under applicable law.

12    ## V.    STATEMENT OF FACTS

13    28.    Plaintiff Stacey Heller was the owner of a female cat named Callie.

14    29.    Ms. Heller purchased Special Kitty wet cat food from Wal-Mart for Callie to

15    consume.

16    30.    Callie ate the Special Kitty brand wet-style cat food for several years before her

17    death.

18    31.    Callie became extremely ill during the week of March 12, 2007. On March 14,

19    2007, Ms. Heller took Callie to a veterinarian, who informed her that Callie had suffered kidney

20    failure, also known as acute renal failure. On March 19, 2007, Callie had to be euthanized.

21    32.    Plaintiff Toinette Robinson was the owner of a female dog named Lhotse.

22    33.    Ms. Robinson purchased Priority U.S. brand wet dog food from Safeway for

23    Lhotse to consume.

24    34.    Lhotse ate the Priority U.S. brand wet dog food before her death.

25

26

CLASS ACTION COMPLAINT - 5
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623 0594

081958-11  161395 V1

1       35.    Lhotse became extremely ill during the end of January 2007. On February 1,

2   2007, Ms. Robinson took Lhotse to a veterinarian, who informed her that Lhotse had suffered

3   kidney failure. On February 15, 2007, Lhotse had to be euthanized.

4       36.    Plaintiff David Rapp was the owner of a male dog named Buck.

5       37.    Mr. Rapp purchased Weiss Total Pet wet-style dog food for Buck to consume.

6       38.    Buck became extremely ill in early February 2007. On February 10, 2007, Mr.

7   Rapp took Buck to a veterinarian, who informed him that Buck had suffered kidney failure.

8   Buck died soon afterwards.

9       39.    Plaintiffs Cecily and Terrence Mitchell were the owners of a male cat named

10  Yoda.

11      40.    The Mitchells purchased Iams wet cat food from QFC for Yoda to consume.

12      41.    Yoda became extremely ill and died after eating Iams wet pouches.

13      42.    In March 2007, Menu Foods recalled 50 brands of cuts and gravy wet-style dog

14  food and 40 brands of cuts and gravy wet-style cat food that had caused dogs and pets to become

15  ill. One common symptom in the sick animals was kidney failure.

16      43.    The Special Kitty wet cat food from Wal-Mart that Callie consumed for several

17  years before her death is one of the brands that Menu Foods recalled.

18      44.    The Priority U.S. brand wet dog food from Safeway that Lhotse consumed before

19  her death is also one of the brands that Menu Foods recalled.

20      45.    The Weiss Total Pet wet-style dog food that Buck consumed before his death is

21  another of the brands that Menu Foods recalled.

22      46.    The Iams wet cat food from QFC that Yoda consumed years before his death is

23  also one of the brands that Menu Foods recalled.

24      47.    As a result of Defendant's acts and omissions Plaintiffs and other Class members

25  have suffered economic damage.

26

CLASS ACTION COMPLAINT - 6
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, SUITE 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1                                **VI.    BREACH OF CONTRACT**

2           48.    Plaintiffs reallege all prior allegations as though fully stated herein.

3           49.    Plaintiffs and Class members purchased pet food produced by the Defendant

4    based on the understanding that the food was safe for their pets to consume.

5           50.    The pet food produced by the Defendant was not safe for pets to consume and

6    caused dogs and cats to become ill.  The unsafe nature of the pet food constituted a breach of

7    contract.

8           51.    As a result of the breach Plaintiffs and Class members suffered damages that may

9    fairly and reasonably be considered as arising naturally from the breach or may reasonably be

10   supposed to have been in the contemplation of the parties, at the time they made the contract, as

11   the probable result of the breach of it.

12                                **VII.    UNJUST ENRICHMENT**

13          52.    Plaintiffs reallege all prior allegations as though fully stated herein.

14          53.    Defendant was and continues to be unjustly enriched at the expense of Plaintiffs

15   and other Class members.

16          54.    Defendant should be required to disgorge this unjust enrichment.

17   **VIII.   UNLAWFUL, DECEPTIVE AND UNFAIR BUSINESS PRACTICES**

18          55.    Plaintiffs reallege all prior allegations as though fully stated herein.

19          56.    Defendant's sale of tainted pet food constitutes an unlawful, deceptive and unfair

20   business act within the meaning of the Washington Consumer Protection Act, RCW 19.86 *et*

21   *seq.*, and similar statutory enactments of other states (including consumer protection and

22   consumer sales practice acts).

23          57.    Defendant's sale of hazardous pet food has the capacity to deceive a substantial

24   portion of the public and to affect the public interest.

25          58.    As a result of Defendant's unfair or deceptive acts or practices, Plaintiffs and

26   other Class members suffered injuries in an amount to be proven at trial.

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101
TELEPHONE (206) 623 7292 • FACSIMILE (206) 623-0594

001968-11  161395 V1

## IX.    BREACH OF WARRANTIES

59.    Plaintiffs reallege all prior allegations as though fully stated herein.

60.    Cat food and dog food produced by Menu Foods are "goods" within the meaning of Uniform Commercial Code Article 2.

61.    Defendant's conduct as described herein constitutes breach of an implied or express warranty of affirmation.

62.    Defendant's conduct as described herein constitutes breach of an implied warranty of merchantability.

63.    Defendant's conduct as described herein constitutes breach of an implied warranty of fitness for a particular purpose.

64.    As a proximate result of the aforementioned wrongful conduct and breach, Plaintiffs and other Class members have suffered damages in an amount to be proven at trial. Defendant had actual or constructive notice of such damages.

## X.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and Class members request that the Court enter an order of judgment against Defendant including the following:

Certification of the action as a class action under Rule 23(b)(1) - (3) of the Federal Rules of Civil Procedure with respect to the claims for damages, and appointment of Plaintiffs as Class Representative and their counsel of record as Class Counsel;

Actual damages (including all general, special, incidental, and consequential damages), statutory damages (including treble damages), punitive damages (as allowed by the law(s) of the states having a legally sufficient connection with Defendant and its acts or omissions) and such other relief as provided by the statutes cited herein;

Prejudgment and post-judgment interest on such monetary relief;

CLASS ACTION COMPLAINT - 8
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11  161395 V1

1    Equitable relief in the form of restitution and/or disgorgement of all unlawful or illegal

2  profits received by Defendant as a result of the unfair, unlawful and/or deceptive conduct alleged

3  herein;

4    Other appropriate injunctive relief;

5    The costs of bringing this suit, including reasonable attorneys' fees; and

6    Such other relief as this Court may deem just, equitable and proper.

7    DATED this 27th day of March, 2007.

8    HAGENS BERMAN SOBOL SHAPIRO LLP

9

10    By: /s/ Steve W. Berman
     Steve W. Berman, WSBA #12536
11    1301 Fifth Avenue, Suite 2900
     Seattle, Washington 98101
12    Telephone: (206) 623-7292
     Facsimile: (206) 623-0594
13    E-mail: steve@hbsslaw.com

14

15    MYERS & COMPANY, P.L.L.C.
     Michael David Myers
16    1809 Seventh Avenue, Suite 700
     Seattle, Washington 98101
17    Telephone: (206) 398-1188
     Facsimile: (206) 400-1112
18    E-mail: mmyers@myers-company.com

19    *Attorneys for Plaintiffs*

20

21

22

23

24

25

26

CLASS ACTION COMPLAINT - 9
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623 7292 • FACSIMILE (206) 623-0594

001953-11 161395 V1