# KAPLAN**FOX**

Kaplan Fox & Kilsheimer LLP
805 Third Avenue
New York, NY 10022
phone 212.687.1980
fax 212.687.7714
email mail@kaplanfox.com
www.kaplanfox.com

LODGED
RECEIVED    **MAIL**

APR 06 2007

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                           DEPUTY

April 5, 2007

*C07-411*
*C07-453*
*C07-454*
*C07-455*
*C07-457*

<u>VIA FEDERAL EXPRESS</u>

Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E.
Room G-255, North Lobby
Washington, D.C. 20002-8004

Re:    *In re Pet Foods Product Liability Litigation* - MDL No. 1850

Dear Clerk of the Panel:

Enclosed for filing, please find the following:

1.    Plaintiffs Jayme Pittsonberger, David Carter, and Jim Bullock's Joint Motion for Transfer and Coordination of Related Actions Under 28 U.S.C. §1407;

2.    Plaintiffs Jayme Pittsonberger, David Carter, and Jim Bullock's Memorandum of Law in Support of Joint Motion for Transfer and Coordination of Related Actions Under 28 U.S.C. §1407;

3.    Schedule of Actions Related to Plaintiffs Jayme Pittsonberger, David Carter, and Jim Bullock's Joint Motion for Transfer and Coordination of Related Actions Under 28 U.S.C. §1407; and

4.    Certificate of Service.

Also enclosed is the computer generated disk required by Rule 5.13. We have enclosed face sheets of the above documents and ask that you file stamp them and return them in the envelope provided.

Sincerely,

Christine M. Fox

CMF:lcs
encl.
cc:    All parties on service list



FILED
LODGED
RECEIVED

APR 06 2007

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                DEPUTY

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

---

IN RE PET FOODS PRODUCTS    )
LIABILITY LITIGATION         )     MDL Docket No. 1850
                              )
                              )

---

### PLAINTIFFS JAYME PITTSONBERGER, DAVID CARTER AND JIM BULLOCK'S MOTION FOR TRANSFER AND COORDINATION PURSUANT TO 28 U.S.C. §1407

Plaintiffs Jayme Pittsonberger, David Carter and Jim Bullock respectfully submit this joint motion before the Judicial Panel on Multidistrict Litigation for an Order, under 28 U.S.C. §1407, that (i) transfers thirteen putative class actions, currently pending in the Western District of Washington, Western District of Arkansas, Southern District of Florida, Northern District of Illinois, Eastern District of Tennessee, District of Rhode Island, District of Connecticut, and the Central District of California,[1] as well as any

---

[1]    These cases include: 1) *Tom Whaley v. Menu Foods, et al.*, Docket No. 07-cv-00411 (W.D. Wash.); 2) *Stacey Heller, et al. v. Menu Foods, et al.*, Docket No. 07-cv-00453 (W.D. Wash.); 3) *Audrey Kornelius, et al. v. Menu Foods, et al.*, Docket No. 07-cv-00454 (W.D. Wash.); 4) *Suzanne E. Johnson, et al. v. Menu Foods, et al.*, Docket No. 07-cv-00455 (W.D. Wash.); 5) *Michele Suggett, et al. v. Menu Foods, et al.*, Docket No.

cases that may subsequently be filed asserting similar or related claims, to the United

States District Court for the District of New Jersey; and (ii) coordinates these actions with

the fifteen similar actions that are currently pending in the District of New Jersey.[2]  In

support of this Motion for Transfer and Coordination, Plaintiffs state as follows:

1.    The class actions for which transfer and coordination are proposed arise

out of the same conduct and allege virtually identical claims.  Each action is brought on

behalf of a class of purchasers of dog or cat food manufactured by Menu Foods and sold

under various labels and alleges that Menu Foods produced contaminated or tainted pet

food that sickened their dogs or cats and caused the death of many of them.

---

07-cv-00457 (W.D. Wash.);  6) *Shirley Sexton v. Menu Foods Income Fund, et al.*,
Docket No. 07-cv-01958 (C.D. Cal.); 7) *Lauri A. Osborne v. Menu Foods Inc., et al*,
Docket No. 07-cv-00469 (D. Conn.); 8) *Lizajean Holt v. Menu Foods Inc., et al*, Docket
No. 07-cv-00094 (E.D. Tenn.); 9) *Carol Brown v. Menu Foods Inc., et al*, Docket No. 07-
cv-00115 (D.R.I.); 10) *Dawn Majerczyk v. Menu Foods Inc., et al*, Docket No. 07-cv-
01543 (N.D. Ill.); 11) *Christina Troiano v. Menu Foods Inc., et al*, Docket No. 07-cv-
60428 (S.D. Fla.); 12) *Charles Ray Sims v. Menu Foods Income Fund, et al.*, Docket No.
07-cv-05053 (W.D. AK); and 13) *Richard Scott Widen v. Menu Foods, et al.*, Docket No.
07-cv-05055 (W.D. AK) (hereafter the "13 Actions").

[2]    These actions include: 1) *Jared Workman, et al. v. Menu Foods Limited, et al.*,
Docket No. 07-cv-01338 (D.N.J.) (Hillman); 2) *Suzanne Thompson, et al. v. Menu Foods
Income Fund*, et al., Docket No. 07-cv-01360 (D.N.J.) (Sheridan); 3) *Larry Wilson v.
Menu Foods Income Fund*, et al., Docket No. 07-cv-01456 (D.N.J.) (Hillman); 4) *Paul
Richard, et al. v. Menu Foods Income Fund*, Docket No. 07-cv-01457 (D.N.J.) (Hillman);
5) *Linda Tinker v. Menu Foods, Inc.*, Docket No. 07-cv-01468 (D.N.J.)( Hillman); 6)
*Janice Bonier et al. v. Menu Foods, Inc.*, Docket No. 07-cv-01477 (D.N.J.)(Hillman); 7)
*Julie Hidalgo v. Menu Foods, Inc.*, Docket No. 07-cv-01488 (D.N.J.)(Hillman); 8)
*Alexander Nunez v. Menu Foods Limited, et al.*, Docket No. 07-cv-01490 (D.N.J.)
(Hillman); 9) *Mark Golding v. Menu Foods Limited, et al.*, Docket No. 07-cv-01521
(D.N.J.) (Hillman); 10) *Troy Gagliardi v. Menu Foods Inc., et al*, Docket No. 07-cv-
01522 (D.N.J.) (Hillman); 11) *Kami Turturro v. Menu Foods Inc., et al*, Docket No. 07-
cv-01523 (D.N.J.) (Hillman); 12) *Peggy Schneider v. Menu Foods Limited, et al.*, Docket
No. 07-cv-01533 (D.N.J.) (Hillman); 13) *Jayme Pittsonberger v. Menu Foods Inc., et al*,
Docket No. 07-cv-01561 (D.N.J.) (Hillman); 14) *David Carter v. Menu Foods Inc., et al*,
Docket No. 07-cv-01562 (D.N.J.) (Hillman); 15) *Jim Bullock v. Menu Foods Inc., et al*,
Docket No. 07-cv-01579 (D.N.J.) (Hillman).

2.     This motion is filed on behalf of plaintiffs in the following actions: 1)

*Jayme Pittsonberger v. Menu Foods Inc., et al,* Docket No. 07-cv-01561 (D.N.J.); 2)

*David Carter v. Menu Foods Inc., et al,* Docket No. 07-cv-01562 (D.N.J.); 3) *Jim Bullock*

*v. Menu Foods Inc., et al,* Docket No. 07-cv-01579 (D.N.J.) all of which are pending in

the United States District Court for the District of New Jersey.

3.     The 13 Actions proposed for transfer herein are the only actions on file

outside the District of New Jersey of which Plaintiffs are aware.

4.     Plaintiffs propose that pretrial proceedings in the 13 Actions be transferred

and coordinated in the District of New Jersey where 15 of the 28 related actions are

currently pending.

5.     The centralization of these actions in a single judicial district for

coordinated pretrial proceedings will promote the just and efficient conduct of these

actions, will serve the convenience of all parties and witnesses and will promote the

interests of justice because all actions involve common factual and legal issues,

including:

> a.    whether the Defendants' dog and cat food was materially defective and
>       unfit for use as dog or cat food;
>
> b.    whether Defendants breached any warranties, express or implied,
>       relating to the sale of the dog and cat food;
>
> c.    whether Defendants' dog and cat food caused Plaintiffs' and other
>       Class members' pets to become ill and die;
>
> d.    whether Plaintiffs and other Class members have been damaged, and,
>       if so, what is the proper measure thereof;

3

e.    what is the appropriate form of injunctive, declaratory and other relief.

6.    Coordination of the actions before a single court will conserve judicial resources, reduce litigation costs, prevent potentially inconsistent pretrial rulings, eliminate duplicative discovery and permit the cases to proceed to trial more efficiently.

7.    All actions are in the very early stages of litigation; no responsive pleadings have been filed nor has any discovery been conducted.

8.    The proposed transfer and coordination in the District of New Jersey will be for the convenience of parties and witnesses, and will promote the just and efficient conduct of these actions because it is expected that plaintiffs' counsel in all actions will take discovery of the same witnesses and documents.

9.    Transfer to the District of New Jersey is appropriate because 15 of the 28 related actions were filed there; the District of New Jersey has the resources and judicial expertise to promptly and efficiently conduct this case; the District of New Jersey is more easily accessible and conveniently located than any other district proposed and, most importantly, the manufacturing facilities where much of the contaminated pet food was processed and manufactured is located in the District of New Jersey.

10.    Plaintiffs' motion is based on the accompanying memorandum of law, the filed pleadings and papers, and other materials that may be presented to the Panel before or at the time of any hearing in this matter.

WHEREFORE, Plaintiffs respectfully request that the Panel order that the 13 Actions, as well as any cases that subsequently may be filed asserting related or similar claims, be transferred to the District of New Jersey for coordinated pretrial proceedings.

4

Dated: April 5, 2007

Respectfully submitted,
KAPLAN FOX & KILSHEIMER LLP

ROBERT KAPLAN
LINDA NUSSBAUM
CHRISTINE M. FOX
805 Third Avenue, 22nd Floor.
New York, NY 10022
Tel:   (212) 687-1980
Fax:   (212) 687-7714


KAPLAN FOX & KILSHEIMER LLP
LAURENCE D. KING
555 Montgomery Street, Suite 1501
San Francisco, CA 94111
Tel:   (415) 772-4700
Fax:   (415) 772-4707

*Attorneys for Plaintiffs Pittsonberger,
Carter, and Bullock*

KAPLAN FOX & KILSHEIMER LLP
WILLIAM J. PINILIS
237 South Street
Morristown, NJ 07962
Tel:   (973) 656-0222
Fax:   (973) 401-1114

*Attorneys for Plaintiffs Carter and Bullock*

SCHNEIDER & WALLACE
TODD M. SCHNEIDER
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Tel:   (415) 421-7100
Fax:   (415) 421-7105

*Attorneys for Plaintiffs Pittsonberger,
Carter, and Bullock*

5

THE MASON LAW FIRM, L.L.P.
GARY E. MASON
DONNA F. SOLEN
1225 19th Street, N.W., Suite 500
Washington, D.C. 20036
Tel: (202) 429-2290
Fax: (202) 429-2294

*Attorneys for Plaintiffs Pittsonberger,
Carter, and Bullock*

KANTROWITZ, GOLDHAMMER &
GRAIFMAN
GARY S. GRAIFMAN
210 Summit Avenue
Montvale, NJ 07645
Tel: (201) 391-7000
Fax: (201) 307-1086

*Attorneys for Plaintiff Pittsonberger*

KARP, FROSH, LAPIDUS, WIGODSKY
& NORWIND, P.A.
JEFFREY A. WIGODSKY
1133 Connecticut Avenue, N.W., Suite 250
Washington, D.C. 20036
Tel: (202) 822-3777
Fax: (202) 822-9722

*Attorneys for Plaintiff Pittsonberger*

VANEK, VICKERS & MASINI P.C.
JOSEPH M. VANEK
111 S. Wacker Drive, Suite 4050
Chicago, IL 60606
Tel: (312) 224-1500
Fax: (312) 224-1510

*Attorneys for Plaintiff Pittsonberger*

6



FILED
LODGED
RECEIVED    MAIL

APR 06 2007

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                    DEPUTY

# BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE PET FOODS PRODUCT LIABILITY LITIGATION | ) ) ) ) | MDL Docket No.1850 |

## PLAINTIFFS JAYME PITTSONBERGER, DAVID CARTER AND JIM BULLOCK'S JOINT MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR TRANSFER AND COORDINATION PURSUANT TO 28 U.S.C §1407

Plaintiffs Jayme Pittsonberger, David Carter and Jim Bullock submit this memorandum of law in support of their motion for transfer and coordination of related actions to the District of New Jersey under 28 U.S.C. § 1407.

## I.    FACTS

### A.    Background

Defendant Menu Foods, a Canadian corporation doing business in the United States, makes cat and dog food. Menu Foods' cat and dog food is sold under many brands, including such familiar brand names as Iams, Eukanuba and Science Diet. Menu Foods distributes its cat and dog food throughout the United States to retailers such as

Wal-Mart, Kroger and Safeway. These and other retailers also sell Menu Foods pet food under their own respective private labels.

Plaintiffs[1] assert their claims against Menu Foods as a class action under Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who purchased any cat or dog food that was manufactured by Menu Foods and whose cat or dog became ill or died as a result of eating such food. Certain of the pet foods that Menu Foods manufactured caused an unknown number of cats and dogs to become ill, and many of them to die. The current reported tally is over 100 pet deaths.

A typical example is plaintiff Pittsonberger's cat, Jada Katrina, who ingested Nutro Natural Choice pet food that was manufactured by Defendants during the relevant time period. After ingesting the contaminated food, Pittsonberger's cat became ill, was diagnosed with acute renal failure, and was immediately hospitalized. *See Jayme Pittsonberger v. Menu Foods Inc., et al.*, Docket No. 07-cv-01561 (D.N.J. filed April 2, 2007).[2]

To date, Menu Foods has recalled more than 50 brands of dog food and 40 brands of cat food that have sickened and killed dogs and cats. All recalled food to date is of the "cuts and gravy wet" style and was produced during a three-month period between

---

[1]     This joint motion is filed on behalf of plaintiffs in the following actions: 1) *Jayme Pittsonberger v. Menu Foods Inc., et al,* Docket No. 07-cv-01561 (D.N.J.); 2) *David Carter v. Menu Foods Inc., et al,* Docket No. 07-cv-01562 (D.N.J.); 3) *Jim Bullock v. Menu Foods Inc., et al,* Docket No. 07-cv-01579 (D.N.J.) all of which are pending in the United States District Court for the District of New Jersey.

[2]     Plaintiff Carter's 8-week old pit-bull puppy, Jeezy, died just days after ingesting Nutro Natural Choice chicken rice and oatmeal formula pet food that was manufactured by Defendants. Plaintiff Bullock's 12 year-old cat, Marbles, had to be euthanized after suffering acute renal failure after ingesting three pouches of Special Kitty pet food that was manufactured by Defendants.

2

December 3, 2006 and March 6, 2007. While the contaminant in the recalled Menu

Foods pet food has not yet been conclusively identified, preliminary testing at the New

York State Food Laboratory indicates a rodent poison, aminopterin, which is banned in

the United States, as the likely culprit.

Menu Foods' actions have injured Plaintiffs and other Class members, who seek

to recover economic damages that include veterinary expenses, burial and cremation

expenses, and other such losses.

## B.    The Menu Foods Contaminated Pet Food Class Actions

Following these events, at least 28 class action complaints were filed against

Menu Foods. These lawsuits assert claims for injuries arising from the sickening and

deaths of pets that had consumed Menu Foods' pet food sold under various labels:

•*Jared Workman, et al. v. Menu Foods Limited, et al.*, Docket No. 07-cv-01338 (D.N.J.);

•*Suzanne Thomson, et al. v. Menu Foods Income Fund*, et al., Docket No. 07-cv-01360 (D.N.J.);

•*Larry Wilson v. Menu Foods Income Fund*, et al., Docket No. 07-cv-01456 (D.N.J.);

•*Paul Richard, et al. v. Menu Foods Income Fund*, Docket No. 07-cv-01457 (D.N.J.);

•*Linda Tinker v. Menu Foods, Inc.*, Docket No. 07-cv-01468 (D.N.J.);

•*Janice Bonier et al. v. Menu Foods, Inc.*, Docket No. 07-cv-01477 (D.N.J.);

•*Julie Hidalgo v. Menu Foods, Inc.*, Docket No. 07-cv-01488 (D.N.J.);

•*Alexander Nunez v. Menu Foods Limited, et al.*,  Docket No. 07-cv-01490 (D.N.J.);

•*Mark Golding v. Menu Foods Limited, et al.*, Docket No. 07-cv-01521 (D.N.J.);

•*Troy Gagliardi v. Menu Foods Inc., et al,* Docket No. 07-cv-01522 (D.N.J.);

3

•*Kami Turturro v. Menu Foods Inc., et al,* Docket No. 07-cv-01523 (D.N.J.);

•*Peggy Schneider v. Menu Foods Limited, et al.,* Docket No. 07-cv-01533 (D.N.J.);

•*Jayme Pittsonberger v. Menu Foods Inc., et al,* Docket No. 07-cv-01561 (D.N.J.);

•*David Carter v. Menu Foods Inc., et al,* Docket No. 07-cv-01562 (D.N.J.);

•*Jim Bullock v. Menu Foods Inc., et al,* Docket No. 07-cv-01579 (D.N.J.);

•*Tom Whaley v. Menu Foods, et al.,* Docket No. 07-cv-00411 (W.D. Wash.);

•*Stacey Heller, et al. v. Menu Foods, et al.,* Docket No. 07-cv-00453 (W.D. Wash.);

•*Audrey Kornelius, et al. v. Menu Foods, et al.,* Docket No. 07-cv-00454 (W.D. Wash.);

•*Suzanne E. Johnson, et al. v. Menu Foods, et al.,* Docket No. 07-cv-00455 (W.D. Wash.);

•*Michele Suggett, et al. v. Menu Foods, et al.,* Docket No. 07-cv-00457 (W.D. Wash.);

•*Shirley Sexton v. Menu Foods Income Fund, et al.,* Docket No. 07-cv-01958 (C.D. Cal.);

•*Lauri A. Osborne v. Menu Foods Inc., et al,* Docket No. 07-cv-00469 (D. Conn.);

•*Lizajean Holt v. Menu Foods Inc., et al,* Docket No. 07-cv-00094 (E.D. Tenn.);

•*Carol Brown v. Menu Foods Inc., et al,* Docket No. 07-cv-00115 (D.R.I.);

•*Dawn Majerczyk v. Menu Foods Inc., et al,* Docket No. 07-cv-01543 (N.D. Ill.);

•*Christina Troiano v. Menu Foods Inc., et al,* Docket No. 07-cv-60428 (S.D. Fla.);

•*Charles Ray Sims v. Menu Foods Income Fund, et al.,* Docket No. 07-cv-05053 (W.D. AK); and

•*Richard Scott Widen v. Menu Foods, et al.,* Docket No. 07-cv-05055 (W.D. AK).

These cases seek to recover damages on behalf of all persons whose cats and/or dogs became sick or died as a result of consuming pet food manufactured by Menu Foods. Submitted herewith is a Schedule of Actions Involved under 28 U.S.C. §1407 that lists the actions to be transferred and coordinated.

Plaintiffs seek to have the class actions pending in district courts outside of the District of New Jersey transferred to the District of New Jersey for centralization and coordination with the 15 class actions already pending in that jurisdiction. Transfer and coordination is appropriate because these cases involve common factual questions, transfer will further the convenience of the parties and the witnesses, and transfer will promote the just and efficient conduct of these actions.

The District of New Jersey is the appropriate place for transfer and coordination because the District has the resources and judicial expertise to properly conduct this case; defendant Menu Foods transacts business in the District; much of the contaminated food was manufactured by Defendant Menu Foods Inc., a New Jersey corporation with its headquarters in Pennsauken, New Jersey; 15 class actions are already filed there; and the District of New Jersey is easily accessible by all parties and counsel.

## II.   ARGUMENT

### A.   Transfer and Coordination of All Menu Foods Contaminated Pet Food Actions for Coordinated Pretrial Proceedings Is Appropriate

28 U.S.C. §1407 authorizes this Panel to transfer two or more civil cases for coordinated pretrial proceedings upon a determination that: (i) they "involv[e] one or more common questions of fact," (ii) transfer will further "the convenience of parties and witnesses," and (iii) transfer "will promote the just and efficient conduct of the actions." The requirements for transfer under Section 1407 are clearly satisfied here.

5

The Menu Foods contaminated pet food class actions are characterized almost entirely by common questions of fact. In addition, transfer and coordination will promote convenience for the parties and efficiency in the pretrial proceedings by eliminating duplicative discovery and the potential for inconsistent rulings, including determinations on class certification.

## 1.     The Related Actions Involve Common Questions of Fact

The first requirement of Section 1407 – that the actions to be transferred involve common questions of fact – is satisfied. The factual issues to be determined in each of the actions proposed for transfer and coordination arise from the same course of conduct. *See In re Neurontin Mktg. & Sales Practices Litig.*, 342 F. Supp. 2d 1350, 1351 (J.P.M.L. 2004); *In re Publ'n Paper Antitrust Litig.*, 346 F. Supp. 2d 1370, 1371 (J.P.M.L. 2004).

Among many common questions of law and fact at issue in the related actions are:

a.     whether the Defendants' dog and cat food was materially defective, and unfit for use as dog or cat food;

b.     whether Defendants breached any warranties, express or implied, relating to the sale of the dog and cat food;

c.     whether Defendants' dog and cat food caused Plaintiffs' and other Class members' pets to become ill, and in some cases, die;

d.     whether Plaintiffs and other Class members have been damaged and, if so, what is the proper measure thereof; and

e.     what is the appropriate form of injunctive, declaratory and other relief.

The factual issues to be determined in all of the class actions are nearly identical, making transfer to a single forum highly appropriate. *See, e.g., Neurontin*, 342 F. Supp.

6

2d at 1351. In *Neurontin*, for example, the Panel ruled that there were common issues

warranting transfer and coordination where "[a]ll actions [we]re purported class actions

involving allegations that common defendants have engaged in the illegal promotion and

sale of the drug Neurontin for "off-label use." *Id.; see also In re Ephedra Prods. Liab.*

*Litig.*, 314 F. Supp. 2d 1373, 1375 (J.P.M.L. 2004) ("[c]ommon factual questions arise

because these actions focus on alleged side effects of ephedra-containing products, and

whether defendants knew of these side effects and either concealed, misrepresented or

failed to warn of them"); *In re Columbia Univ. Patent Litig.*, 313 F. Supp. 2d 1383, 1385

(J.P.M.L. 2004) (common questions existed where "[a]ll actions can thus be expected to

share factual and legal questions with respect to the '275 patent concerning patent

validity and related questions such as double patenting, prosecution laches and

inequitable conduct").

## 2.    Coordinating the Class Actions Will Further the Convenience of the Parties and the Witnesses

Coordinating the class actions will meet the second requirement under Section

1407 because it will serve the convenience of the parties and witnesses. It is expected

that counsel for plaintiffs in all actions will seek documents from the same defendants on

such issues as, *inter alia*, (a) where the recalled Menu Foods pet food was manufactured;

(b) the manufacturing processes for the recalled Menu Foods pet food, (c) the intended

ingredients of the recalled Menu Foods pet food; (d) the name, composition and character

of the contaminant(s) of the recalled Menu Foods pet food that poisoned the Class

members' cats and dogs, (e) the contaminant(s) pathway into the recalled Menu Foods

pet food, and (f) when Defendants learned or should have learned that the recalled Menu

7

Foods pet food was contaminated. Issues such as these will be central in all of the class actions.

Because the actions arise from a common core of factual allegations, there is a strong likelihood of duplicative discovery demands and redundant depositions. Coordination of pretrial proceedings will enable a single judge to establish a pretrial program that will minimize the inconvenience to the witnesses and expenses to the parties. These savings are precisely the types of savings that this Panel has traditionally used to justify the coordination of pretrial proceedings in different jurisdictions. *See, e.g., Neurontin*, 342 F. Supp. 2d at 1351; *Columbia Univ. Patent Litig.*, 313 F. Supp. 2d at 1385.

### 3.    Transfer and Coordination Will Promote the Just and Efficient Conduct of the Related Actions

Finally, transferring and coordinating these class actions is appropriate because coordinating the pretrial proceedings will promote the just and efficient conduct of the actions. In light of the nearly identical factual allegations, and especially given that discovery has not yet begun in any action, transfer under Section 1407 will avoid duplicative discovery and save judicial time and resources. *See Neurontin*, 342 F. Supp. 2d at 1351; *In re Oxycontin Antitrust Litig.*, 314 F. Supp. 2d 1388, 1390 (J.P.M.L. 2004); *Ephedra Prods. Liab. Litig.*, 314 F. Supp. 2d at 1375; *In re Japanese Elec. Prods. Antitrust Litig.*, 388 F. Supp. 565, 567 (J.P.M.L. 1975); *see also In re European Rail Pass Antitrust Litig.*, 2001 U.S. Dist. LEXIS 1417, at *3 (J.P.M.L. Feb. 7, 2001) (ordering cases transferred to a single district to "eliminate duplicative discovery").

The plaintiffs in each action will seek to depose many of the same individuals from Menu Foods and its various affiliates and request production of a substantially

8

similar set of documents.  Failing to coordinate pretrial proceedings in these actions will therefore result in duplicative discovery efforts, requiring witnesses to appear for multiple depositions and defendants to produce several sets of the same documents.  The coordination of these actions would avoid the inconvenience and needless waste of resources.  *See In re Univ. Serv. Fund Tel. Billing Practices Litig.*, 209 F. Supp. 2d 1385, 1386 (J.P.M.L. 2002).

Moreover, the corresponding savings in time and expense would confer benefits upon both the plaintiffs and defendants.  *See In re Cygnus Telecoms. Tech., LLC Patent Litig.*, 177 F. Supp. 2d 1375, 1376 (J.P.M.L. 2001); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 173 F. Supp. 2d 1377, 1379 (J.P.M.L. 2001); *see also In re Amino Acid Lysine Antitrust Litig.*, 910 F. Supp. 696, 698 (J.P.M.L. 1995) (coordination is appropriate to "conserve the resources of the parties, their counsel and the judiciary"); *In re Uranium Indus. Antitrust Litig.*, 458 F. Supp. 1223, 1230 (J.P.M.L. 1978).

Where, as here, coordination will avoid duplicative discovery and potentially conflicting pretrial rulings, transfer for pretrial purposes is warranted to promote the interests of judicial economy and efficiency.

## B.     The District of New Jersey Is the Proper Forum for Coordinated Pretrial Proceedings

### 1.     The District of New Jersey Has the Resources and Judicial Expertise to Properly Conduct this Case

In selecting the most appropriate transferee forum for multidistrict litigation, the Panel considers, among other things, resources and judicial expertise.  The District of

9

New Jersey has extensive experience in managing multidistrict litigation.[3]  The District

of New Jersey has an established track record of managing complex class action

litigation.

Indeed, the Panel has specifically recognized that the District of New Jersey is

equipped with the resources necessary to manage complex multidistrict litigation. *See,*

*e.g., In re Hypodermic Products Antitrust Litigation,* MDL-1730 (D.N.J. Transfer Order

Dec. 19, 2005) (in transferring litigation to District of New Jersey, Panel noted that "the

district is well equipped with the resources that this complex antitrust docket is likely to

require"); *In re Insurance Brokerage Antitrust Litigation,* MDL-1663 (D.N.J. Transfer

Order Feb. 17, 2005) (same).

## 2. The District of New Jersey Is Where Many of the Documents and Witnesses Will Be Located Since Much of the Contaminated Pet Food Was Processed and Manufactured in that District

The convenience of the parties and witnesses is a factor in determining to which

district related actions should be transferred. 28 U.S.C. §1407(a) (related actions may be

transferred to a district for coordinated proceedings upon a determination that the transfer

"will be for the convenience of parties and witnesses and will promote the just and

---

[3]     MDL cases currently pending in the District of New Jersey include, but are not
limited to the following: 1) *In re Ford Motor Co. E-350 Van Products Liability Litigation
(No. II),* MDL-1687 (Sr. J. Harold A. Ackerman); 2) *In re Human Tissue Products
Liability Litigation,* MDL-1763 (D.J. William J. Martini); 3) *In re IDT Corp. Calling
Card Terms Litigation,* MDL-1550 (D.J. Susan D. Wigenton); 4) *In re Holocaust Era
German Industry, Bank & Insurance Litigation,* MDL-1337 (Sr. J. Dickinson R.
Debevoise); 5) *In re Hypodermic Products Antitrust Litigation,* MDL-1730 (D.J. Jose L.
Linares); 6) *In re Insurance Brokerage Antitrust Litigation,* MDL-1663 (C.J. Garrett E.
Brown, Jr.); 7) *In re Compensation of Managerial, Professional and Technical
Employees Antitrust Litigation,* MDL-1471 (C.J. Garrett E. Brown, Jr.); 8) *In re K-Dur
Antitrust Litigation,* MDL-1419 (D.J. Joseph A. Greenaway, Jr.); 9) *In re Neurontin
Antitrust Litigation,* MDL-1479 (Sr. J. John C. Lifland); and 10) *In re Electrical Carbon
Products Antitrust Litigation,* MDL-1514 (D.J. Jerome B. Simandle).

10

efficient conduct of such actions"). In deciding whether a particular forum is convenient, the Panel may consider the location of the parties, documents and potential witnesses relative to that district. *See In re Cigarette Antitrust Litig.*, 2000 U.S. Dist. LEXIS 8209, at *4 (J.P.M.L. June 7, 2000).

This factor weighs heavily in favor of the District of New Jersey. Menu Foods Inc., where much of the contaminated food was processed and manufactured, is incorporated and located in New Jersey. Many of the witnesses and documents will be located in New Jersey – favoring selection of the District of New Jersey over the other courts proposed.[4] *See In re SFBC Int'l*, 435 F. Supp. 2d 1355 (J.P.M.L. 2006) (litigation transferred to District of New Jersey where relevant documents and witnesses were located); *In re Mirtazapine Patent Litig.*, 199 F. Supp. 2d 1380 (J.P.M.L. 2002) (same); *In re Medical Resources Sec. Litig.*, 1998 U.S. Dist. LEXIS 15832 (J.P.M.L. 1998) (same); *In re Human Tissue Products Liability Litigation*, MDL-1763 (D.N.J. Transfer Order June 21, 2006)(same).[5]

### 3.    The Majority of the Related Cases Were Filed in the District of New Jersey

Transfer to the District of New Jersey also is appropriate because 15 of the 28 related actions were filed there. Where a majority of related actions are pending also is

---

[4]    To date, the other courts proposed include: 1) Western District of Washington; 2) Southern District of Florida; and 3) Central District of California. As far as plaintiff is aware, few witnesses and documents, if any, would be located in any of these jurisdictions.

[5]    *See also In re Hypodermic Products Antitrust Litigation*, MDL-1730 (D.N.J. Transfer Order Dec. 19, 2005) (litigation transferred to District of New Jersey where defendant was headquartered); *In re Merck & Co., Inc., Securities, Derivative & "ERISA" Litigation*, MDL-1658 (D.N.J. Transfer Order Feb. 23, 2005) (same); *In re Carbon Black Antitrust Litig.*, 277 F. Supp. 2d 1380, 1381 (J.P.M.L. 2003) (litigation transferred to district where defendant had its principal place of business).

11

relevant in selecting an appropriate forum. *See In re Neurontin Antitrust Litigation*,

MDL-1479 (D.N.J. Transfer Order Aug. 15, 2002) (in concluding that District of New

Jersey was appropriate forum, Panel noted that the majority of the actions were already

pending there before one judge); *In re Carbon Black Antitrust Litig.*, 277 F. Supp. 2d

1380, 1381 (J.P.M.L. 2003) (in selecting appropriate forum one factor the Panel relied on

was that the majority of the actions were pending in the transferee court).

### 4.    The District of New Jersey Offers an Accessible Metropolitan Location that is Geographically Convenient for Many of the Parties and their Counsel

New Jersey is a convenient forum for out-of-state witnesses and out-of-state

counsel to reach by airplane. Three major international airports – Newark, John F.

Kennedy and LaGuardia - are located within a reasonable driving distance of the Newark

and Camden courthouses where 15 of the related actions are currently pending. *See In re*

*Insurance Brokerage Antitrust Litigation*, MDL-1663 (D.N.J. Transfer Order Feb. 17,

2005) (in concluding that District of New Jersey was appropriate forum, Panel noted that

"this district offers an accessible metropolitan location that is geographically convenient

for many of this docket's litigants and counsel."); *In re Compensation of Managerial,*

*Professional and Technical Employees Antitrust Litigation*, MDL-1471 (D.N.J. Transfer

Order June 19, 2002) (in concluding that District of New Jersey was appropriate forum,

Panel noted that the district was an "accessible, urban district equipped with the resources

this complex docket is likely to require").

### III.    CONCLUSION

Coordination is necessary to avoid duplication and wasted efforts. Transfer to the

District of New Jersey is appropriate because 15 of the 28 related actions were filed

12

there; the District of New Jersey has the resources and judicial expertise to promptly and efficiently conduct this case; the District of New Jersey is more easily accessible and conveniently located than any other district proposed and, most importantly, the manufacturing facilities where much of the contaminated pet food was processed and manufactured is located in the District of New Jersey.

Accordingly, Plaintiffs respectfully request that the Panel order that the 13 Actions listed herein (as well as any tag-along cases that may be subsequently filed asserting related or similar claims) be transferred to the District of New Jersey for coordinated pretrial proceedings.

Dated: April 5, 2007

Respectfully submitted,
KAPLAN FOX & KILSHEIMER LLP

ROBERT KAPLAN
LINDA NUSSBAUM
CHRISTINE M. FOX
805 Third Avenue, 22nd Floor.
New York, NY 10022
Tel:   (212) 687-1980
Fax:   (212) 687-7714


KAPLAN FOX & KILSHEIMER LLP
LAURENCE D. KING
555 Montgomery Street, Suite 1501
San Francisco, CA 94111
Tel:   (415) 772-4700
Fax:   (415) 772-4707

*Attorneys for Plaintiffs Pittsonberger, Carter, and Bullock*

13

KAPLAN FOX & KILSHEIMER LLP
WILLIAM J. PINILIS
237 South Street
Morristown, NJ 07962
Tel:    (973) 656-0222
Fax:   (973) 401-1114

*Attorneys for Plaintiffs Carter and Bullock*

SCHNEIDER & WALLACE
TODD M. SCHNEIDER
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Tel:    (415) 421-7100
Fax:   (415) 421-7105

*Attorneys for Plaintiffs Pittsonberger,*
*Carter, and Bullock*

THE MASON LAW FIRM, L.L.P.
GARY E. MASON
DONNA F. SOLEN
1225 19th Street, N.W., Suite 500
Washington, D.C. 20036
Tel: (202) 429-2290
Fax: (202) 429-2294

*Attorneys for Plaintiffs Pittsonberger,*
*Carter, and Bullock*

KANTROWITZ, GOLDHAMMER &
GRAIFMAN
GARY S. GRAIFMAN
210 Summit Avenue
Montvale, NJ 07645
Tel: (201) 391-7000
Fax: (201) 307-1086

*Attorneys for Plaintiff Pittsonberger*

14

KARP, FROSH, LAPIDUS, WIGODSKY
& NORWIND, P.A.
JEFFREY A. WIGODSKY
1133 Connecticut Avenue, N.W., Suite 250
Washington, D.C. 20036
Tel: (202) 822-3777
Fax: (202) 822-9722

*Attorneys for Plaintiff Pittsonberger*

VANEK, VICKERS & MASINI P.C.
JOSEPH M. VANEK
111 S. Wacker Drive, Suite 4050
Chicago, IL 60606
Tel: (312) 224-1500
Fax: (312) 224-1510

*Attorneys for Plaintiff Pittsonberger*

FILED
LODGED
RECEIVED          MAIL

APR 06 2007

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY

# BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE PET FOODS PRODUCT LIABILITY LITIGATION | ) ) ) ) | MDL Docket No. 1850 |

## SCHEDULE OF ACTIONS RELATED TO PLAINTIFFS JAYME PITTSONBERGER, DAVID CARTER, AND JIM BULLOCK'S JOINT MOTION FOR TRANSFER AND COORDINATION OF RELATED ACTIONS UNDER 28 U.S.C. §1407

SCHEDULE OF ACTIONS

| Captions/Parties | Court/Division | Date Filed | Case No. | Judge/Comments |
|---|---|---|---|---|
| **Central District of California** | | | | |
| Shirley Sexton<br>v.<br>Menu Foods Income Fund, Menu Foods Inc., Menu Foods Midwest Corporation | CDCA - (Western Division - Los Angeles) | 3/26/2007 | 07-cv-01958 | Assigned to: Judge George H. King<br>Referred to: Magistrate Judge Andrew J. Wistrich |
| **District of Connecticut** | | | | |
| Lauri A. Osborne<br>v.<br>Menu Foods Inc. | DCT - New Haven | 3/26/2007 | 07-cv-00469 | Assigned to: Judge Robert N. Chatigny |
| **District of New Jersey** | | | | |
| Jared Workman, Mark Cohen, Mona Cohen<br>v.<br>Menu Foods Limited, Menu Foods Inc., and Menu Foods Midwest Corporation | DNJ - Camden | 3/23/2007 | 07-cv-01338 | Assigned to: Judge Noel L. Hillman<br>Referred to: Magistrate Judge Ann Marie Donio |
| Suzanne Thomson, Robert Trautmann<br>v.<br>Menu Foods Income Fund, John Does 1-100 | DNJ - Newark | 3/23/2007 | 07-cv-01360 | Assigned to: Judge Peter G. Sheridan<br>Referred to: Magistrate Judge Esther Salas |
| Larry Wilson<br>v.<br>Menu Foods Income Fund, Menu Foods Inc., Menu Foods Holdings, Inc., Menu Foods Midwest Corp., Xuzhou Anying Biologic Technology Development Company Ltd., Suzhou Textile Import and Export Company | DNJ - Camden | 3/27/2007 | 07-cv-01456 | Assigned to: Judge Noel L. Hillman<br>Referred to: Magistrate Judge Ann Marie Donio |
| Paul Richard, Jennifer Richard, Charles Kohler, Alicia Kohler<br>v.<br>Menu Foods Income Fund, Menu Foods Limited, Menu Foods Holdings, Inc., Menu Foods, Menu Foods Midwest Corp., Menu Foods South Dakota, Inc., ABC Partnerships, XYZ Corps. | DNJ - Camden | 3/27/2007 | 07-cv-01457 | Assigned to: Judge Noel L. Hillman<br>Referred to: Magistrate Judge Ann Marie Donio |
| Linda Tinker<br>v.<br>Menu Foods Inc. | DNJ - Camden | 3/26/2007 | 07-cv-01468 | Assigned to: Judge Noel L. Hillman<br>Referred to: Magistrate Judge Ann Marie Donio |
| Janice Bonier, Guy Britton, Tammy Matthews<br>v.<br>Menu Foods Inc., Menu Foods Income Funds, Menu Foods Midwest Corp. | DNJ - Camden | 3/29/2007 | 07-cv-01477 | Assigned to: Judge Noel L. Hillman<br>Referred to: Magistrate Judge Ann Marie Donio |
| Julie Hidalgo<br>v.<br>Menu Foods Inc., Menu Foods Income Fund, Menu Foods Midwest Corp., Menu Foods South Dakota, Inc. | DNJ - Camden | 3/29/2007 | 07-cv-01488 | Assigned to: Judge Noel L. Hillman<br>Referred to: Magistrate Judge Ann Marie Donio |
| Alexander Nunez<br>v.<br>Menu Foods Limited, Menu Foods Inc., Menu Foods Midwest Corp., Menu Foods Income Fund, Menu Foods South Dakota, Inc., Menu Foods Holdings, Inc. | DNJ - Camden | 3/29/2007 | 07-cv-01490 | Assigned to: Judge Noel L. Hillman<br>Referred to: Magistrate Judge Ann Marie Donio |
| Mark Golding<br>v.<br>Menu Foods Limited, Menu Foods Inc., Menu Foods Midwest Corp., Menu Foods Income Fund, Menu Foods South Dakota, Inc., Menu Foods Holdings, Inc., Does 1 Through 100 | DNJ - Camden | 3/30/2007 | 07-cv-01521 | Assigned to: Judge Noel L. Hillman<br>Referred to: Magistrate Judge Ann Marie Donio |

## SCHEDULE OF ACTIONS

| Court Case Caption | Court Filed | Date Filed | Case No. | Assigned/Referred Judges |
|---|---|---|---|---|
| Troy Gagliardi<br>v.<br>Menu Foods Inc., Menu Foods Income Fund, Menu Foods Midwest Corp., Menu Foods South Dakota, Inc. | DNJ - Camden | 3/30/2007 | 07-cv-01522 | Assigned to: Judge Noel L. Hillman<br>Referred to: Magistrate Judge Ann Marie Donio |
| Kami Turturro<br>v.<br>Menu Foods Inc., Menu Foods Income Fund, Menu Foods Midwest Corp., Menu Foods South Dakota, Inc. | DNJ - Camden | 3/30/2007 | 07-cv-01523 | Assigned to: Judge Noel L. Hillman<br>Referred to: Magistrate Judge Ann Marie Donio |
| Peggy Schneider<br>v.<br>Menu Foods Limited, Menu Foods Inc., Menu Foods Midwest Corp. | DNJ - Camden | 4/2/2007 | 07-cv-01533 | Assigned to: Judge Noel L. Hillman<br>Referred to: Magistrate Judge Ann Marie Donio |
| Jayme Pittsonberger<br>v.<br>Menu Foods Inc., Menu Foods Midwest Corporation, Menu Foods Income Fund, and Menu Foods Limited | DNJ - Camden | 4/2/2007 | 07-cv-01561 | Assigned to: Judge Noel L. Hillman<br>Referred to: Magistrate Judge Ann Marie Donio |
| David Carter<br>v.<br>Menu Foods Inc., Menu Foods Midwest Corporation, Menu Foods Income Fund, and Menu Foods Limited | DNJ - Camden | 4/3/2007 | 07-cv-01562 | Assigned to: Judge Noel L. Hillman<br>Referred to: Magistrate Judge Ann Marie Donio |
| Jim Bullock<br>v.<br>Menu Foods Inc., Menu Foods Midwest Corporation, Menu Foods Income Fund, and Menu Foods Limited | DNJ | 4/4/2007 | 07-cv-01579 | Assigned to: Judge Noel L. Hillman<br>Referred to: Magistrate Judge Ann Marie Donio |
| **District of Rhode Island** | | | | |
| Carol Brown<br>v.<br>Menu Foods Inc, Menu Foods Income Fund, Menu Foods Midwest Corporation, Menu Foods South Dakota, Inc. | DRI - Providence | 3/27/2007 | 07-cv-00115 | Assigned to: Judge Mary M Lisi<br>Referred to: Magistrate Judge Lincoln D. Almond |
| **Eastern District of Tennessee** | | | | |
| Lizajean Holt<br>v.<br>Menu Foods Inc. | EDTN - Knoxville | 3/19/2007 | 07-cv-00094 | Assigned to: Honorable Thomas W Phillips<br>Referred to: Magistrate C Clifford Shirley |
| **Northern District of Illinois** | | | | |
| Dawn Majerczyk<br>v.<br>Menu Foods Inc. | NDIL - Chicago | 3/20/2007 | 07-cv-01543 | Assigned to: Honorable Wayne R. Andersen |
| **Southern District of Florida** | | | | |
| Christina Troiano<br>v.<br>Menu Foods Inc., Menu Foods Income Fund | SDFL - Ft. Lauderdale | 3/26/2007 | 07-cv-60428 | Assigned to: Judge James I. Cohn<br>Referred to: Magistrate Judge Lurana S. Snow |
| **Western District of Arkansas** | | | | |
| Charles Ray Sims, Pamela Sims<br>v.<br>Menu Foods Income Fund, Menu Foods Midwest Corporation, Menu Foods South Dakota Inc., Menu Foods Inc., Menu Foods Holdings, Inc. | WDAK - Fayetteville | 3/21/2007 | 07-cv-05053 | Assigned to: Honorable Jimm Larry Hendren |
| Richard Scott Widen, Barbara Widen<br>v.<br>Menu Foods, Menu Foods Income Fund, Menu Foods Gen Par Limited, Menu Foods Limited Partnership, Menu Foods Operating Partnership, Menu Foods Midwest Corporation, Menu Foods South Dakota, Menu Foods Inc., Menu Foods Holdings, Inc., Wal-Mart Stores, Inc. | WDAK - Fayetteville | 3/23/2007 | 07-cv-05055 | Assigned to: Robert T. Dawson |

Kaplan Fox & Kilsheimer LLP

SCHEDULE OF ACTIONS

| Court & Case Caption | Court Filed | Date Filed | Case No. | Judge |
|---|---|---|---|---|
| **Western District of Washington** | | | | |
| Tom Whaley<br>v.<br>Menu Foods, The Iams Company, Dog Food Producers Numbers 1-50, Cat Food Producers 1-40 | WDWA - Seattle | 3/19/2007 | 07-cv-00411 | Assigned to: Hon. Ricardo S Martinez |
| Stacey Heller, Toinette Robinson, David Rapp, Cecily Mitchell, Terrence Mitchell<br>v.<br>Menu Foods, a foreign corporation | WDWA - Seattle | 3/27/2007 | 07-cv-00453 | Assigned to: John C Coughenour |
| Suzanne E Johnson, Craig R Klemann<br>v.<br>Menu Foods | WDWA - Seattle | 3/27/2007 | 07-cv-00455 | Assigned to: John C Coughenour |
| Audrey Kornelius, Barbara Smith<br>v.<br>Menu Foods | WDWA - Seattle | 3/27/2007 | 07-cv-00454 | Assigned to: Hon. Marsha J. Pechman |
| Michele Suggett, Don James<br>v.<br>Menu Foods, Iams Company, Eukanuba, Dog Food Producers Numbers 1-100, Cat Food Producers 1-100, Does 1-100 | WDWA - Seattle | 3/27/2007 | 07-cv-00457 | Assigned to: Hon. Ricardo S Martinez |
| | | | | |

FILED
LODGED
RECEIVED   MAIL

APR 06 2007

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY



## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

IN RE PET FOODS PRODUCT     )
LIABILITY LITIGATION       )     MDL Docket No.1850
                                 )
                                 )

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon all Parties' counsel of record, or upon

the Party if no counsel of record appears, a copy of the within and foregoing **"PLAINTIFFS**

**JAYME PITTSONBERGER, DAVID CARTER AND JIM BULLOCK'S JOINT**

**MOTION FOR TRANSFER AND COORDINATION PURSUANT TO 28 U.S.C §1407"** by

causing a copy of same to be deposited in the United States mail, postage prepaid, and properly

addressed to the person and entities listed on the attached service list.

This is also to certify that I have this day mailed to the clerk of each United States

District Court in which an action is pending that will be affected by the Motion for Transfer and

Coordination Pursuant to 28 U.S.C. § 1407 a copy, for purposes of filing in said Court, of the

within and foregoing **"PLAINTIFFS JAYME PITTSONBERGER, DAVID CARTER AND**

**JIM BULLOCK'S JOINT MOTION FOR TRANSFER AND COORDINATION**

**PURSUANT TO 28 U.S.C §1407"** by causing a copy of same to be deposited in the United

States mail, postage prepaid, and properly addressed to the courts listed on the attached service

list.

Dated: April 5, 2007

Respectfully submitted,
KAPLAN FOX & KILSHEIMER LLP

ROBERT KAPLAN
LINDA NUSSBAUM
CHRISTINE M. FOX
805 Third Avenue, 22nd Floor.
New York, NY 10022
Tel:   (212) 687-1980
Fax:   (212) 687-7714

KAPLAN FOX & KILSHEIMER LLP
LAURENCE D. KING
555 Montgomery Street, Suite 1501
San Francisco, CA 94111
Tel:   (415) 772-4700
Fax:   (415) 772-4707

*Attorneys for Plaintiffs Pittsonberger,*
*Carter, and Bullock*

KAPLAN FOX & KILSHEIMER LLP
WILLIAM J. PINILIS
237 South Street
Morristown, NJ 07962
Tel:   (973) 656-0222
Fax:   (973) 401-1114

*Attorneys for Plaintiffs Carter and Bullock*

SCHNEIDER & WALLACE
TODD M. SCHNEIDER
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Tel:   (415) 421-7100
Fax:   (415) 421-7105

*Attorneys for Plaintiffs Pittsonberger,
Carter, and Bullock*


THE MASON LAW FIRM, L.L.P.
GARY E. MASON
DONNA F. SOLEN
1225 19th Street, N.W., Suite 500
Washington, D.C. 20036
Tel: (202) 429-2290
Fax: (202) 429-2294

*Attorneys for Plaintiffs Pittsonberger,
Carter, and Bullock*

KANTROWITZ, GOLDHAMMER &
GRAIFMAN
GARY S. GRAIFMAN
210 Summit Avenue
Montvale, NJ 07645
Tel: (201) 391-7000
Fax: (201) 307-1086

*Attorneys for Plaintiff Pittsonberger*


KARP, FROSH, LAPIDUS, WIGODSKY
& NORWIND, P.A.
JEFFREY A. WIGODSKY
1133 Connecticut Avenue, N.W., Suite 250
Washington, D.C. 20036
Tel: (202) 822-3777
Fax: (202) 822-9722

*Attorneys for Plaintiff Pittsonberger*

VANEK, VICKERS & MASINI P.C.
JOSEPH M. VANEK
111 S. Wacker Drive, Suite 4050
Chicago, IL 60606
Tel: (312) 224-1500
Fax: (312) 224-1510

*Attorneys for Plaintiff Pittsonberger*

| OTHER PLAINTIFFS' COUNSEL IN THESE ACTIONS | |
|---|---|
| **Counsel for Plaintiffs in the *Sims* Action:**<br><br>Jason M. Hatfield<br>Lundy & Davis, LLP<br>300 North College Ave., Suite 309<br>Fayetteville, AR 72701<br>Tel.: 479/527-3921<br>Fax: 479/587-9196<br>Email: jhatfield@lundydavis.com | **Counsel for Plaintiffs in *Scott, et al.* Action:**<br><br>Jeremy Young Hutchinson<br>Patton, Roberts, McWilliams & Capshaw<br>111 Center Street, Suite 1315<br>Little Rock, AR 72201<br>Tel.: 501/372-3480<br>Fax: 501/372-3488<br>Email: jhutchinson@pattonroberts.com |
| **Counsel for Plaintiffs in *Scott, et al.* Action:**<br><br>Richard Adams<br>Patton, Roberts, McWilliams & Capshaw<br>Century Bank Plaza, Suite 400<br>P.O. Box 6128<br>Texarkana, TX 75505-6128 | **Counsel For Plaintiffs In The *Schneider, And Workman, et al* Actions:**<br><br>Donna Siegel Moffa<br>Trujillo, Rodriguez & Richards, LLP<br>8 Kings Highway West<br>Haddonfield, NJ 08033<br>Tel.: 856/795-9002<br>Email: donna@trrlaw.com |
| **Counsel for Plaintiffs in the *Workman, et al,* Action:**<br><br>Sherrie R. Savett<br>Berger & Montague, P.C.<br>1622 Locust Street<br>Philadelphia, PA 19103 | **Counsel for Plaintiffs in the *Workman, et al,* Action:**<br><br>Robert A. Rovner<br>Rovner, Allen, Rovner, Zimmerman & Nash<br>175 Bustleton Pike<br>Feasterville, PA 19053-6456 |
| **Counsel for Plaintiff in the *Troiano* Action:**<br><br>Paul J. Geller<br>Lerach Coughlin Stoia Geller Rudman<br>  Robbins LLP<br>120 E. Palmetto Park Road, Suite 500<br>Boca Raton, FL 33432-4809<br>Tel.: 561/750-3000 | **Counsel for Plaintiffs in the *Workman, et al,* Action:**<br><br>Lawrence Kopelman<br>Kopelman & Blankman<br>350 E. Las Olas Blvd., Suite 980<br>Ft. Lauderdale, FL 33301<br>Tel.: 954/462-6899 |

| Counsel for Plaintiff in the *Holt* Action: | Counsel for Plaintiff in the *Holt* Action: |
|---|---|
| A. James Andres<br>Nicole Bass<br>905 Locust Street<br>Knoxville, TN 37902<br>Tel.: 865/660-3993<br>Fax: 865/523-4623<br>Email: andrewsesq@iex.net | Perry A. Craft<br>Craft & Sheppard<br>214 Centerview Dr., Suite 233<br>Brentwood, TN 37027<br>Tel.: 615/309-1707<br>Fax: 615/309-1717<br>Email: perrycraft@craftsheppardlaw.com |
| **Counsel for Plaintiff in the *Holt* Action:**<br><br>Nicole Bass<br>905 Locust Street<br>Knoxville, TN 37902 | **Counsel for Plaintiff in the *Whaley, Heller, et al.* and *Kornelius, et al.* Actions:**<br><br>Michael David Myers<br>Myers & Company<br>1809 7th Ave., Suite 700<br>Seattle, WA 98101<br>Tel.: 206/398-1188<br>Fax: 206/398-1189<br>Email: mmyers@myers-company.com |
| **Counsel for Plaintiff in the *Majerczyk* Action:**<br><br>Jay Edelson<br>Blim & Edelson, LLC<br>53 West Jackson Blvd., Suite 1642<br>Chicago, IL 60604<br>Tel.: 312/913-9400<br>Email: jay@blimlaw.com | **Counsel for Plaintiffs in the *Suggett, et al.* Action:**<br><br>Adam P. Karp<br>Animal Law Offices<br>114 W. Magnolia St., Suite 425<br>Bellingham, WA 98225<br>Tel.: 360/392-3936<br>Email: adam@animal-lawyer.com |
| **Counsel for Plaintiffs in the *Osborne* Action:**<br><br>Bruce E. Newman<br>Newman, Creed & Associates<br>99 North Street, Route 6<br>P.O. Box 575<br>Bristol, CT 06011-0575<br>Tel.: 860/583-5200 | **Counsel for Plaintiff in the *Johnson, et al.* Action:**<br><br>Mr. Philip H. Gordon<br>Gordon Law Offices<br>623 West Hays St.<br>Boise, ID 83702<br>Tel.: 208/345-7100<br>Email: pgordon@gordonlawoffices.com |

| | |
|---|---|
| **Counsel for Plaintiff in the *Sexton* Action:**<br><br>Mark J. Tamblyn<br>Wexler Toriseva Wallace LLP<br>1610 Arden Way, Suite 290<br>Sacramento, CA 95815 | **Counsel for Plaintiff in the *Sexton* Action:**<br><br>Stuart C. Talley<br>Kershaw, Cutter & Ratnoff, LLP<br>980 9th Street, 19th Floor<br>Sacramento, CA 95814 |
| **Counsel for Plaintiffs in the *Thompson, and Trautman* Action:**<br><br>Gregg D. Trautmann<br>Trautmann & Associates, LLC<br>262 East Main Street<br>Rockaway, NJ 07866<br>(973) 316-8100<br>gdt@trautmann.com | **Counsel for Plaintiffs in the *Tinker* Action:**<br><br>Alan E. Sash<br>Mclaughlin & Stern, LLP.<br>260 Madison Avenue<br>New York, NY 10016<br>212-448-1100<br>212-448-0066 (fax) |
| **Counsel for Plaintiffs in the *Wilson, Hidalgo, Nunez, Golding, Gagliardi, Turturro, and Richard, Et Al* Actions:**<br><br>Joseph J. Depalma<br>Lite, Depalma, Greenberg & Rivas, LLC<br>Two Gateway Center<br>12th Floor<br>Newark, NJ 07102-5003<br>(973) 623-3000<br>jdepalma@ldgrlaw.com | **Counsel for Plaintiffs in the *Bonier, et al* Action:**<br><br>Michael A. Ferrara, Jr.<br>The Ferrara Law Firm<br>601 Longwood Avenue<br>Cherry Hill, Nj 08002<br>(856) 779-9500<br>Mferrara@Ferraralawfirm.Com |
| **Counsel for Plaintiffs in the *Carter, et al* Action:**<br><br>Todd M. Schneider<br>Schneider & Wallace<br>180 Montgomery Street, Suite 2000<br>San Francisco, CA 94104<br>(415) 421-7100<br>(415) 421-7105 (fax) | **Counsel for Plaintiffs in the *Pittsonberg, and Carter, et al* Action:**<br><br>Gary E. Mason<br>Donna F. Solen<br>The Mason Law Firm, L.L.P.<br>1225 19th Street, Nw<br>Suite 500<br>Washington, D.C. 20036<br>(202) 429-2290<br>(202) 429-2294 (fax) |

| **Counsel for Plaintiffs in the *Brown* Action:** | **Counsel for Plaintiffs in the *Brown* Action:** |
|---|---|
| Peter N. Wasylyk<br>Law Offices Of Peter N Wasylyk<br>1307 Chalkstone Ave.<br>1307 Chalkstone Ave.<br>Providence, Ri 02908<br>(401) 831-7730<br>(401) 861-6064 (fax) | Andre S. Kierstead<br>Law Offices Of Andrew S. Kierstead<br>1001 Sw Fifth Ave., Suite 1100<br>Portland, Or 97204<br>(508) 224-6246<br>(508) 224-4356 (fax) |
| **Counsel for Plaintiffs in the *Brown* Action:** | **Counsel for Plaintiffs in the *Heller, et al, and Johnson, et al, and Kornelius, et al* Actions:** |
| Marc Stanley<br>Stanley, Mandel, & Iola, Llp<br>3100 Monticello Avenue, Suite 750<br>Dallas, Texas 75205<br>(214) 443-4300<br>(214) 443-0358 (fax) | Steve W. Berman<br>Hagens Berman Sobol Shapiro Llp<br>1301 5th Ave<br>Ste 2900<br>Seattle, Wa 98101<br>206-623-7292<br>Steve@Hbsslaw.Com |

| COURTS | |
|---|---|
| Clerk of Court<br>U.S. District Court, Western District of Washington<br>700 Stewart Street<br>Seattle, WA  98101 | Clerk of Court<br>U.S. District Court, Western District of Arkansas<br>35 E. Mountain Street, Suite 510<br>Fayetteville, AR  72701-5354 |
| Clerk of Court<br>U.S. District Court, District of New Jersey<br>4th & Cooper Streets, Suite 1050<br>Camden, NJ  08101 | Clerk of Court<br>U.S. District Court<br>Southern District of Florida<br>299 E. Broward Blvd., Suite 108<br>Fort, Lauderdale, FL  33301 |
| Clerk of Court<br>U.S. District Court, District of New Jersey<br>Martin Luther King Building & U.S. Courthouse 50 Walnut Street Room 4015<br>Newark, NJ 07101 | Clerk of Court<br>U.S. District Court, District of Connecticut<br>450 Main<br>Hartford, CT  06103 |
| Clerk of Court<br>U.S. District Court, Central District of California<br>312 N. Spring St., Rm G-8<br>Los Angeles, CA  90012 | Clerk of Court<br>U.S. District Court, Northern District of Illinois<br>209 S. Dearborn Street<br>Chicago, IL  60604 |
| Clerk of the Court<br>c/o Lynn Kamke, Divisional Manager<br>U.S. District Court, Eastern District of Tennessee<br>800 Market Street, Suite 130<br>Knoxville, TN  37902 | Clerk of Court<br>U.S. District Court, District of Rhode Island<br>Federal Building and Courthouse<br>One Exchange Terrace<br>Providence, RI 02903 |