# EXHIBIT A

Dockets.Justia.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

_____FILED _____ENTERED
_____LODGED_____ RECEIVED

MAR 19 2007   DJ

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                        DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

TOM WHALEY individually and on behalf of
all others similarly situated,

           Plaintiff,

      vs.

MENU FOODS, a foreign corporation, THE
IAMS COMPANY, a foreign corporation, DOG
FOOD PRODUCERS NUMBERS 1- 50 and
CAT FOOD PRODUCERS 1- 40,

        Defendants.

No. **CV7 0411 M**

CLASS ACTION COMPLAINT

**07-CV-00411-CMP**

Plaintiff Tom Whaley, by and through his undersigned attorneys, Myers & Company,

P.L.L.C., brings this civil action for damages on behalf of himself and all others similarly

situated against the above-named Defendants and complains and alleges as follows:

## I.    NATURE OF ACTION

1.1    Mr. Whaley brings this action as a Class Action pursuant to Rule 23 of the

Federal Rules of Civil Procedure on behalf of all persons who purchased any dog or cat food

MYERS & COMPANY, P.L.L.C.
1809 SEVENTH AVENUE, SUITE 700
SEATTLE, WASHINGTON 98101
TELEPHONE (206) 398-1188

1   which was produced by any of the above-named defendants and/or has had a dog or cat become

2   ill as a result of eating the food.

3       1.2     The defendants are producers and distributors of, *inter alia,* dog and cat food.

4   Menu Foods produces dog and cat food under familiar brand names such as Iams, Eukanuba and

5   Science Diet. Menu Foods distributes its dog and cat food throughout the United States to

6   retailers such as Wal-Mart, Kroger and Safeway.

7
8       1.3     Dog and cat food which the defendants produced has caused an unknown number

9   of dogs and cats to become ill and die.

10      1.4     To date, Menu Foods has recalled 50 brands of dog food and 40 brands of cat

11  food which are causing dogs and cats to become ill. All recalled food to date is of the "cuts and

12  gravy wet" style.

13      1.5     As a result of the Defendants' actions Mr. Whaley and other Class members have

14  suffered emotional and economic damage.

15                      **II.     PARTIES**

16      2.1     Plaintiff Tom Whaley has at all material times been a resident of Ontario, Oregon.

17      2.2     Defendant Menu Foods is, upon information and belief, a corporation organized

18  under the laws of Canada which transacts business in Washington State and Oregon State.

19
20      2.3     Defendant The Iams Company, is upon information and belief, a foreign

21  corporation which transacts business in Washington State and Oregon State.

22                  **III.    JURISDICTION AND VENUE**

23      3.1     Subject matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because the

24  Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds

25

CLASS ACTION COMPLAINT - 2

1 $75,000.00. This court has supplemental jurisdiction over the state law claims pursuant to 28
2 U.S.C. § 1367.

3    3.2    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) because
4 the Defendants systematically and continuously sold their product within this district and
5 Defendants transact business within this district.

6                    IV.    CLASS ACTION ALLEGATION

7    4.1    Mr. Whaley brings this suit as a class action pursuant to Rules 23(a), (b)(1), (b)(2)
8 and (b)(3) of the Federal Rules of Civil Procedure, on behalf of himself and a Plaintiff Class (the
9 "Class") composed of all persons who purchased any dog or cat food which was produced by the
10 defendants and/or has had a dog or cat become ill as a result of eating the food. Mr. Whaley
11
12 reserves the right to modify this class definition prior to moving for class certification.

13    4.2    This action has been brought and may be properly maintained as a class action
14 pursuant to Rule 23 of the Federal Rules of Civil Procedure for the following reasons:

15       a.    The Class is ascertainable and there is a well-defined community of
16 interest among the members of the Class;

17       b.    Membership in the Class is so numerous as to make it impractical to bring
18 all Class members before the Court. The identity and exact number of Class members is
19
20 unknown but is estimated to be at least in the hundreds, if not thousands considering the fact that
21 Menu Foods has identified 50 dog foods and 40 cat foods which may be causing harm to pets.

22       c.    Mr. Whaley's claims are typical of those of other Class members, all of
23 whom have suffered harm due to Defendants' uniform course of conduct.

24       d.    Mr. Whaley is a member of the Class.

25

CLASS ACTION COMPLAINT - 3

MYERS & COMPANY, P.L.L.C.
1809 SEVENTH AVENUE, SUITE 700
SEATTLE, WASHINGTON 98101
TELEPHONE (206) 398-1188

e.    There are numerous and substantial questions of law and fact common to all of the members of the Class which control this litigation and predominate over any individual issues pursuant to Rule 23(b)(3). The common issues include, but are not limited to, the following:

i.    Did the defendants make representations regarding the safety of the dog and cat food they produced and sold?

ii.    Were the defendants' representations regarding the safety of the dog and cat food false?

iii.    Did the defendants' dog and cat food cause Mr. Whaley and other Class members' pets to become ill?

iv.    Were Mr. Whaley and other Class members damaged?

f.    These and other questions of law or fact which are common to the members of the Class predominate over any questions affecting only individual members of the Class;

g.    Mr. Whaley will fairly and adequately protect the interests of the Class in that Mr. Whaley has no interests that are antagonistic to other members of the Class and has retained counsel competent in the prosecution of class actions to represent himself and the Class;

h.    Without a class action, the Class will continue to suffer damage, Defendants' violations of the law or laws will continue without remedy, and Defendants will continue to enjoy the fruits and proceeds of their unlawful misconduct;

i.    Given (i) the substantive complexity of this litigation; (ii) the size of individual Class members' claims; and (iii) the limited resources of the Class members, few, if

CLASS ACTION COMPLAINT - 4

1    any, Class members could afford to seek legal redress individually for the wrongs Defendants

2    have committed against them;

3          j.      This action will foster an orderly and expeditious administration of Class

4    claims, economies of time, effort and expense, and uniformity of decisions;

5          k.      Inferences and presumptions of materiality and reliance are available to

6    obtain class-wide determinations of those elements within the Class claims, as are accepted

7

8    methodologies for class-wide proof of damages; alternatively, upon adjudication of Defendants'

9    common liability, the Court can efficiently determine the claims of the individual Class

10   members;

11          l.      This action presents no difficulty that would impede the Court's

12   management of it as a class action, and a class action is the best (if not he only) available means

13   by which members of the Class can seek legal redress for the harm caused them by Defendants.

14          m.      In the absence of a class action, Defendants would be unjustly enriched

15   because they would be able to retain the benefits and fruits of their wrongful conduct.

16      4.3      The Claims in this case are also properly certifiable under applicable law.

17                  **V.**      **STATEMENT OF FACTS**

18      5.1      Plaintiff Tom Whaley was the owner of a female cat named Samoya.

19      5.2      Mr. Whaley purchased Iams brand cuts and gravy wet-style cat food from Wal-

20   Mart for Samoya to consume.

21

22      5.3      Samoya ate the Iams brand cuts and gravy wet-style cat food between December

23   2006 and February 2007.

24

25

CLASS ACTION COMPLAINT - 5

MYERS & COMPANY, P.L.L.C.
1809 SEVENTH AVENUE, SUITE 700
SEATTLE, WASHINGTON 98101
TELEPHONE (206) 398-1188

5.4    Samoya became extremely ill and Mr. Whaley took her to a veterinarian who informed him that Samoya had suffered kidney failure, also known as acute renal failure. Samoya had to be euthanized.

5.5    In March 2007 Menu Foods recalled 50 brands of cuts and gravy wet-style dog food and 40 brands of cuts and gravy wet-style cat food which had caused dogs and pets to become ill. One common symptom in the sick animals was kidney failure, also known as acute renal failure.

5.6    The Iams brand cuts and gravy wet-style cat food that Samoya consumed between December 2006 and February 2007 is one of the brands that Menu Foods recalled.

5.7    As a result of Defendants' acts and omissions Mr. Whaley and other Class members have suffered emotional and economic damage.

## VI.    CAUSES OF ACTION

A.    Breach of Contract

6.1    Plaintiff realleges all prior allegations as though fully stated herein.

6.2    Plaintiff and Class members purchased pet food produced by the defendants based on the understanding that the food was safe for their pets to consume.

6.3    The pet food produced by the defendants was not safe for pets to consume and caused dogs and cats to become ill. The unsafe nature of the pet food constituted a breach of contract.

6.4    As a result of the breach Plaintiffs and Class members suffered damages which may fairly and reasonably be considered as arising naturally from the breach or may reasonably be supposed to have been in the contemplation of the parties, at the time they made the contract, as the probable result of the breach of it.

CLASS ACTION COMPLAINT - 6

MYERS & COMPANY, P.L.L.C.
1809 SEVENTH AVENUE, SUITE 700
SEATTLE, WASHINGTON 98101
TELEPHONE (206) 398-1188

B.     Unjust Enrichment

6.5     Mr. Whaley realleges all prior allegations as though fully stated herein.

6.6     Defendants were and continue to be unjustly enriched at the expense of Mr. Whaley and other Class members.

6.7     Defendants should be required to disgorge this unjust enrichment.

C.     Unlawful, Deceptive and Unfair Business Practices

6.8     Mr. Whaley realleges all prior allegations as though fully stated herein.

6.9     Defendants' sale of tainted pet food constitutes an unlawful, deceptive and unfair business act within the meaning of the Washington Consumer Protection Act, RCW 19.86 *et seq.*, and similar statutory enactments of other states (including consumer protection and consumer sales practice acts).

6.10     Defendants' sale of hazardous pet food has the capacity to deceive a substantial portion of the public and to affect the public interest.

6.11     As a result of Defendants' unfair or deceptive acts or practices Mr. Whaley and other class members suffered injuries in an amount to be proven at trial.

D.     Breach of Warranties

6.12     Mr. Whaley realleges all prior allegations as though fully stated herein.

6.13     Cat food and dog food produced by Menu Foods are "goods" within the meaning of Uniform Commercial Code Article 2.

6.14     Defendants' conduct as described herein constitutes breach of an implied or express warranty of affirmation.

6.15     Defendants' conduct as described herein constitutes breach of an implied warranty of merchantability.

CLASS ACTION COMPLAINT - 7

MYERS & COMPANY, P.L.L.C.
1809 SEVENTH AVENUE, SUITE 700
SEATTLE, WASHINGTON 98101
TELEPHONE (206) 398-1188

1    6.16    Defendants' conduct as described herein constitutes breach of an implied

2    warranty of fitness for a particular purpose.

3    6.17    As a proximate result of the aforementioned wrongful conduct and breach, Mr.

4    Whaley and other class members have suffered damages in an amount to be proven at trial.

5    Defendants had actual or constructive notice of such damages.

6
     E.    Negligent Misrepresentation
7
     6.18    Mr. Whaley realleges all prior allegations as though fully stated herein.
8
9    6.19    Defendants owed Mr. Whaley and class members a duty to exercise reasonable

10   care in representing the safety of its dog and cat foods.

11   6.20    Defendants falsely represented that its dog and cat food was safe for consumption

12   by dogs and cats.

13   6.21    In reality, defendants' dog and cat food caused dogs and cats to become ill and, in

14   some cases, to die.

15   6.22    Mr. Whaley and class members reasonably relied on the information provided by

16   Defendants regarding the safety of its dog and cat food.

17   6.23    As a proximate cause of Defendants' false representations Mr. Whaley and other

18   Class members suffered damages in an amount to be proven at trial.

19
                    VII.    PRAYER FOR RELIEF
20
21   WHEREFORE, Mr. Whaley and Class members request that the Court enter an order of

22   judgment against Defendants including the following:

23   A.    Certification of the action as a class action pursuant to Rule 23(b)(3) of the

24   Federal Rules of Civil Procedure with respect to the claims for damages, and appointment of

25   Plaintiffs as Class Representatives and their counsel of record as Class Counsel;

CLASS ACTION COMPLAINT - 8

MYERS & COMPANY, P.L.L.C.
1809 SEVENTH AVENUE, SUITE 700
SEATTLE, WASHINGTON 98101
TELEPHONE (206) 398-1188

1       B.     Actual damages (including all general, special, incidental, and consequential

2 damages), statutory damages (including treble damages), punitive damages (as allowed by the

3 law(s) of the states having a legally sufficient connection with defendants and their acts or

4 omissions) and such other relief as provided by the statutes cited herein;

5       C.     Prejudgment and post-judgment interest on such monetary relief;

6       D.     Equitable relief in the form of restitution and/or disgorgement of all unlawful or

7 illegal profits received by Defendants as a result of the unfair, unlawful and/or deceptive conduct

8 alleged herein;

9

10       E.     Other appropriate injunctive relief;

11       F.     The costs of bringing this suit, including reasonable attorneys' fees; and

12       G.     Such other relief as this Court may deem just, equitable and proper.

13       DATED this 19th day of March, 2007.

14                              MYERS & COMPANY, P.L.L.C.

15                              Attorneys for Plaintiffs and Class members

16

17                         By:   /s/ Michael David Myers

18                              Michael David Myers
                             WSBA No. 22486

19                              Myers & Company, P.L.L.C.
                             1809 Seventh Avenue, Suite 700

20                              Seattle, Washington 98101
                             Telephone: (206) 398-1188

21                              Facsimile: (206) 400-1112
                             E-mail: mmyers@myers-company.com

22

23

24

25

CLASS ACTION COMPLAINT - 9                 MYERS & COMPANY, P.L.L.C.
                                      1809 SEVENTH AVENUE, SUITE 700
                                      SEATTLE, WASHINGTON 98101
                                      TELEPHONE (206) 398-1188

# EXHIBIT B

\_\_\_\_FILED        \_\_\_\_ENTERED
\_\_\_\_LODGED      \_\_\_\_RECEIVED

★   i iAR 2 7 2007   ★

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STACEY HELLER, TOINETTE ROBINSON, DAVID RAPP, and CECILY AND TERRENCE MITCHELL, individually and on behalf of all others similarly situated,

                    Plaintiff,

    v.

MENU FOODS, a foreign corporation,

                    Defendant.

No. **CV 07 - 0453** 

CLASS ACTION COMPLAINT

Plaintiffs Stacey Heller, Toinette Robinson, David Rapp, and Cecily and Terrence Mitchell ("Plaintiffs"), by and through their undersigned attorneys, bring this civil action for damages on behalf of themselves and all others similarly situated against the above-named Defendant and complain and allege as follows:

## I.    NATURE OF ACTION

1.    Plaintiffs bring this action as a Class Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who purchased any dog or cat food that was produced by defendant Menu Foods and/or has had a dog or cat become ill or die as a result of eating the food.

2.    The Defendant is a producer of, *inter alia*, dog and cat food.  Menu Foods produces dog and cat food sold under familiar brand names such as Iams, Eukanuba and Science



1   Diet. Menu Foods distributes its dog and cat food throughout the United States to retailers such
2   as Wal-Mart, Kroger and Safeway.

3     3.  Dog and cat food that the Defendant produced caused an unknown number of
4   dogs and cats to become ill, and many of them to die.

5     4.  To date, Menu Foods has recalled 50 brands of dog food and 40 brands of cat
6   food that have sickened and killed dogs and cats. All recalled food to date is of the "cuts and
7   gravy wet" style.

8     5.  As a result of the Defendant's actions, Plaintiffs and other Class members have
9   suffered economic damage.

10      **II.  PARTIES**

11    6.  Plaintiff Stacey Heller has at all material times been a resident of Pulaski,
12  Virginia. Ms. Heller had a pet that became sick and died after eating Defendant's pet food.

13    7.  Plaintiff Toinette Robinson has at all material times been a resident of Truckee,
14  California. Ms. Robinson had a pet that became sick and died after eating Defendant's pet food.

15    8.  Plaintiff David Rapp has at all material times been a resident of Hannover
16  Township, Pennsylvania. Mr. Rapp had a pet that became sick and died after eating Defendant's
17  pet food.

18    9.  Plaintiffs Cecily and Terrence Mitchell have at all material times been a resident
19  of Seattle, Washington. The Mitchells had a pet that became sick and died after eating
20  Defendant's pet food.

21    10.  Defendant Menu Foods is, upon information and belief, a corporation organized
22  under the laws of Canada that transacts business in Washington State.

23      **III.  JURISDICTION AND VENUE**

24    11.  Subject-matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because the
25  Plaintiffs and Defendant are citizens of different states and the amount in controversy exceeds

26

CLASS ACTION COMPLAINT - 2
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1   $75,000.00. This Court has supplemental jurisdiction over the state-law claims under 28 U.S.C.

2   § 1367.

3       12.    Venue is proper in this judicial district under 28 U.S.C. § 1391(a) because the

4   Defendant systematically and continuously sold its product within this district and Defendant

5   transacts business within this district.

## IV.    CLASS ACTION ALLEGATION

7       13.    Plaintiffs bring this suit as a class action under Rules 23(a), (b)(1), (b)(2) and

8   (b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and a Plaintiff Class (the

9   "Class") composed of all persons who purchased any dog or cat food that was produced by the

10  Defendant and/or has had a dog or cat become ill or die as a result of eating the food. Plaintiffs

11  reserve the right to modify this class definition before moving for class certification.

12      14.    The Class is ascertainable and there is a well-defined community of interest

13  among the members of the Class.

14      15.    Membership in the Class is so numerous as to make it impractical to bring all

15  Class members before the Court. The identity and exact number of Class members is unknown

16  but is estimated to be at least in the hundreds, if not thousands considering the fact that Menu

17  Foods has identified 50 dog foods and 40 cat foods that may be causing harm to pets.

18      16.    Plaintiffs' claims are typical of those of other Class members, all of whom have

19  suffered harm due to Defendant's uniform course of conduct.

20      17.    Plaintiffs are members of the Class.

21      18.    There are numerous and substantial questions of law and fact common to all of

22  the members of the Class that control this litigation and predominate over any questions affecting

23  only individual members of the Class. The common issues include, but are not limited to, the

24  following:

25          (a)    Was the Defendant's dog and cat food materially defective, and unfit for

26  use as dog or cat food?

CLASS ACTION COMPLAINT - 3
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 161395 V1

(b)    Whether Defendant breached any contract, implied contract or warranties related to the sale of the dog and cat food?

(c)    Did the Defendant's dog and cat food cause Plaintiffs' and other Class members' pets to become ill?

(d)    Were Plaintiffs and other Class members damaged, and, if so, what is the proper measure thereof?

(e)    The appropriate form of injunctive, declaratory and other relief.

19.    The prosecution of separate actions by members of the Class would create a risk of establishing incompatible standards of conduct for the Defendant – for example, one court might decide that the Defendant is obligated under the law to pay damages to Class members, and another might decide that the Defendant is not so obligated.  Individual actions may, as a practical matter, be dispositive of the interests of the Class.

20.    Plaintiffs will fairly and adequately protect the interests of the Class in that they have no interests that are antagonistic to other members of the Class and have retained counsel competent in the prosecution of class actions to represent themselves and the Class.

21.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Given (i) the substantive complexity of this litigation; (ii) the size of individual Class members' claims; and (iii) the limited resources of the Class members, few, if any, Class members could afford to seek legal redress individually for the wrongs Defendant has committed against them.

22.    Without a class action, the Class will continue to suffer damage, Defendant's violations of the law or laws will continue without remedy, and Defendant will continue to enjoy the fruits and proceeds of its unlawful misconduct.

23.    This action will foster an orderly and expeditious administration of Class claims, economies of time, effort and expense, and uniformity of decision.

CLASS ACTION COMPLAINT - 4
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 161395 V1

24.    Inferences and presumptions of materiality and reliance are available to obtain class-wide determinations of those elements within the Class claims, as are accepted methodologies for class-wide proof of damages; alternatively, upon adjudication of Defendant's common liability, the Court can efficiently determine the claims of the individual Class members.

25.    This action presents no difficulty that would impede the Court's management of it as a class action, and a class action is the best (if not the only) available means by which members of the Class can seek legal redress for the harm caused them by Defendant.

26.    In the absence of a class action, Defendant would be unjustly enriched because it would be able to retain the benefits and fruits of its wrongful conduct.

27.    The Claims in this case are also properly certifiable under applicable law.

## V.    STATEMENT OF FACTS

28.    Plaintiff Stacey Heller was the owner of a female cat named Callie.

29.    Ms. Heller purchased Special Kitty wet cat food from Wal-Mart for Callie to consume.

30.    Callie ate the Special Kitty brand wet-style cat food for several years before her death.

31.    Callie became extremely ill during the week of March 12, 2007. On March 14, 2007, Ms. Heller took Callie to a veterinarian, who informed her that Callie had suffered kidney failure, also known as acute renal failure. On March 19, 2007, Callie had to be euthanized.

32.    Plaintiff Toinette Robinson was the owner of a female dog named Lhotse.

33.    Ms. Robinson purchased Priority U.S. brand wet dog food from Safeway for Lhotse to consume.

34.    Lhotse ate the Priority U.S. brand wet dog food before her death.

CLASS ACTION COMPLAINT  - 5
Case No.

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 161395 V1

35.     Lhotse became extremely ill during the end of January 2007. On February 1, 2007, Ms. Robinson took Lhotse to a veterinarian, who informed her that Lhotse had suffered kidney failure. On February 15, 2007, Lhotse had to be euthanized.

36.     Plaintiff David Rapp was the owner of a male dog named Buck.

37.     Mr. Rapp purchased Weiss Total Pet wet-style dog food for Buck to consume.

38.     Buck became extremely ill in early February 2007. On February 10, 2007, Mr. Rapp took Buck to a veterinarian, who informed him that Buck had suffered kidney failure. Buck died soon afterwards.

39.     Plaintiffs Cecily and Terrence Mitchell were the owners of a male cat named Yoda.

40.     The Mitchells purchased Iams wet cat food from QFC for Yoda to consume.

41.     Yoda became extremely ill and died after eating Iams wet pouches.

42.     In March 2007, Menu Foods recalled 50 brands of cuts and gravy wet-style dog food and 40 brands of cuts and gravy wet-style cat food that had caused dogs and pets to become ill. One common symptom in the sick animals was kidney failure.

43.     The Special Kitty wet cat food from Wal-Mart that Callie consumed for several years before her death is one of the brands that Menu Foods recalled.

44.     The Priority U.S. brand wet dog food from Safeway that Lhotse consumed before her death is also one of the brands that Menu Foods recalled.

45.     The Weiss Total Pet wet-style dog food that Buck consumed before his death is another of the brands that Menu Foods recalled.

46.     The Iams wet cat food from QFC that Yoda consumed years before his death is also one of the brands that Menu Foods recalled.

47.     As a result of Defendant's acts and omissions Plaintiffs and other Class members have suffered economic damage.

CLASS ACTION COMPLAINT - 6
Case No.


HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 161395 V1

## VI.    BREACH OF CONTRACT

48.    Plaintiffs reallege all prior allegations as though fully stated herein.

49.    Plaintiffs and Class members purchased pet food produced by the Defendant based on the understanding that the food was safe for their pets to consume.

50.    The pet food produced by the Defendant was not safe for pets to consume and caused dogs and cats to become ill.  The unsafe nature of the pet food constituted a breach of contract.

51.    As a result of the breach Plaintiffs and Class members suffered damages that may fairly and reasonably be considered as arising naturally from the breach or may reasonably be supposed to have been in the contemplation of the parties, at the time they made the contract, as the probable result of the breach of it.

## VII.    UNJUST ENRICHMENT

52.    Plaintiffs reallege all prior allegations as though fully stated herein.

53.    Defendant was and continues to be unjustly enriched at the expense of Plaintiffs and other Class members.

54.    Defendant should be required to disgorge this unjust enrichment.

## VIII.    UNLAWFUL, DECEPTIVE AND UNFAIR BUSINESS PRACTICES

55.    Plaintiffs reallege all prior allegations as though fully stated herein.

56.    Defendant's sale of tainted pet food constitutes an unlawful, deceptive and unfair business act within the meaning of the Washington Consumer Protection Act, RCW 19.86 *et seq.*, and similar statutory enactments of other states (including consumer protection and consumer sales practice acts).

57.    Defendant's sale of hazardous pet food has the capacity to deceive a substantial portion of the public and to affect the public interest.

58.    As a result of Defendant's unfair or deceptive acts or practices, Plaintiffs and other Class members suffered injuries in an amount to be proven at trial.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

## IX.    BREACH OF WARRANTIES

59.    Plaintiffs reallege all prior allegations as though fully stated herein.

60.    Cat food and dog food produced by Menu Foods are "goods" within the meaning of Uniform Commercial Code Article 2.

61.    Defendant's conduct as described herein constitutes breach of an implied or express warranty of affirmation.

62.    Defendant's conduct as described herein constitutes breach of an implied warranty of merchantability.

63.    Defendant's conduct as described herein constitutes breach of an implied warranty of fitness for a particular purpose.

64.    As a proximate result of the aforementioned wrongful conduct and breach, Plaintiffs and other Class members have suffered damages in an amount to be proven at trial. Defendant had actual or constructive notice of such damages.

## X.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and Class members request that the Court enter an order of judgment against Defendant including the following:

Certification of the action as a class action under Rule 23(b)(1) - (3) of the Federal Rules of Civil Procedure with respect to the claims for damages, and appointment of Plaintiffs as Class Representative and their counsel of record as Class Counsel;

Actual damages (including all general, special, incidental, and consequential damages), statutory damages (including treble damages), punitive damages (as allowed by the law(s) of the states having a legally sufficient connection with Defendant and its acts or omissions) and such other relief as provided by the statutes cited herein;

Prejudgment and post-judgment interest on such monetary relief;



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 161395 V1

1    Equitable relief in the form of restitution and/or disgorgement of all unlawful or illegal

2  profits received by Defendant as a result of the unfair, unlawful and/or deceptive conduct alleged

3  herein;

4    Other appropriate injunctive relief;

5    The costs of bringing this suit, including reasonable attorneys' fees; and

6    Such other relief as this Court may deem just, equitable and proper.

7    DATED this 27th day of March, 2007.

8                         HAGENS BERMAN SOBOL SHAPIRO LLP

9

10                       By: /s/ Steve W. Berman 
                             Steve W. Berman, WSBA #12536
11                           1301 Fifth Avenue, Suite 2900
                             Seattle, Washington  98101
12                           Telephone: (206) 623-7292
                             Facsimile: (206) 623-0594
13                           E-mail:  steve@hbsslaw.com

14

15                       MYERS & COMPANY, P.L.L.C.
                             Michael David Myers
16                           1809 Seventh Avenue, Suite 700
                             Seattle, Washington  98101
17                           Telephone:  (206) 398-1188
                             Facsimile:  (206) 400-1112
18                           E-mail:  mmyers@myers-company.com

19                           *Attorneys for Plaintiffs*

20

21

22

23

24

25

26

CLASS ACTION COMPLAINT  - 9
Case No.

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 161395 V1

# EXHIBIT C

_____ FILED          _____ ENTERED
_____ LODGED         _____ RECEIVED

★   MAR 2 / 2007   ★

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY

UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AUDREY KORNELIUS and BARBARA
SMITH, individually and on behalf of all others
similarly situated,

                          Plaintiff,

    v.

MENU FOODS, a foreign corporation,

                          Defendant.

No. C 07-0454 MJP

CLASS ACTION COMPLAINT

       Plaintiffs Audrey Kornelius and Barbara Smith ("Plaintiffs"), by and through their
undersigned attorneys, bring this civil action for damages on behalf of themselves and all others
similarly situated against the above-named Defendant and complain and allege as follows:

                  **I.     NATURE OF ACTION**

      1.     Plaintiffs bring this action as a Class Action under Rule 23 of the Federal Rules of
Civil Procedure on behalf of all persons who purchased any dog or cat food that was produced
by defendant Menu Foods and/or has had a dog or cat become ill or die as a result of eating the
food.

      2.     The Defendant is a producer of, *inter alia*, dog and cat food.  Menu Foods
produces dog and cat food sold under familiar brand names such as Iams, Eukanuba and Science

CLASS ACTION COMPLAINT - 1
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11  161466 VI

1  Diet. Menu Foods distributes its dog and cat food throughout the United States to retailers such

2  as Wal-Mart, Kroger and Safeway.

3      3.    Dog and cat food that the Defendant produced caused an unknown number of

4  dogs and cats to become ill, and many of them to die.

5      4.    To date, Menu Foods has recalled 50 brands of dog food and 40 brands of cat

6  food that have sickened and killed dogs and cats. All recalled food to date is of the "cuts and

7  gravy wet" style.

8      5.    As a result of the Defendant's actions, Plaintiffs and other Class members have

9  suffered economic damage.

10  **II.    PARTIES**

11      6.    Plaintiff Audrey Kornelius has at all material times been a resident of Ferndale,

12  Washington. Ms. Kornelius has a pet that became sick after eating Defendant's pet food.

13      7.    Plaintiff Barbara Smith has at all material times been a resident of Bremerton,

14  Washington. Ms. Smith has a pet that became sick after eating Defendant's pet food.

15      8.    Defendant Menu Foods is, upon information and belief, a corporation organized

16  under the laws of Canada that transacts business in Washington State.

17  **III.    JURISDICTION AND VENUE**

18      9.    Subject-matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because the

19  Plaintiffs and Defendant are citizens of different states and the amount in controversy exceeds

20  $75,000.00. This Court has supplemental jurisdiction over the state-law claims under 28 U.S.C.

21  § 1367.

22      10.    Venue is proper in this judicial district under 28 U.S.C. § 1391(a) because the

23  Defendant systematically and continuously sold its product within this district and Defendant

24  transacts business within this district.

25

26

CLASS ACTION COMPLAINT - 2
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 161466 V1

## IV.    CLASS ACTION ALLEGATION

11.    Plaintiffs bring this suit as a class action under Rules 23(a), (b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and a Plaintiff Class (the "Class") composed of all persons who purchased any dog or cat food that was produced by the Defendant and/or has had a dog or cat become ill or die as a result of eating the food.  Plaintiffs reserve the right to modify this class definition before moving for class certification.

12.    The Class is ascertainable and there is a well-defined community of interest among the members of the Class.

13.    Membership in the Class is so numerous as to make it impractical to bring all Class members before the Court.  The identity and exact number of Class members is unknown but is estimated to be at least in the hundreds, if not thousands considering the fact that Menu Foods has identified 50 dog foods and 40 cat foods that may be causing harm to pets.

14.    Plaintiffs' claims are typical of those of other Class members, all of whom have suffered harm due to Defendant's uniform course of conduct.

15.    Plaintiffs are members of the Class.

16.    There are numerous and substantial questions of law and fact common to all of the members of the Class that control this litigation and predominate over any questions affecting only individual members of the Class.  The common issues include, but are not limited to, the following:

(a)    Was the Defendant's dog and cat food materially defective, and unfit for use as dog or cat food?

(b)    Whether Defendant breached any contract, implied contract or warranties related to the sale of the dog and cat food?

(c)    Did the Defendant's dog and cat food cause Plaintiffs' and other Class members' pets to become ill?

CLASS ACTION COMPLAINT - 3
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 161466 V1

(d)    Were Plaintiffs and other Class members damaged, and, if so, what is the proper measure thereof?

(e)    The appropriate form of injunctive, declaratory and other relief.

17.    The prosecution of separate actions by members of the Class would create a risk of establishing incompatible standards of conduct for the Defendant -- for example, one court might decide that the Defendant is obligated under the law to pay damages to Class members, and another might decide that the Defendant is not so obligated. Individual actions may, as a practical matter, be dispositive of the interests of the Class.

18.    Plaintiffs will fairly and adequately protect the interests of the Class in that they have no interests that are antagonistic to other members of the Class and have retained counsel competent in the prosecution of class actions to represent themselves and the Class.

19.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Given (i) the substantive complexity of this litigation; (ii) the size of individual Class members' claims; and (iii) the limited resources of the Class members, few, if any, Class members could afford to seek legal redress individually for the wrongs Defendant has committed against them.

20.    Without a class action, the Class will continue to suffer damage, Defendant's violations of the law or laws will continue without remedy, and Defendant will continue to enjoy the fruits and proceeds of its unlawful misconduct.

21.    This action will foster an orderly and expeditious administration of Class claims, economies of time, effort and expense, and uniformity of decision.

22.    Inferences and presumptions of materiality and reliance are available to obtain class-wide determinations of those elements within the Class claims, as are accepted methodologies for class-wide proof of damages; alternatively, upon adjudication of Defendant's common liability, the Court can efficiently determine the claims of the individual Class members.

CLASS ACTION COMPLAINT - 4
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11  161466 V1

23.     This action presents no difficulty that would impede the Court's management of it as a class action, and a class action is the best (if not the only) available means by which members of the Class can seek legal redress for the harm caused them by Defendant.

24.     In the absence of a class action, Defendant would be unjustly enriched because it would be able to retain the benefits and fruits of its wrongful conduct.

25.     The Claims in this case are also properly certifiable under applicable law.

## V.     STATEMENT OF FACTS

26.     Plaintiff Audrey Kornelius is the owner of a puppy named Shiwa.

27.     Ms. Kornelius purchased Nutro Natural Choice Puppy for Shiwa to consume.

28.     Shewa became extremely ill after consuming Defendant's dog food.

29.     Plaintiff Barbara Smith is the owner of a cat named Neko.

30.     Ms. Smith purchased Priority U.S. brand cat food from Safeway for Neko to consume.

31.     Neko became extremely ill after consuming Defendant's cat food. Ms. Smith's veterinarian has informed her that Neko will need monitoring for life.

32.     In March 2007, Menu Foods recalled 50 brands of cuts and gravy wet-style dog food and 40 brands of cuts and gravy wet-style cat food that had caused dogs and pets to become ill. One common symptom in the sick animals was kidney failure.

33.     The Nutro Natural Choice Puppy food that Shiwa consumed is one of the brands that Menu Foods recalled.

34.     The Priority U.S. brand cat food from Safeway that Neko consumed is also one of the brands that Menu Foods recalled.

35.     As a result of Defendant's acts and omissions Plaintiffs and other Class members have suffered economic damage.

## VI.     BREACH OF CONTRACT

36.     Plaintiffs reallege all prior allegations as though fully stated herein.

CLASS ACTION COMPLAINT - 5
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11  161466 V1

37.     Plaintiffs and Class members purchased pet food produced by the Defendant based on the understanding that the food was safe for their pets to consume.

38.     The pet food produced by the Defendant was not safe for pets to consume and caused dogs and cats to become ill.  The unsafe nature of the pet food constituted a breach of contract.

39.     As a result of the breach Plaintiffs and Class members suffered damages that may fairly and reasonably be considered as arising naturally from the breach or may reasonably be supposed to have been in the contemplation of the parties, at the time they made the contract, as the probable result of the breach of it.

### VII.    UNJUST ENRICHMENT

40.     Plaintiffs reallege all prior allegations as though fully stated herein.

41.     Defendant was and continues to be unjustly enriched at the expense of Plaintiffs and other Class members.

42.     Defendant should be required to disgorge this unjust enrichment.

### VIII.    UNLAWFUL, DECEPTIVE AND UNFAIR BUSINESS PRACTICES

43.     Plaintiffs reallege all prior allegations as though fully stated herein.

44.     Defendant's sale of tainted pet food constitutes an unlawful, deceptive and unfair business act within the meaning of the Washington Consumer Protection Act, RCW 19.86 *et seq.*, and similar statutory enactments of other states (including consumer protection and consumer sales practice acts).

45.     Defendant's sale of hazardous pet food has the capacity to deceive a substantial portion of the public and to affect the public interest.

46.     As a result of Defendant's unfair or deceptive acts or practices, Plaintiffs and other Class members suffered injuries in an amount to be proven at trial.

### IX.    BREACH OF WARRANTIES

47.     Plaintiffs reallege all prior allegations as though fully stated herein.

CLASS ACTION COMPLAINT - 6
Case No.

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 161466 VI

1    48.    Cat food and dog food produced by Menu Foods are "goods" within the meaning

2  of Uniform Commercial Code Article 2.

3    49.    Defendant's conduct as described herein constitutes breach of an implied or

4  express warranty of affirmation.

5    50.    Defendant's conduct as described herein constitutes breach of an implied

6  warranty of merchantability.

7    51.    Defendant's conduct as described herein constitutes breach of an implied

8  warranty of fitness for a particular purpose.

9    52.    As a proximate result of the aforementioned wrongful conduct and breach,

10  Plaintiffs and other Class members have suffered damages in an amount to be proven at trial.

11  Defendant had actual or constructive notice of such damages.

12    ## X.    PRAYER FOR RELIEF

13    WHEREFORE, Plaintiffs and Class members request that the Court enter an order of

14  judgment against Defendant including the following:

15    Certification of the action as a class action under Rule 23(b)(1) - (3) of the Federal Rules

16  of Civil Procedure with respect to the claims for damages, and appointment of Plaintiffs as Class

17  Representative and their counsel of record as Class Counsel;

18    Actual damages (including all general, special, incidental, and consequential damages),

19  statutory damages (including treble damages), punitive damages (as allowed by the law(s) of the

20  states having a legally sufficient connection with Defendant and its acts or omissions) and such

21  other relief as provided by the statutes cited herein;

22    Prejudgment and post-judgment interest on such monetary relief;

23    Equitable relief in the form of restitution and/or disgorgement of all unlawful or illegal

24  profits received by Defendant as a result of the unfair, unlawful and/or deceptive conduct alleged

25  herein;

26    Other appropriate injunctive relief;

CLASS ACTION COMPLAINT - 7
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1    The costs of bringing this suit, including reasonable attorneys' fees; and

2    Such other relief as this Court may deem just, equitable and proper.

3    DATED this 27th day of March, 2007.

4                        HAGENS BERMAN SOBOL SHAPIRO LLP

5

6                        By: /s/ Steve W. Berman
                         Steve W. Berman, WSBA #12536
7                        1301 Fifth Avenue, Suite 2900
                         Seattle, Washington 98101
8                        Telephone: (206) 623-7292
                         Facsimile: (206) 623-0594
9                        E-mail: steve@hbsslaw.com

10

11                       MYERS & COMPANY, P.L.L.C.
                         Michael David Myers
12                       WSBA No. 22486
                         Myers & Company, P.L.L.C.
13                       1809 Seventh Avenue, Suite 700
                         Seattle, Washington 98101
14                       Telephone: (206) 398-1188
                         Facsimile: (206) 400-1112
15                       E-mail: mmyers@myers-company.com

16                       *Attorneys for Plaintiffs*

17

18

19

20

21

22

23

24

25

26

CLASS ACTION COMPLAINT - 8
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 161466 V1

# EXHIBIT D

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

___ FILED          ___ ENTERED
___ LODGED      ___ RECEIVED

☆   MAR 2 / 2007   ☆

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                    DEPUTY

UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SUZANNE E. JOHNSON and CRAIG R.
KLEMANN, individually and on behalf of all
others similarly situated,

                                    Plaintiff,

        v.

MENU FOODS, a foreign corporation,

                                    Defendant.

No. **CV 07 - 0455** JCC

CLASS ACTION COMPLAINT

        Plaintiffs Suzanne E. Johnson and Craig R. Klemann ("Plaintiffs"), by and through their

undersigned attorneys, bring this civil action for damages on behalf of themselves and all others

similarly situated against the above-named Defendant and complain and allege as follows:

## I.        NATURE OF ACTION

        1.        Plaintiffs bring this action as a Class Action under Rule 23 of the Federal Rules of

Civil Procedure on behalf of all persons who purchased any dog or cat food that was produced

by defendant Menu Foods and/or has had a dog or cat become ill or die as a result of eating the

food.

        2.        The Defendant is a producer of, *inter alia*, dog and cat food. Menu Foods

produces dog and cat food sold under familiar brand names such as Iams, Eukanuba and Science

CLASS ACTION COMPLAINT  - 1
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11  161455 V1

1  Diet. Menu Foods distributes its dog and cat food throughout the United States to retailers such

2  as Wal-Mart, Kroger and Safeway.

3      3.    Dog and cat food that the Defendant produced caused an unknown number of

4  dogs and cats to become ill, and many of them to die.

5      4.    To date, Menu Foods has recalled 50 brands of dog food and 40 brands of cat

6  food that have sickened and killed dogs and cats. All recalled food to date is of the "cuts and

7  gravy wet" style.

8      5.    As a result of the Defendant's actions, Plaintiffs and other Class members have

9  suffered economic damage.

10                **II.    PARTIES**

11      6.    Plaintiffs Suzanne E. Johnson and Craig R. Klemann have at all material times

12  been residents of Meridian, Idaho. Ms. Johnson and Mr. Klemann have a pet that became sick

13  after eating Defendant's pet food.

14      7.    Defendant Menu Foods is, upon information and belief, a corporation organized

15  under the laws of Canada that transacts business in Washington State.

16                **III.    JURISDICTION AND VENUE**

17      8.    Subject-matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because the

18  Plaintiffs and Defendant are citizens of different states and the amount in controversy exceeds

19  $75,000.00. This Court has supplemental jurisdiction over the state-law claims under 28 U.S.C.

20  § 1367.

21      9.    Venue is proper in this judicial district under 28 U.S.C. § 1391(a) because the

22  Defendant systematically and continuously sold its product within this district and Defendant

23  transacts business within this district.

24                **IV.    CLASS ACTION ALLEGATION**

25      10.    Plaintiffs bring this suit as a class action under Rules 23(a), (b)(1), (b)(2) and

26  (b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and a Plaintiff Class (the

CLASS ACTION COMPLAINT  - 2
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 161455 V1

"Class") composed of all persons who purchased any dog or cat food that was produced by the Defendant and/or has had a dog or cat become ill or die as a result of eating the food. Plaintiffs reserve the right to modify this class definition before moving for class certification.

11.    The Class is ascertainable and there is a well-defined community of interest among the members of the Class.

12.    Membership in the Class is so numerous as to make it impractical to bring all Class members before the Court. The identity and exact number of Class members is unknown but is estimated to be at least in the hundreds, if not thousands considering the fact that Menu Foods has identified 50 dog foods and 40 cat foods that may be causing harm to pets.

13.    Plaintiffs' claims are typical of those of other Class members, all of whom have suffered harm due to Defendant's uniform course of conduct.

14.    Plaintiffs are members of the Class.

15.    There are numerous and substantial questions of law and fact common to all of the members of the Class that control this litigation and predominate over any questions affecting only individual members of the Class. The common issues include, but are not limited to, the following:

(a)    Was the Defendant's dog and cat food materially defective, and unfit for use as dog or cat food?

(b)    Whether Defendant breached any contract, implied contract or warranties related to the sale of the dog and cat food?

(c)    Did the Defendant's dog and cat food cause Plaintiffs' and other Class members' pets to become ill?

(d)    Were Plaintiffs and other Class members damaged, and, if so, what is the proper measure thereof?

(e)    The appropriate form of injunctive, declaratory and other relief.

CLASS ACTION COMPLAINT - 3
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 161455 V1

16.     The prosecution of separate actions by members of the Class would create a risk of establishing incompatible standards of conduct for the Defendant – for example, one court might decide that the Defendant is obligated under the law to pay damages to Class members, and another might decide that the Defendant is not so obligated.  Individual actions may, as a practical matter, be dispositive of the interests of the Class.

17.     Plaintiffs will fairly and adequately protect the interests of the Class in that they have no interests that are antagonistic to other members of the Class and have retained counsel competent in the prosecution of class actions to represent themselves and the Class.

18.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Given (i) the substantive complexity of this litigation; (ii) the size of individual Class members' claims; and (iii) the limited resources of the Class members, few, if any, Class members could afford to seek legal redress individually for the wrongs Defendant has committed against them.

19.     Without a class action, the Class will continue to suffer damage, Defendant's violations of the law or laws will continue without remedy, and Defendant will continue to enjoy the fruits and proceeds of its unlawful misconduct.

20.     This action will foster an orderly and expeditious administration of Class claims, economies of time, effort and expense, and uniformity of decision.

21.     Inferences and presumptions of materiality and reliance are available to obtain class-wide determinations of those elements within the Class claims, as are accepted methodologies for class-wide proof of damages; alternatively, upon adjudication of Defendant's common liability, the Court can efficiently determine the claims of the individual Class members.

22.     This action presents no difficulty that would impede the Court's management of it as a class action, and a class action is the best (if not the only) available means by which members of the Class can seek legal redress for the harm caused them by Defendant.

CLASS ACTION COMPLAINT - 4
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11  161455 V1

23.     In the absence of a class action, Defendant would be unjustly enriched because it would be able to retain the benefits and fruits of its wrongful conduct.

24.     The Claims in this case are also properly certifiable under applicable law.

## V.     STATEMENT OF FACTS

25.     Plaintiffs Suzanne E. Johnson and Craig R. Klemann are owners of a male cat named Ollie.

26.     Ms. Johnson and Mr. Klemann purchased Special Kitty wet cat food from Wal-Mart and Pet Pride wet cat food from Fred Meyer for Ollie to consume.

27.     Ollie ate the Special Kitty and Pet Pride brand wet-style cat food for several years before becoming ill.

28.     Ollie became extremely ill after consuming Defendant's cat food and now suffers from kidney problems.

29.     In March 2007, Menu Foods recalled 50 brands of cuts and gravy wet-style dog food and 40 brands of cuts and gravy wet-style cat food that had caused dogs and pets to become ill. One common symptom in the sick animals was kidney failure.

30.     The Special Kitty wet cat food from Wal-Mart and the Pet Pride wet cat food from Fred Meyer that Ollie consumed for several years before becoming ill are brands that Menu Foods recalled.

31.     As a result of Defendant's acts and omissions Plaintiffs and other Class members have suffered economic damage.

## VI.     BREACH OF CONTRACT

32.     Plaintiffs reallege all prior allegations as though fully stated herein.

33.     Plaintiffs and Class members purchased pet food produced by the Defendant based on the understanding that the food was safe for their pets to consume.

CLASS ACTION COMPLAINT - 5
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 161455 V1

34.    The pet food produced by the Defendant was not safe for pets to consume and caused dogs and cats to become ill.  The unsafe nature of the pet food constituted a breach of contract.

35.    As a result of the breach Plaintiffs and Class members suffered damages that may fairly and reasonably be considered as arising naturally from the breach or may reasonably be supposed to have been in the contemplation of the parties, at the time they made the contract, as the probable result of the breach of it.

## VII.    UNJUST ENRICHMENT

36.    Plaintiffs reallege all prior allegations as though fully stated herein.

37.    Defendant was and continues to be unjustly enriched at the expense of Plaintiffs and other Class members.

38.    Defendant should be required to disgorge this unjust enrichment.

## VIII.    UNLAWFUL, DECEPTIVE AND UNFAIR BUSINESS PRACTICES

39.    Plaintiffs reallege all prior allegations as though fully stated herein.

40.    Defendant's sale of tainted pet food constitutes an unlawful, deceptive and unfair business act within the meaning of the Washington Consumer Protection Act, RCW 19.86 *et seq.*, and similar statutory enactments of other states (including consumer protection and consumer sales practice acts).

41.    Defendant's sale of hazardous pet food has the capacity to deceive a substantial portion of the public and to affect the public interest.

42.    As a result of Defendant's unfair or deceptive acts or practices, Plaintiffs and other Class members suffered injuries in an amount to be proven at trial.

## IX.    BREACH OF WARRANTIES

43.    Plaintiffs reallege all prior allegations as though fully stated herein.

44.    Cat food and dog food produced by Menu Foods are "goods" within the meaning of Uniform Commercial Code Article 2.

CLASS ACTION COMPLAINT - 6
Case No.

HB

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 161455 V1

1    45.    Defendant's conduct as described herein constitutes breach of an implied or

2    express warranty of affirmation.

3    46.    Defendant's conduct as described herein constitutes breach of an implied

4    warranty of merchantability.

5    47.    Defendant's conduct as described herein constitutes breach of an implied

6    warranty of fitness for a particular purpose.

7    48.    As a proximate result of the aforementioned wrongful conduct and breach,

8    Plaintiffs and other Class members have suffered damages in an amount to be proven at trial.

9    Defendant had actual or constructive notice of such damages.

10                    **X.    PRAYER FOR RELIEF**

11    WHEREFORE, Plaintiffs and Class members request that the Court enter an order of

12    judgment against Defendant including the following:

13    Certification of the action as a class action under Rule 23(b)(1) - (3) of the Federal Rules

14    of Civil Procedure with respect to the claims for damages, and appointment of Plaintiffs as Class

15    Representative and their counsel of record as Class Counsel;

16    Actual damages (including all general, special, incidental, and consequential damages),

17    statutory damages (including treble damages), punitive damages (as allowed by the law(s) of the

18    states having a legally sufficient connection with Defendant and its acts or omissions) and such

19    other relief as provided by the statutes cited herein;

20    Prejudgment and post-judgment interest on such monetary relief;

21    Equitable relief in the form of restitution and/or disgorgement of all unlawful or illegal

22    profits received by Defendant as a result of the unfair, unlawful and/or deceptive conduct alleged

23    herein;

24    Other appropriate injunctive relief;

25    The costs of bringing this suit, including reasonable attorneys' fees; and

26    Such other relief as this Court may deem just, equitable and proper.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 161455 V1

1     DATED this 27th day of March, 2007.

2                        HAGENS BERMAN SOBOL SHAPIRO LLP

3

4                        By: _____

5                          Steve W. Berman, WSBA #12536
                          1301 Fifth Avenue, Suite 2900

6                         Seattle, Washington  98101
                         Telephone: (206) 623-7292

7                         E-mail:  steve@hbsslaw.com

8                        Philip H. Gordon
                         Bruce S. Bistline

9                        Gordon Law Offices
                        623 West Hays St.

10                      Boise, ID  83702
                        Telephone:  (208) 345-7100

11                      Facsimile: (206) 623-0594
                        E-mail:  pgordon@gordonlawoffices.com

12

13                      *Attorneys for Plaintiffs*

14

15

16

17

18

19

20

21

22

23

24

25

26

CLASS ACTION COMPLAINT  - 8
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 161455 V1