# EXHIBIT E

Dockets.Justia.com

FILED ____ENTERED
LODGED____RECEIVED

MAR 27 2007  DJ

AT SEATTLE
CLERK U.S. DISTRICT COURT
BY  WESTERN DISTRICT OF WASHINGTON
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHELE SUGGETT and DON JAMES, individually and on behalf of all similarly situated;

    Plaintiffs,

vs.

MENU FOODS, a foreign corporation; THE IAMS COMPANY, a foreign corporation; EUKANUBA, a foreign corporation; DOG FOOD PRODUCERS NUMBERS 1-100 and CAT FOOD PRODUCERS 1-100; and DOES 1-100;

    Defendants.

Case No.: **CV7    457** RSM

**CLASS ACTION COMPLAINT**

07-CV-00457-CMP

## I.  NATURE OF ACTION

1. Plaintiffs bring this action as a Class Action pursuant to FRCP 23 on behalf of all persons who purchased any dog or cat food produced by any of the above-named defendants and/or had a dog or cat become ill or die as a result of eating same.

2. The defendants are producers and distributors of, inter alia, dog and cat food. Menu Foods produces dog and cat food under familiar brand names such as Iams, Eukanuba and Science Diet. Menu Foods distributes its dog and cat food throughout the United

CLASS ACTION COMPLAINT - 1

ANIMAL LAW OFFICES OF
ADAM P. KARP, ESQ.
114 W. Magnolia St., Ste. 425 • Bellingham, WA 98225
(360) 738-7273 • Facsimile: (360) 392-3936
adam@animal-lawyer.com

States to retailers such as Wal-Mart, Kroger and Safeway.

3. Dog and cat food which the defendants produced has caused an unknown number of dogs and cats to become ill and die.

4. To date, Menu Foods has recalled 50 brands of dog food and 40 brands of cat food which are causing dogs and cats to become ill. All recalled food to date is of the "cuts and gravy wet" style.

5. As a result of the Defendants' actions, Plaintiffs and other Class members have suffered noneconomic and economic damage.

## II. JURISDICTION, PARTIES, AND VENUE

6. This court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332(a)(1) based on diversity and an amount of controversy in excess of $75,000. This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) because the Defendants systematically and continuously sold their product within this district, and Defendants transact business within this district.

8. Eleven-year-old, female canine named Shasta ("Shasta") was regarded by Plaintiffs as their ward, sentient personalty, and member of their family.

9. Plaintiffs MICHELE SUGGETT and DON JAMES ("Plaintiffs") are, and at all times herein were, residents of this judicial district and the owners/guardians of Shasta.

10. Defendant Menu Foods is, upon information and belief, a corporation organized under the laws of Canada that transacts business in Washington State and Oregon State.

11. Defendant The Iams Company, is upon information and belief, a foreign corporation that transacts business in Washington State and Oregon State.

12. Defendant Eukanuba, is upon information and belief, a foreign corporation that transacts business in Washington State and Oregon State.

13. There are numerous other persons or entities, DOG FOOD PRODUCERS, CAT FOOD PRODUCERS, AND DOES 1-100, identities presently unknown to Plaintiffs who are, and were at all times mentioned herein, acting in concert or are jointly and severally liable with the above named Defendants. Each of the DOE Defendants sued herein under a fictitious name is responsible in some manner for the events and occurrences referred to herein. When the true names, capacities and involvement of said Defendants are ascertained, Plaintiffs will seek leave to amend the complaint accordingly.

CLASS ACTION COMPLAINT - 2

ANIMAL LAW OFFICES OF
ADAM P. KARP, ESQ.
114 W. Magnolia St., Ste. 425 • Bellingham, WA 98225
(360) 738-7273 • Facsimile: (360) 392-3936
adam@animal-lawyer.com

### III. CLASS ACTION ALLEGATION

14. Plaintiffs bring this suit as a class action pursuant to Rules 23(a), (b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and a Plaintiff Class (the "Class") composed of all persons who purchased any dog or cat food which was produced by the defendants and/or has had a dog or cat become ill or die as a result of eating the food. Plaintiffs reserve the right to modify this class definition prior to moving for class certification.

15. This action has been brought and may be properly maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure for the following reasons:

    a.    The Class is ascertainable and there is a well-defined community of interest among the members of the Class;

    b.    Membership in the Class is so numerous as to make it impractical to bring all Class members before the Court. The identity and exact number of Class members is unknown but is estimated to be at least in the hundreds, if not thousands considering the fact that Menu Foods has identified 50 dog foods and 40 cat foods which may be causing harm to companion animals.

    c.    Plaintiffs' claims are typical of those of other Class members, all of whom have suffered harm due to Defendants' uniform course of conduct.

    d.    Plaintiffs are members of the Class.

    e.    There are numerous and substantial questions of law and fact common to all of the members of the Class which control this litigation and predominate over any individual issues pursuant to Rule 23(b)(3). The common issues include, but are not limited to, the following:

        i.    Did the defendants make representations regarding the safety of the dog and cat food they produced and sold?

        ii.    Were the defendants' representations regarding the safety of the dog and cat food false?

        iii.    Did the defendants' dog and cat food cause or allow Plaintiffs and other Class members' companion animals to become ill or die?

        iv.    Did the defendants produce a hazardous product for nonhuman animal consumption? If so, did this occur as a result of negligent, grossly negligent, reckless, or intentional conduct?

CLASS ACTION COMPLAINT - 3

ANIMAL LAW OFFICES OF
ADAM P. KARP, ESQ.
114 W. Magnolia St., Ste. 425 • Bellingham, WA 98225
(360) 738-7273 • Facsimile: (360) 392-3936
adam@animal-lawyer.com

v.    Were Plaintiffs and other Class members damaged?

f.    These and other questions of law or fact which are common to the members of the Class predominate over any questions affecting only individual members of the Class;

g.    Plaintiffs will fairly and adequately protect the interests of the Class in that Plaintiffs have no interests that are antagonistic to other members of the Class and has retained counsel competent in the prosecution of class actions to represent themselves and the Class;

h.    Without a class action, the Class will continue to suffer damage, Defendants' violations of the law or laws will continue without remedy, and Defendants will continue to enjoy the fruits and proceeds of their unlawful misconduct;

i.    Given (i) the substantive complexity of this litigation; (ii) the size of individual Class members' claims; and (iii) the limited resources of the Class members, few, if any, Class members could afford to seek legal redress individually for the wrongs Defendants have committed against them;

j.    This action will foster an orderly and expeditious administration of Class claims, economies of time, effort and expense, and uniformity of decision;

k.    Inferences and presumptions of materiality and reliance are available to obtain class-wide determinations of those elements within the Class claims, as are accepted methodologies for class-wide proof of damages; alternatively, upon adjudication of Defendants' common liability, the Court can efficiently determine the claims of the individual Class members;

l.    This action presents no difficulty that would impede the Court's management of it as a class action, and a class action is the best (if not the only) available means by which members of the Class can seek legal redress for the harm caused them by Defendants.

m.    In the absence of a class action, Defendants would be unjustly enriched because they would be able to retain the benefits and fruits of their wrongful conduct.

16. The Claims in this case are also properly certifiable under applicable law.

## IV. GENERAL ALLEGATIONS

17. Plaintiffs were the owners and guardians of Shasta, a female Pomeranian.

18. Plaintiffs purchased contaminated Eukanuba Adult Bites in Gravy (lamb & rice, beef & gravy, savory chicken) ("contaminated food") on or about February 16, 2007 from Petsmart.

CLASS ACTION COMPLAINT - 4

ANIMAL LAW OFFICES OF
ADAM P. KARP, ESQ.
114 W. Magnolia St., Ste. 425 • Bellingham, WA 98225
(360) 738-7273 • Facsimile: (360) 392-3936
adam@animal-lawyer.com

19. Plaintiffs started feeding the contaminated food to Shasta on or about March 15, 2007.

20. After eating the contaminated food, Shasta became extremely ill, causing the Plaintiffs to take her to a veterinarian on or about March 19, 2007. The veterinarian informed them that Shasta suffered devastatingly acute renal failure. On or about March 20, 2007, Shasta arrested and died.

21. Plaintiffs witnessed Shasta's deceased body shortly after she died and before a substantial change in her condition and location.

22. In March 2007 Menu Foods recalled 50 brands of cuts and gravy wet-style dog food and 40 brands of cuts and gravy wet-style cat food which had caused dogs and cats to become ill. One common symptom in the sick animals was kidney failure, also known as acute renal failure.

23. The contaminated food that Shasta consumed is one of the brands that Menu Foods recalled.

24. The Plaintiffs lost Shasta's intrinsic value, as based on her unique qualities, characteristics, training, and bond, as well as the loss of her utility, companionship, love, affection, and solace. At the time of her death, Shasta had no fair market value and could not be replaced or reproduced. Rather, she had an intrinsic value.

25. The Plaintiffs owned and formed a relationship with Shasta for 11 years. She was a close family companion throughout that period and had special value, aiding Plaintiffs in their enjoyment of life, well-being, growth, development, and daily activities.

26. As a result of Defendants' actions causing Shasta's death, the Plaintiffs have suffered loss of enjoyment of life, interference with use and quiet enjoyment of their realty and personalty, and general damages pertaining to loss of use.

27. As a result of Defendants' acts and omissions the Plaintiffs and other Class members have suffered emotional and economic damage, including but not limited to mental anguish, loss or reduction of enjoyment of life, interference with use and quiet enjoyment of realty and/or personalty, wage loss, current and future veterinary and health-related bills, depreciation in or extinguishment of intrinsic, special, unique, or peculiar value, loss of use and/or companionship, actual, incidental, and consequential damages.

## FIRST CLAIM FOR RELIEF – UNJUST ENRICHMENT

28. Defendants were and continue to be unjustly enriched at the expense of the Plaintiffs and other Class members.

CLASS ACTION COMPLAINT - 5

ANIMAL LAW OFFICES OF
ADAM P. KARP, ESQ.
114 W. Magnolia St., Ste. 425 • Bellingham, WA 98225
(360) 738-7273 • Facsimile: (360) 392-3936
adam@animal-lawyer.com

29. Defendants should be required to disgorge this unjust enrichment.

## SECOND CLAIM FOR RELIEF – UNLAWFUL, DECEPTIVE, UNFAIR BUSINESS PRACTICES

30. Defendants' sale of tainted pet food constitutes an unlawful, deceptive and unfair business act within the meaning of the Washington Consumer Protection Act, RCW 19.86 *et seq.*, and similar statutory enactments of other states (including consumer protection and consumer sales practice acts).

31. Defendants' sale of hazardous dog and cat food has the capacity to deceive a substantial portion of the public and to affect the public interest.

32. As a result of Defendants' unfair or deceptive acts or practices, Plaintiffs and other class members suffered injuries in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF – BREACH OF WARRANTY

33. Cat food and dog food produced by Menu Foods are "goods" within the meaning of Uniform Commercial Code Article 2.

34. Defendants' conduct as described herein constitutes breach of an implied or express warranty of affirmation.

35. Defendants' conduct as described herein constitutes breach of an implied warranty of merchantability.

36. Defendants' conduct as described herein constitutes breach of an implied warranty of fitness for a particular purpose.

37. As a proximate result of the aforementioned wrongful conduct and breach, Plaintiffs and other class members have suffered damages in an amount to be proven at trial. Defendants had actual or constructive notice of such damages.

## FOURTH CLAIM FOR RELIEF – DECLARATORY RELIEF

38. This court has the authority to render a declaratory judgment pertaining to Plaintiffs and Class Members' rights, status and other legal relations.

39. Plaintiffs and Class Members are entitled to a declaratory judgment that, as a matter of law, their companion animals had no fair market value, no replacement value, but, rather, an intrinsic, peculiar, unique, or special value premised on their non-fungible and irreplaceable nature.

## FIFTH CLAIM FOR RELIEF – NEGLIGENT MISREPRESENTATION

CLASS ACTION COMPLAINT - 6

40. Defendants owed Plaintiffs and class members a duty to exercise reasonable care in representing the safety of its dog and cat foods.

41. Defendants falsely represented that its dog and cat food was safe for consumption by dogs and cats.

42. In reality, defendants' dog and cat food caused dogs and cats to become ill and, in some cases, to die.

43. Plaintiffs and class members reasonably relied on the information provided by Defendants regarding the safety of its dog and cat food.

44. As a proximate cause of Defendants' false representations, Plaintiffs and other Class members suffered damages in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

45. IN THE ALTERNATIVE that Defendants' acts are not deemed intentional or reckless, Defendants' conduct was negligent insofar as they failed to take reasonable care to avoid causing Plaintiff and Class Members emotional distress in relation to the failure to warn and failure to produce safe food for nonhuman animal consumption. These actions or inactions caused Plaintiff and Class Members emotional distress. Said emotional distress was manifested by objective symptomology by some of the Class Members.

## SEVENTH CLAIM FOR RELIEF – NUISANCE

46. Defendants' behavior described above constitutes a private nuisance and public nuisance.

47. Under Washington law, specifically RCW 7.48.010 and 7.48.150 (private nuisance) and RCW 7.48.130 and RCW 7.48.210 (public nuisance), and similar anti-nuisance laws (at common law and by statute), Defendants are liable to plaintiffs for general damages sustained by virtue of their omission to perform a duty, which act, namely, allowing contaminated and poisoned food products to enter Plaintiff and Class Members' households under false pretenses of safety, resulting in pain, suffering, illness, and death to Class Members' companion animals, annoyed, injured, and endangered the comfort, repose, and safety of Plaintiffs and Class Members, essentially interfering in the comfortable enjoyment of their real and personal property and their lives.

## EIGHTH CLAIM FOR RELIEF – BREACH OF CONTRACT

48. Plaintiffs and Class members purchased dog and cat food produced by the defendants

CLASS ACTION COMPLAINT - 7

based on the understanding that the food was safe for their companion animals to consume.

49. The dog and cat food produced by the defendants was not safe for companion animals to consume and caused dogs and cats to become ill or die. The unsafe nature of the pet food constituted a breach of contract.

50. As a result of the breach, Plaintiffs and Class members suffered damages which may fairly and reasonably be considered as arising naturally from the breach or may reasonably be supposed to have been in the contemplation of the parties, at the time they made the contract, as the probable result of the breach of it.

51. To the extent defendants' breach was reckless, wanton, or intentional and defendants knew or had reason to know that, when the contract was made, breach would cause mental suffering for reasons other than pecuniary loss, defendants inflicted upon Plaintiffs and Class members emotional distress.

### NINTH CLAIM FOR RELIEF – GROSS NEGLIGENCE

52. In the event Defendants are not found to have acted recklessly, Plaintiffs and Class Members plead IN THE ALTERNATIVE that Defendants knew and/or should have known that there was a strong possibility that harm would be inflicted on Plaintiffs and Class Members as a result of their disregard in ensuring that safe foodstuffs entered the commercial dog and cat food supply, recalling the tainted product before the illness and death toll rose further, and/or not warning consumers of the tainted product.

53. Defendants acted indifferently to the high degree of manifest danger and erroneous destruction of sentient property, to wit, Class Members' companion animals, to which Plaintiffs and Class Members would be and was exposed by such conduct.

54. The proximate cause of Plaintiffs and Class Members' injuries was the grossly negligent conduct of Defendants in the above regard.

### TENTH CLAIM FOR RELIEF – PRODUCTS LIABILITY

55. Defendants are strictly liable under RCW 7.72.030 (and analogous products liability statutes around the nation) for proximately causing harm to Plaintiffs by manufacturing a product that was not reasonable safe in construction.

56. The proximate cause of Plaintiffs and Class Members' injuries was the grossly negligent conduct of Defendants in the above regard.

CLASS ACTION COMPLAINT - 8

ANIMAL LAW OFFICES OF
ADAM P. KARP, ESQ.
114 W. Magnolia St., Ste. 425 • Bellingham, WA 98225
(360) 738-7273 • Facsimile: (360) 392-3936
adam@animal-lawyer.com

57. Defendants may also be liable for design defects in the production of the contaminated food, as well as failing to warn of the design and/or manufacturing defects, making them liable under RCW 7.72.030 (and analogous products liability statutes around the nation).

## RESERVATION OF RIGHTS

58. Plaintiffs and Class Members reserve the right to amend the complaint to include additional causes of action and allegations as they are discovered in the course of litigation.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. Certification of the action as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure with respect to the claims for damages, and appointment of Plaintiffs as Class Representatives and their counsel of record as Class Counsel;

2. Actual damages (including all general, special, incidental, and consequential damages), statutory damages (including treble damages), punitive damages (as allowed by the law(s) of the states having a legally sufficient connection with defendants and their acts or omissions) and such other relief as provided by the statutes cited herein;

3. For economic damages, representing the intrinsic, special, peculiar, or unique value of the Plaintiffs and Class Members' injured and/or killed companion animals, subject to proof and modification at trial;

4. For special and general damages relating to loss of the Plaintiffs' and Class Members' companion animals' utility (e.g., companionship) from date of loss to date judgment is entered;

5. For noneconomic damages, including emotional distress, interference with the Plaintiffs and Class Members' lives, and the use and quiet enjoyment of their realty and personalty, loss and/or reduction of enjoyment of life, subject to proof and modification at trial;

6. For incidental and consequential damages arising from breach of contract;

7. For burial, afterdeath, and death investigation expenses;

8. For wage loss and other aftercare expenses incurred during the companion animals'

CLASS ACTION COMPLAINT - 9

ANIMAL LAW OFFICES OF
ADAM P. KARP, ESQ.
114 W. Magnolia St., Ste. 425 • Bellingham, WA 98225
(360) 738-7273 • Facsimile: (360) 392-3936
adam@animal-lawyer.com

convalescence;

9. Prejudgment and post-judgment interest on such monetary relief;

10. Equitable relief in the form of restitution and/or disgorgement of all unlawful or illegal profits received by Defendants as a result of the unfair, unlawful and/or deceptive conduct alleged herein;

11. Other appropriate injunctive relief;

12. The costs of bringing this suit, including reasonable attorneys' fees; AND

13. Such other relief as this Court may deem just, equitable and proper.

14. **NOTICE: Plaintiffs intend to seek damages in excess of $10,000. Accordingly, this case is not subject to RCW 4.84.250-.280.**

Dated this March 27, 2007.

ANIMAL LAW OFFICES

/s/ Adam P. Karp

Adam P. Karp, WSBA No. 28622
Attorney for Plaintiffs and Class Members
114 W. Magnolia St., Ste. 425
Bellingham, WA 98225
(888) 430-0001
Fax; (866) 652-3832
adam@animal-lawyer.com

CLASS ACTION COMPLAINT - 10

ANIMAL LAW OFFICES OF
ADAM P. KARP, ESQ.
114 W. Magnolia St., Ste. 425 ▪ Bellingham, WA 98225
(360) 738-7273 ▪ Facsimile: (360) 392-3936
adam@animal-lawyer.com

# EXHIBIT F



1
2
3
4
5
6
7       UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON
8                                    AT SEATTLE
9    LAURA MIGLIORE,
                                                    **CV07-0575** RSL
                                    Plaintiff,
10                                              No.
11            v.                                    CLASS ACTION COMPLAINT

12   MENU FOODS, a foreign corporation,
                                    Defendant.
13

14       Plaintiff, Laura Migliore ("Plaintiff"), by and through her undersigned attorneys, brings

15   this civil action for damages on behalf of herself and all others similarly situated against the

16   above-named Defendant and complain and allege as follows:

17                        **I.      NATURE OF ACTION**

18       1.      Plaintiff bring this action as a Class Action under Rule 23 of the Federal Rules of

19   Civil Procedure on behalf of all persons who purchased any dog or cat food that was produced

20   by defendant Menu Foods and/or has had a dog or cat become ill or die as a result of eating the

21   food.

22       2.      The Defendant is a producer of, *inter alia*, dog and cat food.  Menu Foods

23   produces dog and cat food sold under familiar brand names such as Iams, Eukanuba and Science

24   Diet.  Menu Foods distributes its dog and cat food throughout the United States to retailers such

25   as Wal-Mart, Kroger and Safeway.

26

CLASS ACTION COMPLAINT - 1
Case No.

001958-11 164181 V1



3.     Dog and cat food that the Defendant produced caused an unknown number of dogs and cats to become ill, and many of them to die.

4.     To date, Menu Foods has recalled 50 brands of dog food and 40 brands of cat food that have sickened and killed dogs and cats. All recalled food to date is of the "cuts and gravy wet" style.

5.     As a result of the Defendant's actions, Plaintiff and other Class members have suffered economic damage.

## II.     PARTIES

6.     Plaintiff Sheryl Puett has at all material times been a resident of Queens, New York. Ms. Migliore had a dog that became sick after eating Defendant's pet food.

7.     Defendant Menu Foods is, upon information and belief, a corporation organized under the laws of Canada that transacts business in Washington State.

## III.     JURISDICTION AND VENUE

8.     Subject-matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00. This Court has supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367.

9.     Venue is proper in this judicial district under 28 U.S.C. § 1391(a) because the Defendant systematically and continuously sold its product within this district and Defendant transacts business within this district.

## IV.     CLASS ACTION ALLEGATION

10.     Plaintiff bring this suit as a class action under Rules 23(a), (b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and a Plaintiff Class (the "Class") composed of all persons who purchased any dog or cat food that was produced by the Defendant and/or has had a dog or cat become ill or die as a result of eating the food. Plaintiff reserve the right to modify this class definition before moving for class certification.

CLASS ACTION COMPLAINT - 2
Case No.

001958-11 164181 V1

1        11.    The Class is ascertainable and there is a well-defined community of interest

2    among the members of the Class.

3        12.    Membership in the Class is so numerous as to make it impractical to bring all

4    Class members before the Court.  The identity and exact number of Class members is unknown

5    but is estimated to be at least in the hundreds, if not thousands considering the fact that Menu

6    Foods has identified 50 dog foods and 40 cat foods that may be causing harm to pets.

7        13.    Plaintiff's claims are typical of those of other Class members, all of whom have

8    suffered harm due to Defendant's uniform course of conduct.

9        14.    Plaintiff is a member of the Class.

10       15.    There are numerous and substantial questions of law and fact common to all of

11    the members of the Class that control this litigation and predominate over any questions affecting

12    only individual members of the Class.  The common issues include, but are not limited to, the

13    following:

14            (a)    Was the Defendant's dog and cat food materially defective and unfit for

15    use as dog or cat food?

16            (b)    Whether Defendant breached any contract, implied contract or warranties

17    related to the sale of the dog and cat food?

18            (c)    Did the Defendant's dog and cat food cause Plaintiff's and other Class

19    members' pets to become ill?

20            (d)    Were Plaintiff and other Class members damaged, and, if so, what is the

21    proper measure thereof?

22            (e)    The appropriate form of injunctive, declaratory and other relief.

23       16.    The prosecution of separate actions by members of the Class would create a risk

24    of establishing incompatible standards of conduct for the Defendant – for example, one court

25    might decide that the Defendant is obligated under the law to pay damages to Class members,

26

CLASS ACTION COMPLAINT - 3
Case No.

1    and another might decide that the Defendant is not so obligated.  Individual actions may, as a

2    practical matter, be dispositive of the interests of the Class.

3        17.    Plaintiff will fairly and adequately protect the interests of the Class in that she has

4    no interests that are antagonistic to other members of the Class and have retained counsel

5    competent in the prosecution of class actions to represent themselves and the Class.

6        18.    A class action is superior to other available methods for the fair and efficient

7    adjudication of this controversy.  Given (i) the substantive complexity of this litigation; (ii) the

8    size of individual Class members' claims; and (iii) the limited resources of the Class members,

9    few, if any, Class members could afford to seek legal redress individually for the wrongs

10   Defendant has committed against them.

11       19.    Without a class action, the Class will continue to suffer damage, Defendant's

12   violations of the law or laws will continue without remedy, and Defendant will continue to enjoy

13   the fruits and proceeds of its unlawful misconduct.

14       20.    This action will foster an orderly and expeditious administration of Class claims,

15   economies of time, effort and expense, and uniformity of decision.

16       21.    Inferences and presumptions of materiality and reliance are available to obtain

17   class-wide determinations of those elements within the Class claims, as are accepted

18   methodologies for class-wide proof of damages; alternatively, upon adjudication of Defendant's

19   common liability, the Court can efficiently determine the claims of the individual Class

20   members.

21       22.    This action presents no difficulty that would impede the Court's management of it

22   as a class action, and a class action is the best (if not the only) available means by which

23   members of the Class can seek legal redress for the harm caused them by Defendant.

24       23.    In the absence of a class action, Defendant would be unjustly enriched because it

25   would be able to retain the benefits and fruits of its wrongful conduct.

26       24.    The Claims in this case are also properly certifiable under applicable law.

CLASS ACTION COMPLAINT - 4
Case No.

001958-11 164181 V1

## V.    STATEMENT OF FACTS

25.    Plaintiff Laura Migliore is the owner of a female dog named Nikki.

26.    Ms. Migliore purchased Science Diet wet dog food for Nikki to consume.

27.    Nikki ate the Science Diet brand wet-style dog food before becoming ill.

28.    Nikki became extremely ill with vomiting and excessive thirst. Nikki stopped eating altogether. Ms. Migliore took Nikki to a veterinarian, who informed her that Nikki had suffered kidney failure, also known as acute renal failure. Nikki has survived, although she will need continued treatment from the veterinarian.

29.    In March 2007, Menu Foods recalled 50 brands of cuts and gravy wet-style dog food and 40 brands of cuts and gravy wet-style cat food that had caused dogs and pets to become ill. One common symptom in the sick animals was kidney failure.

30.    The Science Diet wet dog food that Nikki consumed before becoming ill is one of the brands that Menu Foods recalled.

31.    As a result of Defendant's acts and omissions Plaintiff and other Class members have suffered economic damage.

## VI.    BREACH OF CONTRACT

32.    Plaintiff realleges all prior allegations as though fully stated herein.

33.    Plaintiff and Class members purchased pet food produced by the Defendant based on the understanding that the food was safe for their pets to consume.

34.    The pet food produced by the Defendant was not safe for pets to consume and caused dogs and cats to become ill. The unsafe nature of the pet food constituted a breach of contract.

35.    As a result of the breach Plaintiff and Class members suffered damages that may fairly and reasonably be considered as arising naturally from the breach or may reasonably be supposed to have been in the contemplation of the parties, at the time they made the contract, as the probable result of the breach of it.

CLASS ACTION COMPLAINT - 5
Case No.

1

## VII.   UNJUST ENRICHMENT

2      36.     Plaintiff realleges all prior allegations as though fully stated herein.

3      37.     Defendant was and continues to be unjustly enriched at the expense of Plaintiff

4   and other Class members.

5      38.     Defendant should be required to disgorge this unjust enrichment.

6   **VIII.   UNLAWFUL, DECEPTIVE AND UNFAIR BUSINESS PRACTICES**

7      39.     Plaintiff realleges all prior allegations as though fully stated herein.

8      40.     Defendant's sale of tainted pet food constitutes an unlawful, deceptive and unfair

9   business act within the meaning of the Washington Consumer Protection Act, RCW 19.86 *et*

10  *seq.*, and similar statutory enactments of other states (including consumer protection and

11  consumer sales practice acts).

12     41.     Defendant's sale of hazardous pet food has the capacity to deceive a substantial

13  portion of the public and to affect the public interest.

14     42.     As a result of Defendant's unfair or deceptive acts or practices, Plaintiff and other

15  Class members suffered injuries in an amount to be proven at trial.

16  ## IX.   BREACH OF WARRANTIES

17     43.     Plaintiff realleges all prior allegations as though fully stated herein.

18     44.     Cat food and dog food produced by Menu Foods are "goods" within the meaning

19  of Uniform Commercial Code Article 2.

20     45.     Defendant's conduct as described herein constitutes breach of an implied or

21  express warranty of affirmation.

22     46.     Defendant's conduct as described herein constitutes breach of an implied

23  warranty of merchantability.

24     47.     Defendant's conduct as described herein constitutes breach of an implied

25  warranty of fitness for a particular purpose.

26

CLASS ACTION COMPLAINT - 6
Case No.

48.    As a proximate result of the aforementioned wrongful conduct and breach, Plaintiff and other Class members have suffered damages in an amount to be proven at trial. Defendant had actual or constructive notice of such damages.

## X.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Class members request that the Court enter an order of judgment against Defendant including the following:

Certification of the action as a class action under Rule 23(b)(1) - (3) of the Federal Rules of Civil Procedure with respect to the claims for damages, and appointment of Plaintiff as Class Representative and their counsel of record as Class Counsel;

Actual damages (including all general, special, incidental, and consequential damages), statutory damages (including treble damages), punitive damages (as allowed by the law(s) of the states having a legally sufficient connection with Defendant and its acts or omissions) and such other relief as provided by the statutes cited herein;

Prejudgment and post-judgment interest on such monetary relief;

Equitable relief in the form of restitution and/or disgorgement of all unlawful or illegal profits received by Defendant as a result of the unfair, unlawful and/or deceptive conduct alleged herein;

Other appropriate injunctive relief;

The costs of bringing this suit, including reasonable attorneys' fees; and

Such other relief as this Court may deem just, equitable and proper.

DATED this 9th day of April, 2007.

CLASS ACTION COMPLAINT - 7
Case No.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

HAGENS BERMAN SOBOL SHAPIRO LLP


By: /s/ Steve W. Berman
Steve W. Berman, WSBA #12536
1301 Fifth Avenue, Suite 2900
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
E-mail: steve@hbsslaw.com


MYERS & COMPANY, P.L.L.C.
Michael David Myers
1809 Seventh Avenue, Suite 700
Seattle, Washington 98101
Telephone: (206) 398-1188
Facsimile: (206) 400-1112
E-mail: mmyers@myers-company.com

*Attorneys for Plaintiff*

CLASS ACTION COMPLAINT - 8
Case No.

# EXHIBIT G



1
2
3
4
5
6

7   UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON
8                              AT SEATTLE

9   GAIL MORAN,

10                                        Plaintiff,       CV07-0576 JCC

11   v.                                                    CLASS ACTION COMPLAINT

12   MENU FOODS, a foreign corporation,

13                                        Defendant.

14        Plaintiff, Gail Moran, ("Plaintiff"), by and through her undersigned attorneys, brings this

15   civil action for damages on behalf of herself and all others similarly situated against the above-

16   named Defendant and complain and allege as follows:

17                          I.      NATURE OF ACTION

18        1.      Plaintiff brings this action as a Class Action under Rule 23 of the Federal Rules of

19   Civil Procedure on behalf of all persons who purchased any dog or cat food that was produced

20   by defendant Menu Foods and/or has had a dog or cat become ill or die as a result of eating the

21   food.

22        2.      The Defendant is a producer of, *inter alia*, dog and cat food.  Menu Foods

23   produces dog and cat food sold under familiar brand names such as Iams, Eukanuba and Science

24   Diet.  Menu Foods distributes its dog and cat food throughout the United States to retailers such

25   as Wal-Mart, Kroger and Safeway.

26

CLASS ACTION COMPLAINT - 1
Case No.



3.    Dog and cat food that the Defendant produced caused an unknown number of dogs and cats to become ill, and many of them to die.

4.    To date, Menu Foods has recalled 50 brands of dog food and 40 brands of cat food that have sickened and killed dogs and cats. All recalled food to date is of the "cuts and gravy wet" style.

5.    As a result of the Defendant's actions, Plaintiff and other Class members have suffered economic damage.

## II.    PARTIES

6.    Plaintiff Gail Moran has at all material times been a resident of Oak Park, Illinois. Ms. Moran had a cat that became sick after eating Defendant's pet food.

7.    Defendant Menu Foods is, upon information and belief, a corporation organized under the laws of Canada that transacts business in Washington State.

## III.    JURISDICTION AND VENUE

8.    Subject-matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00. This Court has supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367.

9.    Venue is proper in this judicial district under 28 U.S.C. § 1391(a) because the Defendant systematically and continuously sold its product within this district and Defendant transacts business within this district.

## IV.    CLASS ACTION ALLEGATION

10.    Plaintiff brings this suit as a class action under Rules 23(a), (b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of herself and a Plaintiff Class (the "Class") composed of all persons who purchased any dog or cat food that was produced by the Defendant and/or has had a dog or cat become ill or die as a result of eating the food. Plaintiff reserves the right to modify this class definition before moving for class certification.

CLASS ACTION COMPLAINT - 2
Case No.

001958-11 164194 V1

11.     The Class is ascertainable and there is a well-defined community of interest among the members of the Class.

12.     Membership in the Class is so numerous as to make it impractical to bring all Class members before the Court.  The identity and exact number of Class members is unknown but is estimated to be at least in the hundreds, if not thousands considering the fact that Menu Foods has identified 50 dog foods and 40 cat foods that may be causing harm to pets.

13.     Plaintiff's claims are typical of those of other Class members, all of whom have suffered harm due to Defendant's uniform course of conduct.

14.     Plaintiff is a member of the Class.

15.     There are numerous and substantial questions of law and fact common to all of the members of the Class that control this litigation and predominate over any questions affecting only individual members of the Class.  The common issues include, but are not limited to, the following:

(a)     Was the Defendant's dog and cat food materially defective and unfit for use as dog or cat food?

(b)     Whether Defendant breached any contract, implied contract or warranties related to the sale of the dog and cat food?

(c)     Did the Defendant's dog and cat food cause Plaintiff's and other Class members' pets to become ill?

(d)     Were Plaintiff and other Class members damaged, and, if so, what is the proper measure thereof?

(e)     The appropriate form of injunctive, declaratory and other relief.

16.     The prosecution of separate actions by members of the Class would create a risk of establishing incompatible standards of conduct for the Defendant – for example, one court might decide that the Defendant is obligated under the law to pay damages to Class members,

CLASS ACTION COMPLAINT - 3
Case No.

1  and another might decide that the Defendant is not so obligated.  Individual actions may, as a

2  practical matter, be dispositive of the interests of the Class.

3       17.    Plaintiff will fairly and adequately protect the interests of the Class in that she has

4  no interests that are antagonistic to other members of the Class and have retained counsel

5  competent in the prosecution of class actions to represent themselves and the Class.

6       18.    A class action is superior to other available methods for the fair and efficient

7  adjudication of this controversy.  Given (i) the substantive complexity of this litigation; (ii) the

8  size of individual Class members' claims; and (iii) the limited resources of the Class members,

9  few, if any, Class members could afford to seek legal redress individually for the wrongs

10  Defendant has committed against them.

11      19.    Without a class action, the Class will continue to suffer damage, Defendant's

12  violations of the law or laws will continue without remedy, and Defendant will continue to enjoy

13  the fruits and proceeds of its unlawful misconduct.

14      20.    This action will foster an orderly and expeditious administration of Class claims,

15  economies of time, effort and expense, and uniformity of decision.

16      21.    Inferences and presumptions of materiality and reliance are available to obtain

17  class-wide determinations of those elements within the Class claims, as are accepted

18  methodologies for class-wide proof of damages; alternatively, upon adjudication of Defendant's

19  common liability, the Court can efficiently determine the claims of the individual Class

20  members.

21      22.    This action presents no difficulty that would impede the Court's management of it

22  as a class action, and a class action is the best (if not the only) available means by which

23  members of the Class can seek legal redress for the harm caused them by Defendant.

24      23.    In the absence of a class action, Defendant would be unjustly enriched because it

25  would be able to retain the benefits and fruits of its wrongful conduct.

26      24.    The Claims in this case are also properly certifiable under applicable law.

CLASS ACTION COMPLAINT - 4
Case No.

001958-11 164194 V1

## V.    STATEMENT OF FACTS

25.    Plaintiff Gail Moran is the owner of a male cat named Sheldon.

26.    Ms. Moran purchased Iams Tuna in Sauce wet cat food for Sheldon to consume.

27.    Sheldon ate the Iams Tuna in Sauce brand wet-style cat food for at least a year before his death.

28.    Sheldon became extremely ill with vomiting and excessive thirst.  Sheldon stopped eating altogether.  Ms. Moran took Sheldon to a veterinarian, who informed her that Sheldon had suffered kidney failure, also known as acute renal failure.  Sheldon was euthanized on March 9, 2007.

29.    In March 2007, Menu Foods recalled 50 brands of cuts and gravy wet-style dog food and 40 brands of cuts and gravy wet-style cat food that had caused dogs and pets to become ill.  One common symptom in the sick animals was kidney failure.

30.    The Iams Tuna in Sauce wet cat food that Sheldon consumed, for at least a year before his death, is one of the brands that Menu Foods recalled.

31.    As a result of Defendant's acts and omissions Plaintiff and other Class members have suffered economic damage.

## VI.    BREACH OF CONTRACT

32.    Plaintiff realleges all prior allegations as though fully stated herein.

33.    Plaintiff and Class members purchased pet food produced by the Defendant based on the understanding that the food was safe for their pets to consume.

34.    The pet food produced by the Defendant was not safe for pets to consume and caused dogs and cats to become ill.  The unsafe nature of the pet food constituted a breach of contract.

35.    As a result of the breach Plaintiff and Class members suffered damages that may fairly and reasonably be considered as arising naturally from the breach or may reasonably be

1  supposed to have been in the contemplation of the parties, at the time they made the contract, as

2  the probable result of the breach of it.

### VII.    UNJUST ENRICHMENT

3

4      36.    Plaintiff realleges all prior allegations as though fully stated herein.

5      37.    Defendant was and continues to be unjustly enriched at the expense of Plaintiff

6  and other Class members.

7      38.    Defendant should be required to disgorge this unjust enrichment.

### VIII.    UNLAWFUL, DECEPTIVE AND UNFAIR BUSINESS PRACTICES

8

9      39.    Plaintiff realleges all prior allegations as though fully stated herein.

10     40.    Defendant's sale of tainted pet food constitutes an unlawful, deceptive and unfair

11  business act within the meaning of the Washington Consumer Protection Act, RCW 19.86 *et*

12  *seq.*, and similar statutory enactments of other states (including consumer protection and

13  consumer sales practice acts).

14     41.    Defendant's sale of hazardous pet food has the capacity to deceive a substantial

15  portion of the public and to affect the public interest.

16     42.    As a result of Defendant's unfair or deceptive acts or practices, Plaintiff and other

17  Class members suffered injuries in an amount to be proven at trial.

### IX.    BREACH OF WARRANTIES

18

19     43.    Plaintiff realleges all prior allegations as though fully stated herein.

20     44.    Cat food and dog food produced by Menu Foods are "goods" within the meaning

21  of Uniform Commercial Code Article 2.

22     45.    Defendant's conduct as described herein constitutes breach of an implied or

23  express warranty of affirmation.

24     46.    Defendant's conduct as described herein constitutes breach of an implied

25  warranty of merchantability.

26

CLASS ACTION COMPLAINT - 6
Case No.

1        47.    Defendant's conduct as described herein constitutes breach of an implied

2    warranty of fitness for a particular purpose.

3        48.    As a proximate result of the aforementioned wrongful conduct and breach,

4    Plaintiff and other Class members have suffered damages in an amount to be proven at trial.

5    Defendant had actual or constructive notice of such damages.

6                    **X.    PRAYER FOR RELIEF**

7        WHEREFORE, Plaintiff and Class members request that the Court enter an order of

8    judgment against Defendant including the following:

9        Certification of the action as a class action under Rule 23(b)(1) - (3) of the Federal Rules

10   of Civil Procedure with respect to the claims for damages, and appointment of Plaintiff as Class

11   Representative and their counsel of record as Class Counsel;

12       Actual damages (including all general, special, incidental, and consequential damages),

13   statutory damages (including treble damages), punitive damages (as allowed by the law(s) of the

14   states having a legally sufficient connection with Defendant and its acts or omissions) and such

15   other relief as provided by the statutes cited herein;

16       Prejudgment and post-judgment interest on such monetary relief;

17       Equitable relief in the form of restitution and/or disgorgement of all unlawful or illegal

18   profits received by Defendant as a result of the unfair, unlawful and/or deceptive conduct alleged

19   herein;

20       Other appropriate injunctive relief;

21       The costs of bringing this suit, including reasonable attorneys' fees; and

22       Such other relief as this Court may deem just, equitable and proper.

23       DATED this 9th day of April, 2007.

24

25

26

CLASS ACTION COMPLAINT - 7
Case No.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

HAGENS BERMAN SOBOL SHAPIRO LLP


By: /s/ Steve W. Berman
Steve W. Berman, WSBA #12536
1301 Fifth Avenue, Suite 2900
Seattle, Washington  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
E-mail:  steve@hbsslaw.com


MYERS & COMPANY, P.L.L.C.
Michael David Myers
1809 Seventh Avenue, Suite 700
Seattle, Washington  98101
Telephone:  (206) 398-1188
Facsimile:  (206) 400-1112
E-mail:  mmyers@myers-company.com

*Attorneys for Plaintiff*

CLASS ACTION COMPLAINT - 8
Case No.

001958-11  164194 V1

# EXHIBIT H



UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHERYL PUETT,

                         Plaintiff,

      v.

MENU FOODS, a foreign corporation,

                      Defendant.

No. **CV07-0577** RSL

CLASS ACTION COMPLAINT

Plaintiff, Sheryl Puett, ("Plaintiff"), by and through her undersigned attorneys, brings this civil action for damages on behalf of herself and all others similarly situated against the above-named Defendant and complain and allege as follows:

### I.    NATURE OF ACTION

1.    Plaintiff brings this action as a Class Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who purchased any dog or cat food that was produced by defendant Menu Foods and/or has had a dog or cat become ill or die as a result of eating the food.

2.    The Defendant is a producer of, *inter alia*, dog and cat food. Menu Foods produces dog and cat food sold under familiar brand names such as Iams, Eukanuba and Science Diet. Menu Foods distributes its dog and cat food throughout the United States to retailers such as Wal-Mart, Kroger and Safeway.

CLASS ACTION COMPLAINT - 1
Case No.

001958-11 164191 V1



3.    Dog and cat food that the Defendant produced caused an unknown number of dogs and cats to become ill, and many of them to die.

4.    To date, Menu Foods has recalled 50 brands of dog food and 40 brands of cat food that have sickened and killed dogs and cats. All recalled food to date is of the "cuts and gravy wet" style.

5.    As a result of the Defendant's actions, Plaintiff and other Class members have suffered economic damage.

## II.    PARTIES

6.    Plaintiff Sheryl Puett has at all material times been a resident of Mead, Washington. Ms. Puett had a cat that became sick after eating Defendant's pet food.

7.    Defendant Menu Foods is, upon information and belief, a corporation organized under the laws of Canada that transacts business in Washington State.

## III.    JURISDICTION AND VENUE

8.    Subject-matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00. This Court has supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367.

9.    Venue is proper in this judicial district under 28 U.S.C. § 1391(a) because the Defendant systematically and continuously sold its product within this district and Defendant transacts business within this district.

## IV.    CLASS ACTION ALLEGATION

10.    Plaintiff brings this suit as a class action under Rules 23(a), (b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of herself and a Plaintiff Class (the "Class") composed of all persons who purchased any dog or cat food that was produced by the Defendant and/or has had a dog or cat become ill or die as a result of eating the food. Plaintiff reserves the right to modify this class definition before moving for class certification.

CLASS ACTION COMPLAINT - 2
Case No.

001958-11 164191 V1

11.    The Class is ascertainable and there is a well-defined community of interest among the members of the Class.

12.    Membership in the Class is so numerous as to make it impractical to bring all Class members before the Court.  The identity and exact number of Class members is unknown but is estimated to be at least in the hundreds, if not thousands considering the fact that Menu Foods has identified 50 dog foods and 40 cat foods that may be causing harm to pets.

13.    Plaintiff's claims are typical of those of other Class members, all of whom have suffered harm due to Defendant's uniform course of conduct.

14.    Plaintiff is a member of the Class.

15.    There are numerous and substantial questions of law and fact common to all of the members of the Class that control this litigation and predominate over any questions affecting only individual members of the Class.  The common issues include, but are not limited to, the following:

(a)    Was the Defendant's dog and cat food materially defective and unfit for use as dog or cat food?

(b)    Whether Defendant breached any contract, implied contract or warranties related to the sale of the dog and cat food?

(c)    Did the Defendant's dog and cat food cause Plaintiff and other Class members' pets to become ill?

(d)    Were Plaintiff and other Class members damaged, and, if so, what is the proper measure thereof?

(e)    The appropriate form of injunctive, declaratory and other relief.

16.    The prosecution of separate actions by members of the Class would create a risk of establishing incompatible standards of conduct for the Defendant – for example, one court might decide that the Defendant is obligated under the law to pay damages to Class members,

CLASS ACTION COMPLAINT - 3
Case No.

1  and another might decide that the Defendant is not so obligated.  Individual actions may, as a

2  practical matter, be dispositive of the interests of the Class.

3      17.    Plaintiff will fairly and adequately protect the interests of the Class in that she has

4  no interests that are antagonistic to other members of the Class and have retained counsel

5  competent in the prosecution of class actions to represent themselves and the Class.

6      18.    A class action is superior to other available methods for the fair and efficient

7  adjudication of this controversy.  Given (i) the substantive complexity of this litigation; (ii) the

8  size of individual Class members' claims; and (iii) the limited resources of the Class members,

9  few, if any, Class members could afford to seek legal redress individually for the wrongs

10  Defendant has committed against them.

11      19.    Without a class action, the Class will continue to suffer damage, Defendant's

12  violations of the law or laws will continue without remedy, and Defendant will continue to enjoy

13  the fruits and proceeds of its unlawful misconduct.

14      20.    This action will foster an orderly and expeditious administration of Class claims,

15  economies of time, effort and expense, and uniformity of decision.

16      21.    Inferences and presumptions of materiality and reliance are available to obtain

17  class-wide determinations of those elements within the Class claims, as are accepted

18  methodologies for class-wide proof of damages; alternatively, upon adjudication of Defendant's

19  common liability, the Court can efficiently determine the claims of the individual Class

20  members.

21      22.    This action presents no difficulty that would impede the Court's management of it

22  as a class action, and a class action is the best (if not the only) available means by which

23  members of the Class can seek legal redress for the harm caused them by Defendant.

24      23.    In the absence of a class action, Defendant would be unjustly enriched because it

25  would be able to retain the benefits and fruits of its wrongful conduct.

26      24.    The Claims in this case are also properly certifiable under applicable law.

CLASS ACTION COMPLAINT - 4
Case No.

001958-11 164191 V1

## V.    STATEMENT OF FACTS

25.    Plaintiff Sheryl Puett is the owner of a female cat named Kiara.

26.    Ms. Puett purchased Special Kitty wet cat food for Kiara to consume.

27.    Kiara ate the Special Kitty brand wet-style cat food for several years before her death.

28.    Kiara became extremely ill with vomiting and excessive thirst. Kiara stopped eating altogether. Ms. Puett took Kiara to a veterinarian, who informed her that Kiara had suffered kidney failure, also known as acute renal failure. Kaira has survived, although she will need fluid replacement via IV for the rest of her life.

29.    In March 2007, Menu Foods recalled 50 brands of cuts and gravy wet-style dog food and 40 brands of cuts and gravy wet-style cat food that had caused dogs and pets to become ill. One common symptom in the sick animals was kidney failure.

30.    The Special Kitty wet cat food that Kiara consumed before her death is one of the brands that Menu Foods recalled.

31.    As a result of Defendant's acts and omissions Plaintiff and other Class members have suffered economic damage.

## VI.    BREACH OF CONTRACT

32.    Plaintiff realleges all prior allegations as though fully stated herein.

33.    Plaintiff and Class members purchased pet food produced by the Defendant based on the understanding that the food was safe for their pets to consume.

34.    The pet food produced by the Defendant was not safe for pets to consume and caused dogs and cats to become ill. The unsafe nature of the pet food constituted a breach of contract.

35.    As a result of the breach Plaintiff and Class members suffered damages that may fairly and reasonably be considered as arising naturally from the breach or may reasonably be

CLASS ACTION COMPLAINT - 5
Case No.

1  supposed to have been in the contemplation of the parties, at the time they made the contract, as

2  the probable result of the breach of it.

### VII.    UNJUST ENRICHMENT

4      36.    Plaintiff realleges all prior allegations as though fully stated herein.

5      37.    Defendant was and continues to be unjustly enriched at the expense of Plaintiff

6  and other Class members.

7      38.    Defendant should be required to disgorge this unjust enrichment.

### VIII.    UNLAWFUL, DECEPTIVE AND UNFAIR BUSINESS PRACTICES

9      39.    Plaintiff realleges all prior allegations as though fully stated herein.

10      40.    Defendant's sale of tainted pet food constitutes an unlawful, deceptive and unfair

11  business act within the meaning of the Washington Consumer Protection Act, RCW 19.86 *et*

12  *seq.*, and similar statutory enactments of other states (including consumer protection and

13  consumer sales practice acts).

14      41.    Defendant's sale of hazardous pet food has the capacity to deceive a substantial

15  portion of the public and to affect the public interest.

16      42.    As a result of Defendant's unfair or deceptive acts or practices, Plaintiff and other

17  Class members suffered injuries in an amount to be proven at trial.

### IX.    BREACH OF WARRANTIES

19      43.    Plaintiff realleges all prior allegations as though fully stated herein.

20      44.    Cat food and dog food produced by Menu Foods are "goods" within the meaning

21  of Uniform Commercial Code Article 2.

22      45.    Defendant's conduct as described herein constitutes breach of an implied or

23  express warranty of affirmation.

24      46.    Defendant's conduct as described herein constitutes breach of an implied

25  warranty of merchantability.

26

CLASS ACTION COMPLAINT - 6
Case No.

1    47.    Defendant's conduct as described herein constitutes breach of an implied

2    warranty of fitness for a particular purpose.

3    48.    As a proximate result of the aforementioned wrongful conduct and breach,

4    Plaintiff and other Class members have suffered damages in an amount to be proven at trial.

5    Defendant had actual or constructive notice of such damages.

6                          **X.    PRAYER FOR RELIEF**

7    WHEREFORE, Plaintiff and Class members request that the Court enter an order of

8    judgment against Defendant including the following:

9    Certification of the action as a class action under Rule 23(b)(1) - (3) of the Federal Rules

10    of Civil Procedure with respect to the claims for damages, and appointment of Plaintiff as Class

11    Representative and their counsel of record as Class Counsel;

12    Actual damages (including all general, special, incidental, and consequential damages),

13    statutory damages (including treble damages), punitive damages (as allowed by the law(s) of the

14    states having a legally sufficient connection with Defendant and its acts or omissions) and such

15    other relief as provided by the statutes cited herein;

16    Prejudgment and post-judgment interest on such monetary relief;

17    Equitable relief in the form of restitution and/or disgorgement of all unlawful or illegal

18    profits received by Defendant as a result of the unfair, unlawful and/or deceptive conduct alleged

19    herein;

20    Other appropriate injunctive relief;

21    The costs of bringing this suit, including reasonable attorneys' fees; and

22    Such other relief as this Court may deem just, equitable and proper.

23    DATED this 12th day of April, 2007.

24

25

26

CLASS ACTION COMPLAINT - 7
Case No.

HAGENS BERMAN SOBOL SHAPIRO LLP


By: /s/ Steve W. Berman
Steve W. Berman, WSBA #12536
1301 Fifth Avenue, Suite 2900
Seattle, Washington  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
E-mail:  steve@hbsslaw.com


MYERS & COMPANY, P.L.L.C.
Michael David Myers
1809 Seventh Avenue, Suite 700
Seattle, Washington  98101
Telephone:  (206) 398-1188
Facsimile:  (206) 400-1112
E-mail:  mmyers@myers-company.com

*Attorneys for Plaintiff*

CLASS ACTION COMPLAINT - 8
Case No.