# EXHIBIT M

Dockets.Justia.com

1
2
3
4
5
6

FILED
LODGED
ENTERED
RECEIVED

★ MAY 0 1 2007 ★

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

7    **UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON**
8    **AT SEATTLE**

9    Phyllis A. Ullman, individually and on behalf of

CV 07 - 0667 MJP

all others similarly situated,

No.

10
                                                  Plaintiff,
11                                                              CLASS ACTION COMPLAINT
12        v.

13    MENU FOODS, a foreign corporation,

                                                  Defendant.
14

15        Plaintiff Phyllis Ullman ("Plaintiff"), by and through her undersigned attorneys, brings

16    this civil action for damages on behalf of herself and all others similarly situated against the

17    above-named Defendant and complain and allege as follows:

18                        **I.    NATURE OF ACTION**

19        1.    Plaintiff brings this action as a Class Action under Rule 23 of the Federal Rules of

20    Civil Procedure on behalf of all persons who purchased any dog or cat food that was produced

21    by defendant Menu Foods and/or has had a dog or cat become ill or die as a result of eating the

22    food.

23        2.    The Defendant is a producer of, *inter alia*, dog and cat food. Menu Foods

24    produces dog and cat food sold under familiar brand names such as Iams, Eukanuba and Science

25    Diet. Menu Foods distributes its dog and cat food throughout the United States to retailers such

26    as Wal-Mart, Kroger and Safeway.

CLASS ACTION COMPLAINT - 1
Case No.

**HB**

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 168784 V1

COPY

1    3.    Dog and cat food that the Defendant produced caused an unknown number of

2    dogs and cats to become ill, and many of them to die.

3    4.    To date, Menu Foods has recalled 50 brands of dog food and 40 brands of cat

4    food that have sickened and killed dogs and cats. All recalled food to date is of the "cuts and

5    gravy wet" style.

6    5.    As a result of the Defendant's actions, Plaintiff and other Class members have

7    suffered economic damage.

8                        **II.    PARTIES**

9    6.    Plaintiff Ullman has at all material times been a resident of Houston, Texas. Ms.

10    Ullman had a pet that became sick and died after eating Defendant's pet food.

11    7.    Defendant Menu Foods is, upon information and belief, a corporation organized

12    under the laws of Canada that transacts business in Washington State.

13                     **III.    JURISDICTION AND VENUE**

14    8.    Subject-matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because the

15    Plaintiffs and Defendant are citizens of different states and the amount in controversy exceeds

16    $75,000.00. This Court has supplemental jurisdiction over the state-law claims under 28 U.S.C.

17    § 1367.

18    9.    Venue is proper in this judicial district under 28 U.S.C. § 1391(a) because the

19    Defendant systematically and continuously sold its product within this district and Defendant

20    transacts business within this district.

21                  **IV.    CLASS ACTION ALLEGATION**

22    10.    Plaintiffs bring this suit as a class action under Rules 23(a), (b)(1), (b)(2) and

23    (b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and a Plaintiff Class (the

24    "Class") composed of all persons who purchased any dog or cat food that was produced by the

25    Defendant and/or has had a dog or cat become ill or die as a result of eating the food. Plaintiff

26    reserves the right to modify this class definition before moving for class certification.

CLASS ACTION COMPLAINT  - 2
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 168784 V1

1    11.    The Class is ascertainable and there is a well-defined community of interest

2    among the members of the Class.

3    12.    Membership in the Class is so numerous as to make it impractical to bring all

4    Class members before the Court.  The identity and exact number of Class members is unknown

5    but is estimated to be at least in the hundreds, if not thousands considering the fact that Menu

6    Foods has identified 50 dog foods and 40 cat foods that may be causing harm to pets.

7    13.    Plaintiff's claims are typical of those of other Class members, all of whom have

8    suffered harm due to Defendant's uniform course of conduct.

9    14.    Plaintiff is a member of the Class.

10    15.    There are numerous and substantial questions of law and fact common to all of

11    the members of the Class that control this litigation and predominate over any questions affecting

12    only individual members of the Class.  The common issues include, but are not limited to, the

13    following:

14    (a)    Was the Defendant's dog and cat food materially defective, and unfit for

15    use as dog or cat food?

16    (b)    Whether Defendant breached any contract, implied contract or warranties

17    related to the sale of the dog and cat food?

18    (c)    Did the Defendant's dog and cat food cause Plaintiff's and other Class

19    members' pets to become ill?

20    (d)    Were Plaintiff and other Class members damaged, and, if so, what is the

21    proper measure thereof?

22    (e)    The appropriate form of injunctive, declaratory and other relief.

23    16.    The prosecution of separate actions by members of the Class would create a risk

24    of establishing incompatible standards of conduct for the Defendant – for example, one court

25    might decide that the Defendant is obligated under the law to pay damages to Class members,

26

CLASS ACTION COMPLAINT - 3
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 168784 V1

1  and another might decide that the Defendant is not so obligated. Individual actions may, as a

2  practical matter, be dispositive of the interests of the Class.

3      17.    Plaintiff will fairly and adequately protect the interests of the Class in that she has

4  no interests that are antagonistic to other members of the Class and has retained counsel

5  competent in the prosecution of class actions to represent herself and the Class.

6      18.    A class action is superior to other available methods for the fair and efficient

7  adjudication of this controversy. Given (i) the substantive complexity of this litigation; (ii) the

8  size of individual Class members' claims; and (iii) the limited resources of the Class members,

9  few, if any, Class members could afford to seek legal redress individually for the wrongs

10  Defendant has committed against them.

11      19.    Without a class action, the Class will continue to suffer damage, Defendant's

12  violations of the law or laws will continue without remedy, and Defendant will continue to enjoy

13  the fruits and proceeds of its unlawful misconduct.

14      20.    This action will foster an orderly and expeditious administration of Class claims,

15  economies of time, effort and expense, and uniformity of decision.

16      21.    Inferences and presumptions of materiality and reliance are available to obtain

17  class-wide determinations of those elements within the Class claims, as are accepted

18  methodologies for class-wide proof of damages; alternatively, upon adjudication of Defendant's

19  common liability, the Court can efficiently determine the claims of the individual Class

20  members.

21      22.    This action presents no difficulty that would impede the Court's management of it

22  as a class action, and a class action is the best (if not the only) available means by which

23  members of the Class can seek legal redress for the harm caused them by Defendant.

24      23.    In the absence of a class action, Defendant would be unjustly enriched because it

25  would be able to retain the benefits and fruits of its wrongful conduct.

26      24.    The Claims in this case are also properly certifiable under applicable law.

CLASS ACTION COMPLAINT - 4
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 168784 V1

## V.    STATEMENT OF FACTS

25.    Plaintiff Phyllis Ullman was the owner of a two dogs, Scout and Vegas.

26.    Ms. Ullman purchased Hills Prescriptive ID for Scout and Vegas to consume.

27.    The dogs ate the Hills brand dog food before their death.

28.    The dogs became extremely ill after eating the Hills Prescriptive ID food. Ms. Ullman took the dogs to a veterinarian, who informed her that they had suffered kidney failure, also known as acute renal failure. Scout was euthanized on February 6, 2007 and Vegas was euthanized on February 9, 2007.

29.    In March 2007, Menu Foods recalled 50 brands of cuts and gravy wet-style dog food and 40 brands of cuts and gravy wet-style cat food that had caused dogs and pets to become ill. One common symptom in the sick animals was kidney failure.

30.    The Hills Prescriptive ID food the dogs consumed before their deaths is one of the brands that Menu Foods recalled.

31.    As a result of Defendant's acts and omissions Plaintiff and other Class members have suffered economic damage.

## VI.    BREACH OF CONTRACT

32.    Plaintiff realleges all prior allegations as though fully stated herein.

33.    Plaintiff and Class members purchased pet food produced by the Defendant based on the understanding that the food was safe for their pets to consume.

34.    The pet food produced by the Defendant was not safe for pets to consume and caused dogs and cats to become ill. The unsafe nature of the pet food constituted a breach of contract.

35.    As a result of the breach Plaintiff and Class members suffered damages that may fairly and reasonably be considered as arising naturally from the breach or may reasonably be supposed to have been in the contemplation of the parties, at the time they made the contract, as the probable result of the breach of it.

CLASS ACTION COMPLAINT - 5
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 168784 V1

1

## VII.    UNJUST ENRICHMENT

2        36.    Plaintiff realleges all prior allegations as though fully stated herein.

3        37.    Defendant was and continues to be unjustly enriched at the expense of Plaintiff

4    and other Class members.

5        38.    Defendant should be required to disgorge this unjust enrichment.

6    ## VIII.    UNLAWFUL, DECEPTIVE AND UNFAIR BUSINESS PRACTICES

7        39.    Plaintiff realleges all prior allegations as though fully stated herein.

8        40.    Defendant's sale of tainted pet food constitutes an unlawful, deceptive and unfair

9    business act within the meaning of the Washington Consumer Protection Act, RCW 19.86 *et*

10    *seq.*, and similar statutory enactments of other states (including consumer protection and

11    consumer sales practice acts).

12        41.    Defendant's sale of hazardous pet food has the capacity to deceive a substantial

13    portion of the public and to affect the public interest.

14        42.    As a result of Defendant's unfair or deceptive acts or practices, Plaintiff and other

15    Class members suffered injuries in an amount to be proven at trial.

16    ## IX.    BREACH OF WARRANTIES

17        43.    Plaintiff realleges all prior allegations as though fully stated herein.

18        44.    Cat food and dog food produced by Menu Foods are "goods" within the meaning

19    of Uniform Commercial Code Article 2.

20        45.    Defendant's conduct as described herein constitutes breach of an implied or

21    express warranty of affirmation.

22        46.    Defendant's conduct as described herein constitutes breach of an implied

23    warranty of merchantability.

24        47.    Defendant's conduct as described herein constitutes breach of an implied

25    warranty of fitness for a particular purpose.

26

CLASS ACTION COMPLAINT - 6
Case No.

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11  168784 V1

48.    As a proximate result of the aforementioned wrongful conduct and breach, Plaintiff and other Class members have suffered damages in an amount to be proven at trial. Defendant had actual or constructive notice of such damages.

## X.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Class members request that the Court enter an order of judgment against Defendant including the following:

Certification of the action as a class action under Rule 23(b)(1) - (3) of the Federal Rules of Civil Procedure with respect to the claims for damages, and appointment of Plaintiff as Class Representative and her counsel of record as Class Counsel;

Actual damages (including all general, special, incidental, and consequential damages), statutory damages (including treble damages), punitive damages (as allowed by the law(s) of the states having a legally sufficient connection with Defendant and its acts or omissions) and such other relief as provided by the statutes cited herein;

Prejudgment and post-judgment interest on such monetary relief;

Equitable relief in the form of restitution and/or disgorgement of all unlawful or illegal profits received by Defendant as a result of the unfair, unlawful and/or deceptive conduct alleged herein;

Other appropriate injunctive relief;

The costs of bringing this suit, including reasonable attorneys' fees; and

Such other relief as this Court may deem just, equitable and proper.

DATED this 1st day of May, 2007.

CLASS ACTION COMPLAINT - 7
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 168784 V1

HAGENS BERMAN SOBOL SHAPIRO LLP


By:_____
Steve W. Berman, WSBA #12536
1301 Fifth Avenue, Suite 2900
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
E-mail: steve@hbsslaw.com


MYERS & COMPANY, P.L.L.C.
Michael David Myers
1809 Seventh Avenue, Suite 700
Seattle, Washington 98101
Telephone: (206) 398-1188
Facsimile: (206) 400-1112
E-mail: mmyers@myers-company.com

*Attorneys for Plaintiffs*

CLASS ACTION COMPLAINT - 8
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 168784 V1

# EXHIBIT N

UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELIZABETH PALMER, individually and on
behalf of all others similarly situated,

                                 Plaintiff,

    v.

MENU FOODS, a foreign corporation,

                                Defendant.

No. C 07-0668 JLR

CLASS ACTION COMPLAINT

FILED _____ ENTERED
_____ LODGED _____ RECEIVED
★        MAY 0 1 2007        ★
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

       Plaintiff Elizabeth Palmer ("Plaintiff"), by and through her undersigned attorneys, brings

this civil action for damages on behalf of herself and all others similarly situated against the

above-named Defendant and complain and allege as follows:

## I.    NATURE OF ACTION

       1.     Plaintiff brings this action as a Class Action under Rule 23 of the Federal Rules of

Civil Procedure on behalf of all persons who purchased any dog or cat food that was produced

by defendant Menu Foods and/or has had a dog or cat become ill or die as a result of eating the

food.

       2.     The Defendant is a producer of, *inter alia*, dog and cat food.  Menu Foods

produces dog and cat food sold under familiar brand names such as Iams, Eukanuba and Science

Diet.  Menu Foods distributes its dog and cat food throughout the United States to retailers such

as Wal-Mart, Kroger and Safeway.

CLASS ACTION COMPLAINT  - 1
Case No.

001958-11 168795 V1

HB

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

COPY

3.    Dog and cat food that the Defendant produced caused an unknown number of dogs and cats to become ill, and many of them to die.

4.    To date, Menu Foods has recalled 50 brands of dog food and 40 brands of cat food that have sickened and killed dogs and cats.  All recalled food to date is of the "cuts and gravy wet" style.

5.    As a result of the Defendant's actions, Plaintiff and other Class members have suffered economic damage.

## II.    PARTIES

6.    Plaintiff Palmer has at all material times been a resident of Little Falls, New York. Ms. Palmer had a pet that became sick and died after eating Defendant's pet food.

7.    Defendant Menu Foods is, upon information and belief, a corporation organized under the laws of Canada that transacts business in Washington State.

## III.    JURISDICTION AND VENUE

8.    Subject-matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because the Plaintiffs and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00.  This Court has supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367.

9.    Venue is proper in this judicial district under 28 U.S.C. § 1391(a) because the Defendant systematically and continuously sold its product within this district and Defendant transacts business within this district.

## IV.    CLASS ACTION ALLEGATION

10.    Plaintiffs bring this suit as a class action under Rules 23(a), (b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and a Plaintiff Class (the "Class") composed of all persons who purchased any dog or cat food that was produced by the Defendant and/or has had a dog or cat become ill or die as a result of eating the food.  Plaintiff reserves the right to modify this class definition before moving for class certification.

CLASS ACTION COMPLAINT - 2
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 168795 V1

1    11.    The Class is ascertainable and there is a well-defined community of interest

2   among the members of the Class.

3    12.    Membership in the Class is so numerous as to make it impractical to bring all

4   Class members before the Court.  The identity and exact number of Class members is unknown

5   but is estimated to be at least in the hundreds, if not thousands considering the fact that Menu

6   Foods has identified 50 dog foods and 40 cat foods that may be causing harm to pets.

7    13.    Plaintiff's claims are typical of those of other Class members, all of whom have

8   suffered harm due to Defendant's uniform course of conduct.

9    14.    Plaintiff is a member of the Class.

10    15.    There are numerous and substantial questions of law and fact common to all of

11   the members of the Class that control this litigation and predominate over any questions affecting

12   only individual members of the Class.  The common issues include, but are not limited to, the

13   following:

14        (a)    Was the Defendant's dog and cat food materially defective, and unfit for

15   use as dog or cat food?

16        (b)    Whether Defendant breached any contract, implied contract or warranties

17   related to the sale of the dog and cat food?

18        (c)    Did the Defendant's dog and cat food cause Plaintiff's and other Class

19   members' pets to become ill?

20        (d)    Were Plaintiff and other Class members damaged, and, if so, what is the

21   proper measure thereof?

22        (e)    The appropriate form of injunctive, declaratory and other relief.

23    16.    The prosecution of separate actions by members of the Class would create a risk

24   of establishing incompatible standards of conduct for the Defendant – for example, one court

25   might decide that the Defendant is obligated under the law to pay damages to Class members,

26

CLASS ACTION COMPLAINT - 3
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 168795 V1

1    and another might decide that the Defendant is not so obligated. Individual actions may, as a

2    practical matter, be dispositive of the interests of the Class.

3        17.    Plaintiff will fairly and adequately protect the interests of the Class in that she has

4    no interests that are antagonistic to other members of the Class and has retained counsel

5    competent in the prosecution of class actions to represent herself and the Class.

6        18.    A class action is superior to other available methods for the fair and efficient

7    adjudication of this controversy. Given (i) the substantive complexity of this litigation; (ii) the

8    size of individual Class members' claims; and (iii) the limited resources of the Class members,

9    few, if any, Class members could afford to seek legal redress individually for the wrongs

10   Defendant has committed against them.

11       19.    Without a class action, the Class will continue to suffer damage, Defendant's

12   violations of the law or laws will continue without remedy, and Defendant will continue to enjoy

13   the fruits and proceeds of its unlawful misconduct.

14       20.    This action will foster an orderly and expeditious administration of Class claims,

15   economies of time, effort and expense, and uniformity of decision.

16       21.    Inferences and presumptions of materiality and reliance are available to obtain

17   class-wide determinations of those elements within the Class claims, as are accepted

18   methodologies for class-wide proof of damages; alternatively, upon adjudication of Defendant's

19   common liability, the Court can efficiently determine the claims of the individual Class

20   members.

21       22.    This action presents no difficulty that would impede the Court's management of it

22   as a class action, and a class action is the best (if not the only) available means by which

23   members of the Class can seek legal redress for the harm caused them by Defendant.

24       23.    In the absence of a class action, Defendant would be unjustly enriched because it

25   would be able to retain the benefits and fruits of its wrongful conduct.

26       24.    The Claims in this case are also properly certifiable under applicable law.

CLASS ACTION COMPLAINT - 4
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 168795 V1

1

### V.    STATEMENT OF FACTS

2      25.    Plaintiff Palmer was the owner of a female cat named Sky.

3      26.    Ms. Palmer purchased Special Kitty cat food at Wal-Mart for Sky to consume.

4      27.    Sky ate the Special Kitty brand cat food before her death.

5      28.    The cat became extremely ill after eating the Special Kitty food. Ms. Palmer took

6  Sky to a veterinarian, who informed her that Sky had suffered kidney failure, also known as

7  acute renal failure. Sky had to be euthanized due to complete renal failure.

8      29.    In March 2007, Menu Foods recalled 50 brands of cuts and gravy wet-style dog

9  food and 40 brands of cuts and gravy wet-style cat food that had caused dogs and pets to become

10 ill. One common symptom in the sick animals was kidney failure.

11     30.    The Special Kitty food Sky consumed before her death is one of the brands that

12 Menu Foods recalled.

13     31.    As a result of Defendant's acts and omissions Plaintiff and other Class members

14 have suffered economic damage.

15

### VI.    BREACH OF CONTRACT

16     32.    Plaintiff realleges all prior allegations as though fully stated herein.

17     33.    Plaintiff and Class members purchased pet food produced by the Defendant based

18 on the understanding that the food was safe for their pets to consume.

19     34.    The pet food produced by the Defendant was not safe for pets to consume and

20 caused dogs and cats to become ill. The unsafe nature of the pet food constituted a breach of

21 contract.

22     35.    As a result of the breach Plaintiff and Class members suffered damages that may

23 fairly and reasonably be considered as arising naturally from the breach or may reasonably be

24 supposed to have been in the contemplation of the parties, at the time they made the contract, as

25 the probable result of the breach of it.

26

CLASS ACTION COMPLAINT - 5
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 168795 V1

1

### VII.    UNJUST ENRICHMENT

2    36.    Plaintiff realleges all prior allegations as though fully stated herein.

3    37.    Defendant was and continues to be unjustly enriched at the expense of Plaintiff

4    and other Class members.

5    38.    Defendant should be required to disgorge this unjust enrichment.

6    ### VIII.    UNLAWFUL, DECEPTIVE AND UNFAIR BUSINESS PRACTICES

7    39.    Plaintiff realleges all prior allegations as though fully stated herein.

8    40.    Defendant's sale of tainted pet food constitutes an unlawful, deceptive and unfair

9    business act within the meaning of the Washington Consumer Protection Act, RCW 19.86 *et*

10   *seq.*, and similar statutory enactments of other states (including consumer protection and

11   consumer sales practice acts).

12   41.    Defendant's sale of hazardous pet food has the capacity to deceive a substantial

13   portion of the public and to affect the public interest.

14   42.    As a result of Defendant's unfair or deceptive acts or practices, Plaintiff and other

15   Class members suffered injuries in an amount to be proven at trial.

16   ### IX.    BREACH OF WARRANTIES

17   43.    Plaintiff realleges all prior allegations as though fully stated herein.

18   44.    Cat food and dog food produced by Menu Foods are "goods" within the meaning

19   of Uniform Commercial Code Article 2.

20   45.    Defendant's conduct as described herein constitutes breach of an implied or

21   express warranty of affirmation.

22   46.    Defendant's conduct as described herein constitutes breach of an implied

23   warranty of merchantability.

24   47.    Defendant's conduct as described herein constitutes breach of an implied

25   warranty of fitness for a particular purpose.

26

CLASS ACTION COMPLAINT - 6
Case No.

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11  168795 V1

48.     As a proximate result of the aforementioned wrongful conduct and breach,

Plaintiff and other Class members have suffered damages in an amount to be proven at trial.

Defendant had actual or constructive notice of such damages.

## X.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Class members request that the Court enter an order of

judgment against Defendant including the following:

Certification of the action as a class action under Rule 23(b)(1) - (3) of the Federal Rules

of Civil Procedure with respect to the claims for damages, and appointment of Plaintiff as Class

Representative and her counsel of record as Class Counsel;

Actual damages (including all general, special, incidental, and consequential damages),

statutory damages (including treble damages), punitive damages (as allowed by the law(s) of the

states having a legally sufficient connection with Defendant and its acts or omissions) and such

other relief as provided by the statutes cited herein;

Prejudgment and post-judgment interest on such monetary relief;

Equitable relief in the form of restitution and/or disgorgement of all unlawful or illegal

profits received by Defendant as a result of the unfair, unlawful and/or deceptive conduct alleged

herein;

Other appropriate injunctive relief;

The costs of bringing this suit, including reasonable attorneys' fees; and

Such other relief as this Court may deem just, equitable and proper.

DATED this 1st day of May, 2007

CLASS ACTION COMPLAINT - 7
Case No.

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11  168795 V1

1

2

HAGENS BERMAN SOBOL SHAPIRO LLP

3

By:

Steve W. Berman, WSBA #12536

4

1301 Fifth Avenue, Suite 2900

Seattle, Washington  98101

5

Telephone: (206) 623-7292

Facsimile: (206) 623-0594

6

E-mail:  steve@hbsslaw.com

7

8

MYERS & COMPANY, P.L.L.C.

Michael David Myers

9

1809 Seventh Avenue, Suite 700

Seattle, Washington  98101

10

Telephone:  (206) 398-1188

Facsimile:  (206) 400-1112

11

E-mail:  mmyers@myers-company.com

12

*Attorneys for Plaintiffs*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CLASS ACTION COMPLAINT  - 8
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11  168795 V1

# EXHIBIT O



FILED _____ ENTERED
_____ LODGED _____ RECEIVED

MAY 0 1 2007     LR

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JASON LABBATE, individually and on behalf
of all others similarly situated,

                             Plaintiff,

    v.

MENU FOODS, a foreign corporation,

                             Defendant.

No. **C 07-0669** MJB

CLASS ACTION COMPLAINT

Plaintiff Jason Labbate ("Plaintiff"), by and through his undersigned attorneys, brings this civil action for damages on behalf of himself and all others similarly situated against the above-named Defendant and complain and allege as follows:

## I.    NATURE OF ACTION

1.    Plaintiff brings this action as a Class Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who purchased any dog or cat food that was produced by defendant Menu Foods and/or has had a dog or cat become ill or die as a result of eating the food.

2.    The Defendant is a producer of, *inter alia*, dog and cat food. Menu Foods produces dog and cat food sold under familiar brand names such as Iams, Eukanuba and Science Diet. Menu Foods distributes its dog and cat food throughout the United States to retailers such as Wal-Mart, Kroger and Safeway.

CLASS ACTION COMPLAINT - 1
Case No.

HB
HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 168686 V1



1    3.    Dog and cat food that the Defendant produced caused an unknown number of

2    dogs and cats to become ill, and many of them to die.

3    4.    To date, Menu Foods has recalled 50 brands of dog food and 40 brands of cat

4    food that have sickened and killed dogs and cats.  All recalled food to date is of the "cuts and

5    gravy wet" style.

6    5.    As a result of the Defendant's actions, Plaintiff and other Class members have

7    suffered economic damage.

8                              **II.    PARTIES**

9    6.    Plaintiff Labbate has at all material times been a resident of Lindenhurst, New

10   York. Mr. Labbate had a pet that became sick and died after eating Defendant's pet food.

11   7.    Defendant Menu Foods is, upon information and belief, a corporation organized

12   under the laws of Canada that transacts business in Washington State.

13                   **III.    JURISDICTION AND VENUE**

14   8.    Subject-matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because the

15   Plaintiffs and Defendant are citizens of different states and the amount in controversy exceeds

16   $75,000.00.  This Court has supplemental jurisdiction over the state-law claims under 28 U.S.C.

17   § 1367.

18   9.    Venue is proper in this judicial district under 28 U.S.C. § 1391(a) because the

19   Defendant systematically and continuously sold its product within this district and Defendant

20   transacts business within this district.

21                   **IV.    CLASS ACTION ALLEGATION**

22   10.    Plaintiffs bring this suit as a class action under Rules 23(a), (b)(1), (b)(2) and

23   (b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and a Plaintiff Class (the

24   "Class") composed of all persons who purchased any dog or cat food that was produced by the

25   Defendant and/or has had a dog or cat become ill or die as a result of eating the food.  Plaintiff

26   reserves the right to modify this class definition before moving for class certification.

CLASS ACTION COMPLAINT - 2
Case No.

**HB**

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 168686 V1

11.     The Class is ascertainable and there is a well-defined community of interest among the members of the Class.

12.     Membership in the Class is so numerous as to make it impractical to bring all Class members before the Court.  The identity and exact number of Class members is unknown but is estimated to be at least in the hundreds, if not thousands considering the fact that Menu Foods has identified 50 dog foods and 40 cat foods that may be causing harm to pets.

13.     Plaintiff's claims are typical of those of other Class members, all of whom have suffered harm due to Defendant's uniform course of conduct.

14.     Plaintiff is a member of the Class.

15.     There are numerous and substantial questions of law and fact common to all of the members of the Class that control this litigation and predominate over any questions affecting only individual members of the Class.  The common issues include, but are not limited to, the following:

(a)     Was the Defendant's dog and cat food materially defective, and unfit for use as dog or cat food?

(b)     Whether Defendant breached any contract, implied contract or warranties related to the sale of the dog and cat food?

(c)     Did the Defendant's dog and cat food cause Plaintiff's and other Class members' pets to become ill?

(d)     Were Plaintiff and other Class members damaged, and, if so, what is the proper measure thereof?

(e)     The appropriate form of injunctive, declaratory and other relief.

16.     The prosecution of separate actions by members of the Class would create a risk of establishing incompatible standards of conduct for the Defendant – for example, one court might decide that the Defendant is obligated under the law to pay damages to Class members,



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1   and another might decide that the Defendant is not so obligated. Individual actions may, as a

2   practical matter, be dispositive of the interests of the Class.

3        17.    Plaintiff will fairly and adequately protect the interests of the Class in that he has

4   no interests that are antagonistic to other members of the Class and has retained counsel

5   competent in the prosecution of class actions to represent himself and the Class.

6        18.    A class action is superior to other available methods for the fair and efficient

7   adjudication of this controversy. Given (i) the substantive complexity of this litigation; (ii) the

8   size of individual Class members' claims; and (iii) the limited resources of the Class members,

9   few, if any, Class members could afford to seek legal redress individually for the wrongs

10   Defendant has committed against them.

11        19.    Without a class action, the Class will continue to suffer damage, Defendant's

12   violations of the law or laws will continue without remedy, and Defendant will continue to enjoy

13   the fruits and proceeds of its unlawful misconduct.

14        20.    This action will foster an orderly and expeditious administration of Class claims,

15   economies of time, effort and expense, and uniformity of decision.

16        21.    Inferences and presumptions of materiality and reliance are available to obtain

17   class-wide determinations of those elements within the Class claims, as are accepted

18   methodologies for class-wide proof of damages; alternatively, upon adjudication of Defendant's

19   common liability, the Court can efficiently determine the claims of the individual Class

20   members.

21        22.    This action presents no difficulty that would impede the Court's management of it

22   as a class action, and a class action is the best (if not the only) available means by which

23   members of the Class can seek legal redress for the harm caused them by Defendant.

24        23.    In the absence of a class action, Defendant would be unjustly enriched because it

25   would be able to retain the benefits and fruits of its wrongful conduct.

26        24.    The Claims in this case are also properly certifiable under applicable law.

CLASS ACTION COMPLAINT - 4
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 168686 VI

## V.  STATEMENT OF FACTS

25.    Plaintiff Jason Labbate was the owner of a female Italian Greyhound, named Sophie.

26.    Mr. Labbate purchased Mighty Dog pouches at King Kullen for Sophie to consume.

27.    Sophie ate the Mighty Dog brand dog food before her death.

28.    The dog became extremely ill after eating the Mighty Dog food.  Mr. Labbate took Sophie to a veterinarian, who informed him that she had suffered kidney failure, also known as acute renal failure.  Sophie died a very distressing death, even with the intervention of a veterinarian.

29.    In March 2007, Menu Foods recalled 50 brands of cuts and gravy wet-style dog food and 40 brands of cuts and gravy wet-style cat food that had caused dogs and pets to become ill.  One common symptom in the sick animals was kidney failure.

30.    The Mighty Dog food Sophie consumed before her death is one of the brands that Menu Foods recalled.

31.    As a result of Defendant's acts and omissions Plaintiff and other Class members have suffered economic damage.

## VI.  BREACH OF CONTRACT

32.    Plaintiff realleges all prior allegations as though fully stated herein.

33.    Plaintiff and Class members purchased pet food produced by the Defendant based on the understanding that the food was safe for their pets to consume.

34.    The pet food produced by the Defendant was not safe for pets to consume and caused dogs and cats to become ill.  The unsafe nature of the pet food constituted a breach of contract.

35.    As a result of the breach Plaintiff and Class members suffered damages that may fairly and reasonably be considered as arising naturally from the breach or may reasonably be

CLASS ACTION COMPLAINT - 5
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 168686 V1

1  supposed to have been in the contemplation of the parties, at the time they made the contract, as

2  the probable result of the breach of it.

### VII.  UNJUST ENRICHMENT

4      36.    Plaintiff realleges all prior allegations as though fully stated herein.

5      37.    Defendant was and continues to be unjustly enriched at the expense of Plaintiff

6  and other Class members.

7      38.    Defendant should be required to disgorge this unjust enrichment.

### VIII.  UNLAWFUL, DECEPTIVE AND UNFAIR BUSINESS PRACTICES

9      39.    Plaintiff realleges all prior allegations as though fully stated herein.

10     40.    Defendant's sale of tainted pet food constitutes an unlawful, deceptive and unfair

11 business act within the meaning of the Washington Consumer Protection Act, RCW 19.86 *et*

12 *seq.*, and similar statutory enactments of other states (including consumer protection and

13 consumer sales practice acts).

14     41.    Defendant's sale of hazardous pet food has the capacity to deceive a substantial

15 portion of the public and to affect the public interest.

16     42.    As a result of Defendant's unfair or deceptive acts or practices, Plaintiff and other

17 Class members suffered injuries in an amount to be proven at trial.

### IX.  BREACH OF WARRANTIES

19     43.    Plaintiff realleges all prior allegations as though fully stated herein.

20     44.    Cat food and dog food produced by Menu Foods are "goods" within the meaning

21 of Uniform Commercial Code Article 2.

22     45.    Defendant's conduct as described herein constitutes breach of an implied or

23 express warranty of affirmation.

24     46.    Defendant's conduct as described herein constitutes breach of an implied

25 warranty of merchantability.

26

CLASS ACTION COMPLAINT - 6
Case No.

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1      47.  Defendant's conduct as described herein constitutes breach of an implied

2   warranty of fitness for a particular purpose.

3      48.  As a proximate result of the aforementioned wrongful conduct and breach,

4   Plaintiff and other Class members have suffered damages in an amount to be proven at trial.

5   Defendant had actual or constructive notice of such damages.

## X.     PRAYER FOR RELIEF

7      WHEREFORE, Plaintiff and Class members request that the Court enter an order of

8   judgment against Defendant including the following:

9      Certification of the action as a class action under Rule 23(b)(1) - (3) of the Federal Rules

10   of Civil Procedure with respect to the claims for damages, and appointment of Plaintiff as Class

11   Representative and his counsel of record as Class Counsel;

12      Actual damages (including all general, special, incidental, and consequential damages),

13   statutory damages (including treble damages), punitive damages (as allowed by the law(s) of the

14   states having a legally sufficient connection with Defendant and its acts or omissions) and such

15   other relief as provided by the statutes cited herein;

16      Prejudgment and post-judgment interest on such monetary relief;

17      Equitable relief in the form of restitution and/or disgorgement of all unlawful or illegal

18   profits received by Defendant as a result of the unfair, unlawful and/or deceptive conduct alleged

19   herein;

20      Other appropriate injunctive relief;

21      The costs of bringing this suit, including reasonable attorneys' fees; and

22      Such other relief as this Court may deem just, equitable and proper.

23      DATED this 1st day of May, 2007.

24

25

26

CLASS ACTION COMPLAINT  - 7
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 168686 V1

HAGENS BERMAN SOBOL SHAPIRO LLP


By: _____
Steve W. Berman, WSBA #12536
1301 Fifth Avenue, Suite 2900
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
E-mail: steve@hbsslaw.com


MYERS & COMPANY, P.L.L.C.
Michael David Myers
1809 Seventh Avenue, Suite 700
Seattle, Washington 98101
Telephone: (206) 398-1188
Facsimile: (206) 400-1112
E-mail: mmyers@myers-company.com

*Attorneys for Plaintiffs*

CLASS ACTION COMPLAINT - 8
Case No.

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, SUITE 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 168686 V1

# EXHIBIT P

1

2

3

4

5

6

——— FILED          ——— ENTERED
——— LODGED        ——— RECEIVED

MAY 0 1 2007

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

7    UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON
        AT SEATTLE

8

9    MEGAN WHITT, individually and on behalf of
     all others similarly situated,



No. **CV 07 - 0670** RSM

10                              Plaintiff,

11                                              CLASS ACTION COMPLAINT

12        v.

13    MENU FOODS, a foreign corporation,

                                Defendant.

14

15        Plaintiff Megan Whitt ("Plaintiff"), by and through her undersigned attorneys, brings this

16   civil action for damages on behalf of herself and all others similarly situated against the above-

17   named Defendant and complain and allege as follows:

18                        **I.    NATURE OF ACTION**

19        1.    Plaintiff brings this action as a Class Action under Rule 23 of the Federal Rules of

20   Civil Procedure on behalf of all persons who purchased any dog or cat food that was produced

21   by defendant Menu Foods and/or has had a dog or cat become ill or die as a result of eating the

22   food.

23        2.    The Defendant is a producer of, *inter alia*, dog and cat food.  Menu Foods

24   produces dog and cat food sold under familiar brand names such as Iams, Eukanuba and Science

25   Diet.  Menu Foods distributes its dog and cat food throughout the United States to retailers such

26   as Wal-Mart, Kroger and Safeway.

CLASS ACTION COMPLAINT  - 1
Case No.

HB
HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

COPY

001958-11 168757 V1

3.    Dog and cat food that the Defendant produced caused an unknown number of dogs and cats to become ill, and many of them to die.

4.    To date, Menu Foods has recalled 50 brands of dog food and 40 brands of cat food that have sickened and killed dogs and cats. All recalled food to date is of the "cuts and gravy wet" style.

5.    As a result of the Defendant's actions, Plaintiff and other Class members have suffered economic damage.

## II.    PARTIES

6.    Plaintiff Whitt has at all material times been a resident of Dover, Delaware. Ms. Whitt had a pet that became sick and died after eating Defendant's pet food.

7.    Defendant Menu Foods is, upon information and belief, a corporation organized under the laws of Canada that transacts business in Washington State.

## III.    JURISDICTION AND VENUE

8.    Subject-matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because the Plaintiffs and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00. This Court has supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367.

9.    Venue is proper in this judicial district under 28 U.S.C. § 1391(a) because the Defendant systematically and continuously sold its product within this district and Defendant transacts business within this district.

## IV.    CLASS ACTION ALLEGATION

10.    Plaintiffs bring this suit as a class action under Rules 23(a), (b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and a Plaintiff Class (the "Class") composed of all persons who purchased any dog or cat food that was produced by the Defendant and/or has had a dog or cat become ill or die as a result of eating the food. Plaintiff reserves the right to modify this class definition before moving for class certification.

CLASS ACTION COMPLAINT - 2
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11  168757 V1

1        11.     The Class is ascertainable and there is a well-defined community of interest

2   among the members of the Class.

3        12.     Membership in the Class is so numerous as to make it impractical to bring all

4   Class members before the Court. The identity and exact number of Class members is unknown

5   but is estimated to be at least in the hundreds, if not thousands considering the fact that Menu

6   Foods has identified 50 dog foods and 40 cat foods that may be causing harm to pets.

7        13.     Plaintiff's claims are typical of those of other Class members, all of whom have

8   suffered harm due to Defendant's uniform course of conduct.

9        14.     Plaintiff is a member of the Class.

10       15.     There are numerous and substantial questions of law and fact common to all of

11  the members of the Class that control this litigation and predominate over any questions affecting

12  only individual members of the Class. The common issues include, but are not limited to, the

13  following:

14       (a)     Was the Defendant's dog and cat food materially defective, and unfit for

15  use as dog or cat food?

16       (b)     Whether Defendant breached any contract, implied contract or warranties

17  related to the sale of the dog and cat food?

18       (c)     Did the Defendant's dog and cat food cause Plaintiff's and other Class

19  members' pets to become ill?

20       (d)     Were Plaintiff and other Class members damaged, and, if so, what is the

21  proper measure thereof?

22       (e)     The appropriate form of injunctive, declaratory and other relief.

23       16.     The prosecution of separate actions by members of the Class would create a risk

24  of establishing incompatible standards of conduct for the Defendant – for example, one court

25  might decide that the Defendant is obligated under the law to pay damages to Class members,

26



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 168757 V1

1    and another might decide that the Defendant is not so obligated.  Individual actions may, as a

2    practical matter, be dispositive of the interests of the Class.

3        17.    Plaintiff will fairly and adequately protect the interests of the Class in that she has

4    no interests that are antagonistic to other members of the Class and has retained counsel

5    competent in the prosecution of class actions to represent herself and the Class.

6        18.    A class action is superior to other available methods for the fair and efficient

7    adjudication of this controversy.  Given (i) the substantive complexity of this litigation; (ii) the

8    size of individual Class members' claims; and (iii) the limited resources of the Class members,

9    few, if any, Class members could afford to seek legal redress individually for the wrongs

10    Defendant has committed against them.

11        19.    Without a class action, the Class will continue to suffer damage, Defendant's

12    violations of the law or laws will continue without remedy, and Defendant will continue to enjoy

13    the fruits and proceeds of its unlawful misconduct.

14        20.    This action will foster an orderly and expeditious administration of Class claims,

15    economies of time, effort and expense, and uniformity of decision.

16        21.    Inferences and presumptions of materiality and reliance are available to obtain

17    class-wide determinations of those elements within the Class claims, as are accepted

18    methodologies for class-wide proof of damages; alternatively, upon adjudication of Defendant's

19    common liability, the Court can efficiently determine the claims of the individual Class

20    members.

21        22.    This action presents no difficulty that would impede the Court's management of it

22    as a class action, and a class action is the best (if not the only) available means by which

23    members of the Class can seek legal redress for the harm caused them by Defendant.

24        23.    In the absence of a class action, Defendant would be unjustly enriched because it

25    would be able to retain the benefits and fruits of its wrongful conduct.

26        24.    The Claims in this case are also properly certifiable under applicable law.

CLASS ACTION COMPLAINT - 4
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 168757 V1

1

## V.    STATEMENT OF FACTS

2    25.    Plaintiff Megan Whitt was the owner of a female dog named Missy.

3    26.    Ms. Whitt purchased Old Roy canned dog food at Wal-Mart for Missy to

4    consume.

5    27.    Missy ate the Old Roy brand dog food before her death.

6    28.    The dog became extremely ill after eating the Old Roy food. Ms. Whitt took

7    Missy to a veterinarian, who informed her that Missy had suffered kidney failure, also known as

8    acute renal failure. Missy was euthanized as a result of kidney failure.

9    29.    In March 2007, Menu Foods recalled 50 brands of cuts and gravy wet-style dog

10   food and 40 brands of cuts and gravy wet-style cat food that had caused dogs and pets to become

11   ill. One common symptom in the sick animals was kidney failure.

12   30.    The Old Roy food Missy consumed before her death is one of the brands that

13   Menu Foods recalled.

14   31.    As a result of Defendant's acts and omissions Plaintiff and other Class members

15   have suffered economic damage.

16   ## VI.    BREACH OF CONTRACT

17   32.    Plaintiff realleges all prior allegations as though fully stated herein.

18   33.    Plaintiff and Class members purchased pet food produced by the Defendant based

19   on the understanding that the food was safe for their pets to consume.

20   34.    The pet food produced by the Defendant was not safe for pets to consume and

21   caused dogs and cats to become ill. The unsafe nature of the pet food constituted a breach of

22   contract.

23   35.    As a result of the breach Plaintiff and Class members suffered damages that may

24   fairly and reasonably be considered as arising naturally from the breach or may reasonably be

25   supposed to have been in the contemplation of the parties, at the time they made the contract, as

26   the probable result of the breach of it.

CLASS ACTION COMPLAINT  - 5
Case No.

HB

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 168757 V1

## VII.    UNJUST ENRICHMENT

36.    Plaintiff realleges all prior allegations as though fully stated herein.

37.    Defendant was and continues to be unjustly enriched at the expense of Plaintiff and other Class members.

38.    Defendant should be required to disgorge this unjust enrichment.

## VIII.    UNLAWFUL, DECEPTIVE AND UNFAIR BUSINESS PRACTICES

39.    Plaintiff realleges all prior allegations as though fully stated herein.

40.    Defendant's sale of tainted pet food constitutes an unlawful, deceptive and unfair business act within the meaning of the Washington Consumer Protection Act, RCW 19.86 *et seq.*, and similar statutory enactments of other states (including consumer protection and consumer sales practice acts).

41.    Defendant's sale of hazardous pet food has the capacity to deceive a substantial portion of the public and to affect the public interest.

42.    As a result of Defendant's unfair or deceptive acts or practices, Plaintiff and other Class members suffered injuries in an amount to be proven at trial.

## IX.    BREACH OF WARRANTIES

43.    Plaintiff realleges all prior allegations as though fully stated herein.

44.    Cat food and dog food produced by Menu Foods are "goods" within the meaning of Uniform Commercial Code Article 2.

45.    Defendant's conduct as described herein constitutes breach of an implied or express warranty of affirmation.

46.    Defendant's conduct as described herein constitutes breach of an implied warranty of merchantability.

47.    Defendant's conduct as described herein constitutes breach of an implied warranty of fitness for a particular purpose.

CLASS ACTION COMPLAINT  - 6
Case No.

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 168757 V1

48.    As a proximate result of the aforementioned wrongful conduct and breach, Plaintiff and other Class members have suffered damages in an amount to be proven at trial. Defendant had actual or constructive notice of such damages.

## X.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Class members request that the Court enter an order of judgment against Defendant including the following:

Certification of the action as a class action under Rule 23(b)(1) - (3) of the Federal Rules of Civil Procedure with respect to the claims for damages, and appointment of Plaintiff as Class Representative and her counsel of record as Class Counsel;

Actual damages (including all general, special, incidental, and consequential damages), statutory damages (including treble damages), punitive damages (as allowed by the law(s) of the states having a legally sufficient connection with Defendant and its acts or omissions) and such other relief as provided by the statutes cited herein;

Prejudgment and post-judgment interest on such monetary relief;

Equitable relief in the form of restitution and/or disgorgement of all unlawful or illegal profits received by Defendant as a result of the unfair, unlawful and/or deceptive conduct alleged herein;

Other appropriate injunctive relief;

The costs of bringing this suit, including reasonable attorneys' fees; and

Such other relief as this Court may deem just, equitable and proper.

DATED this 1st day of May, 2007.

CLASS ACTION COMPLAINT - 7
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 168757 V1

HAGENS BERMAN SOBOL SHAPIRO LLP


By:_____
Steve W. Berman, WSBA #12536
1301 Fifth Avenue, Suite 2900
Seattle, Washington  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
E-mail:  steve@hbsslaw.com


MYERS & COMPANY, P.L.L.C.
Michael David Myers
1809 Seventh Avenue, Suite 700
Seattle, Washington  98101
Telephone:  (206) 398-1188
Facsimile:  (206) 400-1112
E-mail:  mmyers@myers-company.com

*Attorneys for Plaintiffs*

CLASS ACTION COMPLAINT  - 8
Case No.

001958-11  168757 V1